IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

**MDL DOCKET NO: 5:20-MD-2947-KDB-DSC**

| | |
|---|---|
| IN RE: LOWES'S COMPANIES, INC., | ) |
| FAIR LABOR STANDARDS | ) |
| ACT (FLSA) AND | ) |
| WAGE AND HOUR LITIGATION | ) |
| | ) |

**PRACTICE AND PROCEDURE ORDER UPON TRANSFER PURSUANT TO 28 U.S.C. § 1407(a) AND ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE**

**IT IS HEREBY ORDERED[1] THAT:**

This order shall govern the practice and procedure in those actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to its order of August 5, 2020, as well as all related actions originally filed in this Court or transferred or removed to this Court. This order shall also govern the practice and procedure in any tag-along actions transferred to this Court subsequent to the filing of the final transfer order by the Clerk of this Court and any related actions subsequently filed in this Court or otherwise transferred or removed to this Court.

1. **Pretrial Consolidation and Initial Orders.** The cases described in the introductory paragraph of this order, and identified within the Clerk's Notice, are consolidated for pretrial purposes. This order does not constitute a determination that these actions should be consolidated for trial, nor does it have the effect of making any entity a party to an action in which it has not been joined and served in accordance with the applicable rules.

    a. **Filings.** Any pleading that is to be filed in any of these actions shall be filed with the Clerk of this Court and not with the transferor district court. All pleadings should be filed electronically via this Court's CM/ECF System, in accordance with the local rules. All pleadings' captions shall reference the Master MDL Docket No.: 5:20-MD-2947-KDB-DSC. The pleadings' captions shall reference the Master MDL Docket No., along with all applicable member docket numbers or a reference to "All Member Cases."

---

[1] Following the preparation of this Order, but before its entry, Defendant filed a "notice" of the MDL transfer (of which the Court was of course already aware). Doc. No. 200. Because this Order is entered without regard to the contents of that notice, the Court will proceed without awaiting a response by Plaintiffs, which it would otherwise consider before taking further action.

1

b. **Master Docket and File**. All papers filed in these actions shall bear the identification "MDL Docket No. 5:20-MD-2947-KDB-DSC" along with the member docket for that case.

c. **Individual Member Case Filings.** The Clerk of Court shall also open a separate civil action number for each member case filed in or transferred to this Court.

d. **Joint Submissions.** Any pleading filed in any of these actions which is substantially identical to any other pleading filed in another of these actions shall be sufficient if it incorporates by reference the pleading to which is substantially identical. Where counsel for more than one party plan to file substantially identically pleadings they shall join in the submission of such pleadings and shall file one pleading on behalf of all so joined.

e. **Attorney Appearances.** Counsel who appeared in the transferor district court prior to the transfer need not enter a separate appearance before this Court. Upon receiving notification of the transfer, counsel will have two (2) weeks within which to register for ECF in order to receive notices of electronic filing through the Court's ECF system. Counsel may electronically register for ECF on the Court's website at www.ncwd.uscourts.gov. If counsel fails to register, the clerk's office will remove their name from the Master MDL Docket.

f. **Association of Local Counsel.** No parties to any of these actions shall be required to obtain local counsel in this district and the requirements of the Local Rules for the Western District of North Carolina for admission to this Court are waived as to any attorney appearing in these actions who is duly admitted to practice before any United States Court.

g. **Service Prior to Initial MDL Case Management Conference.** Prior to the initial MDL Case Management Conference, service of all pleadings shall be made on each of the attorneys listed on the Master MDL Docket No: 5:20-MD-2947-KDB-DSC. Service shall be deemed sufficient if made upon all attorneys on the Master MDL Docket.

h. **Hearings.** Hearings shall not be held on any motions filed except by order of the Court upon such notice as the Court may direct.

i. **Orders.** Any orders including protective orders previously entered by this Court or any transferor district court shall remain in full force and effect unless modified by this Court. However, all orders by transferor courts imposing dates for pleading or discovery are vacated.

j. **Discovery.** With the exception of compliance with Fed. R. Civ. P. 26(f), all discovery proceedings in these actions are stayed until further order of this Court and the time requirements to perform any acts or for filing any papers pursuant to Rules 26 through 37, Federal Rules of Civil Procedure, are tolled until the initial MDL Case Management

Conference, at which time a discovery schedule will be established. This order does not (1) preclude voluntary informal discovery regarding the identification and location of relevant documents and witnesses; (2) preclude parties from stipulating to the conduct of a deposition that has already been scheduled; (3) prevent a party from voluntarily making disclosures or responding to an outstanding discovery request under Federal Rule of Civil Procedure 33, 34, or 36; or (4) authorize a party to suspend its efforts in gathering information needed to respond to a request under Rule 33, 34 or 36.

- k. **Preservation of Documents.** In accordance with Federal Rule of Civil Procedure 37 and applicable law related generally to preservation of records whether electronically stored or traditionally stored in paper, all parties shall take reasonable steps to preserve documents and other records containing information potentially relevant to the subject matter of this litigation.

- l. **Contact Information.** Counsels' primary contacts in the Clerk's Office will be Nancy Compton, Courtroom Deputy, and Tammy Gryder, Divisional Operations Supervisor. The phone number for the Clerk's Office is (704) 883-1000 and Mrs. Compton can be reached at (704) 883-1004 or via email at Nancy_Compton@ncwd.uscourts.gov and Mrs. Gryder can be reached at (704) 883-1023 or via email at Tammy_Gryder@ncwd.uscourts.gov. Contacts for counsel within Judge Bell's chambers will be Irving Brenner (primary contact) and Hannah Wallace, Judicial Law Clerks. The phone number to Judge Bell's chambers is (704) 350-7440, Mr. Brenner can be reached at (704) 350-7443 or via email at Irving_Brenner@ncwd.uscourts.gov and Ms. Wallace is at (704) 350-7444 or via email at Hannah_Wallace@ncwd.uscourts.gov.

- m. **Referrals to Magistrate Judge / Special Masters.** United States Magistrate Judge David S. Cayer has been assigned to this action. The Court will refer issues to Judge Cayer as it deems appropriate.

2. **Organization of Plaintiffs' Counsel.** Prior to the initial MDL Case Management Conference, Plaintiffs' counsel shall determine if they intend to request that the Court appoint liaison counsel (notwithstanding that all counsel will receive notice of all filings through ECF). If so, then Plaintiff shall confer with Defendant regarding such appointment and include the position of the parties in the proposed Case Management Order to be summitted in advance of the conference.

3. **Initial MDL Case Management Conference.** The Court will hold an initial MDL Case Management Conference ("CMC") to discuss how best to conduct and schedule the proceedings in this MDL on **August 27, 2020 at 10:00 a.m. at the United States District Court, 200 W Broad St, Statesville, NC** 28677. At least one week prior to the CMC, counsel for the parties shall confer and furnish suggestions for items to be included on the agenda for this conference. Suggestions should be submitted by email to the Court's law clerk Irving Brenner at the address listed above.

3

a. **Initial Attorney's Conference ("IAC") & Certification.** Counsel are referred to Rule 26(f) on the Federal Rules of Civil Procedure, as well as Local Rule 16.1(A). (An IAC form may be found on the district's website.) The IAC Certification Form and a Proposed Case Management Order shall be submitted no later than seven days (7) prior to the CMC.

b. **Agenda.** The parties shall be prepared to discuss the subjects identified within Rule 16(c) of the Federal Rules of Civil Procedure at the CMC.

c. **Appointment of Liaison Counsel.** Following the CMC, and contemporaneously with issuance of the Pretrial Case Management Order, the Court may appoint liaison counsel.

d. **Statement of Facts and Disputed Issues**. The Court directs that the parties submit along with their proposed Case Management Order, a joint and concise written report summarizing the relevant facts and identifying likely disputed issues with respect to discovery, arguably dispositive legal issues or any other matter that will need to be decided by the Court. This report should not be used to argue either party's case or to present all possible legal theories. Rather, this statement is intended only to be an early guide to the Court of potential issues and will not be binding on the parties, will not waive their claims or defenses and may not be offered into evidence against any party in later proceedings.

e. **Discovery to Date, Pending Motions, Potential Tag-Along Cases and Related State Court Actions.** Along with their proposed Case Management Order, counsel are directed to provide the Court with an overview of the status of proceedings and discovery to date in the consolidated actions, a list of pending motions in the consolidated cases, a list of "tag-along actions" that may be transferred to this Court and the identity and status of any of any pending state court actions related to the issues presented in this MDL.

f. **Settlement Efforts.** Prior to the CMC, the Parties shall also consider the prospects for settlement of this matter and be prepared to report their efforts to date towards settlement at the CMC. The parties are further directed to make every effort to agree upon a mediator prior to the conference. If the parties cannot agree on a mediator, a list of proposed mediators not to exceed five (5) proposed mediators, shall be provided to the Court.

4. **Local Rules and Manual for Complex Litigation.** Counsel are directed to familiarize themselves with this Court's Local Rules and with the current edition of the Manual for Complex Litigation, which is hereby adopted by the Court for general guidance. The provisions of this Order supersede any inconsistent provisions of the Court's Local Rules.

5. **Tag-Along Actions.** Upon entry of a Transfer Order by the Judicial Panel on Multidistrict Litigation identifying additional cases to be transferred to this district for consolidated pretrial proceedings, the Clerk of Court is directed to forward a copy of this Practice and

Procedure Order to counsel of record in those cases as well. In the event of transfer, which is effective only after a final transfer order is filed in this district, counsel in these cases should be prepared to participate in the IAC process and initial Case Management Conference.

**IT IS SO ORDERED.**

**THE CLERK OF COURT IS DIRECTED TO SEND A COPY OF THIS ORDER TO:**

1. ALL COUNSEL IDENTIFIED ON THE MASTER MDL DOCKET NO: 5:20-MD-2947-KDB-DSC;

2. THE CLERK OF THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION; and

3. COUNSEL OF RECORD FOR IDENTIFIED POTENTIAL TAG-ALONG ACTIONS.

Signed: August 11, 2020

Kenneth D. Bell
United States District Judge