# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# MDL DOCKET NO. 5:20-MD-2947-KDB-DSC

| | |
|---|---|
| IN RE: LOWE'S COMPANIES INC. FAIR LABOR STANDARDS ACT (FLSA) AND WAGE AND HOUR LITIGATION | ) ) ) ) ) ) ) ) ) ) ) |
| THIS DOCUMENT APPLIES TO ALL MEMBER CASES | PROTECTIVE ORDER |

## I.  PREAMBLE

Discovery in MDL No. 2947 (Case No. 5:20-MD-2947-KDB-DSC) is likely to involve the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than this litigation may be warranted. Accordingly, Lowe's Companies, Inc. and Lowe's Home Centers, LLC (collectively, "Lowe's" or "Defendants") and Plaintiffs (together, the "Parties") hereby submit and petition the Court to enter the following [Proposed] Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section XI.D, below, that this Protective Order does not entitle them to file confidential information under seal; Local Rule 6.1 and applicable law set forth the procedures that must be followed and the standards that will be applied when a party seeks

permission from the Court to file material under seal.

## II. DEFINITIONS

For purposes of this Order, the following definitions apply:

A. <u>Case</u> means MDL 2947, including each of its member cases.

B. <u>Challenging Party</u> means a Party or Non-Party that challenges the designation of information or items under this Order.

C. <u>Confidential Information or Items</u> means information (regardless of how it is generated, stored or maintained) or tangible things that the Producing Party reasonably and in good faith believes contains information that is Confidential Personal Information or Confidential Business Information, as those terms are defined below, that qualify for protection under Federal Rule of Civil Procedure 26(c).

D. <u>Confidential Personal Information</u> includes, without limitation, information or items that are (a) subject to the provisions of Federal Rule of Civil Procedure 5.2 (full social security numbers and taxpayer identification numbers, full dates of birth, names of minors, and full financial account numbers), or (b) medical records or information or other health or health insurance information.

E. <u>Confidential Business Information</u> includes, without limitation, computer code; financial, technological, personnel, strategic, and other confidential and proprietary information that is competitively sensitive material, and not generally known to the public, such as financial and budget reports, forecasts, and records, staffing and compensation data related to non-parties, minutes of meetings, operational reports, contracts with vendors and other third-parties, strategic

planning information, and information pertaining to the physical security of Defendant's stores that is not generally known to the public (*e.g.* models of alarm systems).

F. <u>Counsel</u> means attorneys who represent a party in the Case.

G. <u>Designating Party</u> means a Party or Non-Party that designates as "CONFIDENTIAL" information or items that it produces in disclosures or in responses to discovery.

H. <u>Disclosure or Discovery Material</u> means all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Case.

I. <u>Expert</u> means a person with specialized knowledge or experience in a matter pertinent to the litigation, including such person's clerical personnel, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Case.

J. <u>Non-Party</u> means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Case.

K. <u>Party</u> means any party to the MDL or any of its member cases, including any of the Party's officers, directors, employees, consultants, retained experts, and Counsel (and their support staffs); including any individuals who have validly opted into the FLSA collective in the *Danford* member matter; and including members of any certified class.

L. <u>Producing Party</u> means a Party or Non-Party that produces Disclosure or Discovery

Material in this Case.

M. <u>Professional Vendors</u> means persons or entities that provide litigation support services *(e.g.,* photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

N. <u>Protected Material</u> means any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

O. <u>Receiving Party</u> means a Party that receives Disclosure or Discovery Material from a Producing Party.

**III. SCOPE**

A. <u>Derivative Materials</u>. The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. The protections conferred by this Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

B.  Non-Party Designations.  The terms of this Order are also applicable to Protected Material produced by a Non-Party and designated as "CONFIDENTIAL."  Such information produced by Non-Parties is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

C.  Trial Use.  This Protective Order will not apply to the use or disclosure of documents at trial.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

## IV.  DURATION

A.  After Final Disposition

1.  Even after final disposition of the litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition of the Case shall be deemed to be the later of (1) dismissal of all claims and defenses, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, and/or reviews, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

2.  Upon written request of the Designating Party made within sixty days after the final disposition of this Case, as defined in this Section IV, each party shall either destroy or return to the Designating Party that Party's Protected

Material. Each party shall provide a certification of such return or destruction within twenty days of the Designating Party's written request.

    3. Notwithstanding this Section IV, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material, provided that the Protected Material remains subject to the restrictions provided for in this Order.

B. The ultimate disposition of materials designated as protected pursuant to this Order are also subject to a final order of the Court on the completion of the litigation.

## V. DESIGNATING PROTECTED MATERIAL

A. <u>Unnecessary Designations</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited.

B. <u>Withdrawal of Designations</u>. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

C. <u>Designation Procedure</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced, in conformance with the following provisions:

1. For information in documentary form (*e.g.,* paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material.

2. A Party may designate any other Party's or Non-Party's documents or materials that qualify for protection under Federal Rule of Civil Procedure 26(c) as Protected Materials by providing written notice to all Parties identifying such materials within thirty days of production by the Producing Party or Non-Party. Within fourteen days of such written notice, the Party designating the material will provide Counsel for the Parties with new copies of such material bearing the appropriate "CONFIDENTIAL" designation.

3. Transcripts of testimony given in any deposition or other pretrial proceedings, will be treated as presumptively CONFIDENTIAL for the first thirty days after the receipt of the transcript. Prior to the expiration of those thirty days, any Designating Party shall serve to all Parties of record and the court reporter a notice of designation of those specific pages and lines of the deposition designated as CONFIDENTIAL. Upon expiration of the thirty-day period, all sections not so designated (unless otherwise provided for pursuant to this Order) shall no longer be considered CONFIDENTIAL.

4. For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item

is stored the legend "CONFIDENTIAL."

    D.    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VI. CHALLENGING CONFIDENTIALITY DESIGNATIONS

    A.    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    B.    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly by phone or in person within fourteen days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated

material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

C. <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without Court intervention, the Challenging Party shall contact the Court to request a telephone conference within twenty-one days of the initial notice of challenge or within fourteen days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.,* to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

D. <u>Treatment Pending Resolution of Challenge</u>. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the challenge is resolved between the parties or the Court rules on the challenge.

## VII. ACCESS TO AND USE OF PROTECTED MATERIAL

A. <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Case only for purposes of this action, including prosecuting, defending, or attempting to settle litigation in this Case, and including any appeals. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in

this Order. When litigation in this Case has been terminated, a Receiving Party must comply with the provisions of Section IV.A ("AFTER FINAL DISPOSITION").

B. <u>Safeguards</u>. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

C. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

1. the Receiving Party's Counsel in the Case, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

2. the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary;

3. Experts of the Receiving Party to whom disclosure is reasonably necessary for this Case and who have been advised by Counsel for the Receiving Party of the provisions of this Order requiring that Protected Material be kept strictly confidential and not disclosed and informed by Counsel for the Receiving Party of this Order's application to their use and disclosure of such Protected Material;

4. the Court and its personnel, any federal appellate court (and its personnel) considering an appeal or other proceeding arising from the Case, any other federal district court and its personnel upon transfer of a member

> case for trial or other purposes, and the Judicial Panel on Multidistrict Litigation;

5. court reporters, videographers, and their staff, who have been engaged for depositions or other proceedings as are necessary to the preparation for trial and trial of this Case;

6. professional jury or trial consultants, mock jurors, and Professional Vendors of the Receiving Party to whom disclosure is reasonably necessary for the Case and who have been advised by Counsel for the Receiving Party of the provisions of this Order requiring that Protected Material be kept strictly confidential and not disclosed and informed by Counsel for the Receiving Party of the this Order's application to their use and disclosure of such Protected Material;

7. witnesses or prospective witnesses in the action to whom disclosure is reasonably necessary and who have been advised by Counsel for the Receiving Party of the provisions of this Order requiring that Protected Material be kept strictly confidential and not disclosed and informed by Counsel for the Receiving Party of this Order's application to their use and disclosure of such Protected Material;

8. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

9. a Party's insurer to whom disclosure is reasonably necessary.

D. <u>Producing Party's Use Of Its Own Documents</u>. For the avoidance of doubt, nothing herein restricts a Producing Party's use or disclosure of its own documents or

information.

## VIII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

A. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material, that Party must:

1. promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

2. promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

B. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material — and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party to disobey a lawful directive from another court.

## IX. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order,

12

the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

X. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

    A. <u>Obligations Upon Notice</u>. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection (including, but not limited to attorney work product), the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

    B. <u>Procedures</u>. Pursuant to Federal Rule of Evidence 502(d) and (e), the Parties agree to the following procedure in the event of the inadvertent disclosure of a communication or information covered by the attorney-client privilege or work product or other protection:

        1. Any party that becomes aware of the production or disclosure of potentially privileged information shall notify all other Parties in writing as soon as practicable after discovering the inadvertent production or disclosure;

        2. The Parties receiving such notice shall promptly return, sequester, or destroy the potentially privileged information, as well as take reasonable steps to retrieve the information if the party disclosed it before notification, and certify in writing that they have done so within five business days of receiving notification; and if the asserted privilege is disputed,

contemporaneously provide notice of that dispute;

3. If any Party disputes the assertion of privilege, the Parties must meet and confer within five business days of receiving notice of this dispute;

4. If the Parties are unable to resolve any such dispute, the issue shall be resolved by the Court, after an *in camera* review of the disclosed potentially privileged material if desired by the Court.

5. While any dispute remains unresolved, all Parties agree not to use the potentially privileged information absent court order; and

6. The Parties agree to otherwise abide by the provisions of FRCP 26(b)(5)(B) and FRE 502. The Parties may also stipulate to change any of the deadlines set forth above without approval of the Court.

## XI. MISCELLANEOUS

A. <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

B. <u>Right to Assert Other Objections</u>. By requesting the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order.

C. <u>Prior *Danford* Designations</u>. Upon entry of this Order, material previously designated as "Confidential" under the *Danford* Protective Order (*Danford* Dkt. 116) shall be considered to be designated Confidential under this Order.

D. <u>Filing of Protected Material</u>.

1. Any motion, memorandum, document or other paper filed with the Court is

presumptively a public document and any decision of the Court regarding whether to allow any filing to be made under seal is subject to Local Rule 6.1 and applicable law.

2. Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 6.1. If a Receiving Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

**SO ORDERED**.

Signed: November 3, 2020

David S. Cayer
United States Magistrate Judge

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
MDL DOCKET NO. 5:20-MD-2947-KDB-DSC

|  |  |  |
|---|---|---|
| IN RE: LOWE'S COMPANIES, INC. FAIR LABOR STANDARDS ACT (FLSA) AND WAGE AND HOUR LITIGATION | ) ) ) ) ) ) ) ) ) ) ) | [PROPOSED] PROTECTIVE ORDER |
| THIS DOCUMENT APPLIES TO ALL MEMBER CASES | | |

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I _____, being duly sworn, state that:

1. My address is: _____.

2. My present employer is _____ and the address of my present employment is _____.

3. I have carefully read and understand the provisions of the Protective Order in this case entered by the Court and I will comply with all the provisions thereof.

4. I will hold in confidence and not disclose to anyone not qualified under the Protective Order any Confidential Information or any words, summaries, abstracts, or indices of Confidential Information disclosed to me.

5. I will limit use of Confidential Information disclosed to me solely for purpose of this Case.

6. No later than the final conclusion of the Case, I will return all Confidential Information and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

_____        _____
*Signature*                                                                                    *Date*