UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
MDL DOCKET NO. *5:*20-md-2947-KDB-DSC

| IN RE: LOWE'S COMPANIES, INC. FAIR LABOR STANDARDS ACT (FLSA) AND WAGE AND HOUR LITIGATION | PLAINTIFFS' OPPOSITION TO DEFENDANTS' CONSOLIDATED MOTION TO COMPEL ARBITRATION UNDER FED. R. CIV. P. 12(B)(1), TO DISMISS UNDER FED. R. CIV. P. 12(B)(6), AND FOR JUDGMENT ON |
|---|---|
| THE DOCUMENT APPLIES TO ALL MEMBER CASES | THE PLEADINGS UNDER FED. R. CIV. P. 12(C) |

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ............................................................................................... v

INTRODUCTION ............................................................................................................. 1

ARGUMENT ...................................................................................................................... 1

I.      The FLSA Does Not Preempt Plaintiffs' State Law Claims .............................. 1

II.     Plaintiffs Have Sufficiently Pled Plausible State Law Gap Time Claims............................ 6

III.    Although Not Necessary To State Viable Claims, Plaintiffs Have Pled A Contractual Entitlement To Overtime Pay............................................................ 7

IV.     The Arizona Plaintiffs Have Pled Valid Claims Under The Arizona Wage Acts....................................................................................................................... 8

        A.      The Arizona Plaintiffs' Claims Are Not Time-Barred ............................ 8

        B.      The Arizona Plaintiffs Substantively Allege An Entitlement To Overtime Under Arizona Law................................................................. 10

V.      The Arkansas Plaintiffs Pled Valid Claims Under The Arkansas Minimum Wage Act......................................................................................................... 11

VI.     The Colorado Plaintiffs Have Pled Valid Claims Under The Colorado Wage Acts....................................................................................................................... 11

        A.      The Court Should Not Compel Plaintiff Bogaert's Claims To Arbitration ............................................................................................. 11

        B.      The Colorado Plaintiffs CWCA Claim Is Permissibly Based On An Entitlement To Unpaid Overtime ........................................................ 13

        C.      The Colorado Minimum Wage Act Applies If An Employee Works Off The Clock.................................................................................... 14

VII.    The Connecticut Plaintiff Pled Valid Claims Under The Connecticut Minimum Wage Act

VIII.   The Illinois Plaintiffs Have Pled Valid Claims Under The Illinois Wage Acts....................................................................................................................... 15

        A.      The Illinois Plaintiffs Adequately Allege A Contract Entitling Them To Overtime Premiums........................................................................ 16

IX.     The Kentucky Plaintiff Pled Valid Claims Under The Kentucky Wages And

Hours Act ....................................................................................................... 18

    A.     Plaintiff Is Not Exempted From Overtime Under KRS 337.285 ........................ 18

          1.     Lowe's Has <u>Not</u> Factually Demonstrated That Plaintiff Anderson's Principal Duties Meet The Exemption .................................. 19

X.     The Maryland Plaintiffs Have Pled Valid Claims Under The Maryland Wage Acts ...................................................................................................................... 20

    A.     The Maryland Wage And Hour Statutes Are Non-Waivable ............................. 21

    B.     Plaintiff Hursey Expressly Pleaded He Was An Hourly Manager ...................... 21

    C.     The Maryland Wage Payment And Collection Law May Be Utilized As A Vehicle To Recover Overtime Wages Improperly Withheld By An Employer ...................................................................................................... 22

XI.    The Massachusetts Plaintiff Has Pled Valid Claims Under The Massachusetts Wage Acts ........................................................................................ 22

    A.     The Timely Payment Of Wages Act Allows For The Recovery Of Overtime Wages ............................................................................................... 23

XII.    The Minnesota Plaintiff Has Pled Valid Claims Under The Minnesota Wage Acts ...................................................................................................................... 24

    A.     Plaintiff Neal Plausibly Alleges Overtime Violations Of The Minnesota Fair Labor Standards Act ............................................................... 24

    B.     Plaintiff Neal Plausibly Alleges An Overtime Violation Under The Minnesota Payment Of Wages Act ................................................................... 25

XIII.   The Missouri Plaintiff Has Pled Valid Claims Under The Missouri Minimum Wage Law ...................................................................................................... 26

XIV.   The Nevada Plaintiffs Have Pled Valid Claims Under Nevada Wage And Hour Law ................................................................................................................ 26

    A.     Plaintiff Ricks' Claims Are Not Time-Barred ................................................. 27

XV.    The New Jersey Plaintiffs Have Pled Valid Claims Under The New Jersey Wage Acts ............................................................................................................ 27

XVI.   The New Mexico Plaintiffs Have Pled Valid Claims Under The New Mexico Minimum Wage Act ................................................................................................... 28

A.    The New Mexico Plaintiffs' Minimum Wage Claim Is Not Self-Defeating ............................................................................... 28

XVII.  The New York Plaintiff Has Pled Valid Claims Under The New York Wage Acts ............................................................................................... 29

A.    Plaintiff Tirado Pled A Valid Claim Under The State Wage-Theft Statute .................................................................................... 29

XVIII. The North Carolina Plaintiff Sufficiently Pled A Plausible Gap Time Claim Under The North Carolina Wage And Hour Act .............................. 30

A.    Lowe's' Rule 12(c) Motion Is Premature And Warrants Dismissal .................... 30

B.    The North Carolina Wage And Hour Act Recognizes Gap Time Claims ..................................................................................... 31

XIX.  The Ohio Plaintiffs Have Pled Valid Claims Under The Ohio Wage Acts .................... 32

A.    The Ohio Prompt Pay Act Claim Is Not Barred As A Matter Of Law .............. 32

XX.  The Pennsylvania Plaintiff Pled Valid Claims Under The Pennsylvania Minimum Wage Act ................................................................................. 34

XXI.  The South Carolina Plaintiff Has Pled Valid Claims Under The South Carolina Payment of Wages Act ................................................................ 35

A.    Plaintiff Forte Substantively Alleges An Entitlement To Overtime Under South Carolina Law ................................................................... 35

XXII.  The Washington Plaintiffs Pled Valid Claims Under The Washington Wage Acts ............................................................................................... 36

A.    The Alleged Release Of Plaintiff Cleavenger's Claims Is Unenforceable ................................................................................ 36

B.    The Washington Plaintiffs Plausibly Allege An Overtime Claim Under The Wage Rebate Act ................................................................ 37

C.    The Washington Minimum Wage Act Does Not Permit Workweek Averaging ................................................................................... 38

XXIII. The West Virginia Plaintiff Pled Valid Claims Under The West Virginia Wage Acts ............................................................................................... 39

A.    Plaintiff Fyfe Expressly Pleaded That He Was An Hourly Manager .................. 40

B.   Plaintiff Fyfe States An Unpaid Overtime Claim Under The West Virginia Minimum Wage And Maximum Hours Standards ................................. 40

    1.   Plaintiff Fyfe's Overtime Claim Is Not Time-Barred ..................................... 40

    2.   The 80% Rule Does Not Bar Plaintiff Fyfe's Overtime Claim ...................... 41

C.   Plaintiff Fyfe States A Claim Under The West Virginia Wage Payment And Collection Act ................................................................................. 42

CONCLUSION ................................................................................................................. 42

# INDEX OF AUTHORITIES

## Cases

*Alshehabi v. Hymans Seafood Co.*, No. 2:14-cv-02724-PMD, 2014 U.S. Dist. LEXIS 184673 (D.S.C. Dec. 1, 2014) .......................................................................................... 2

*Alvarez v. IBP, Inc.*, 339 F.3d 894 (9th Cir. 2003) ......................................................... 38

*Atkins v. AT&T Mobility Services, LLC*, 2:18-CV-00599, 2020 WL 2842054 (S.D.W. Va. June 1, 2020) ............................................................................................. 42

*Balmes v. Ill. Bell Tel. Co.*, No. 15 C 2685, 2016 U.S. Dist. LEXIS 33339 (N.D. Ill. Mar. 15, 2016) ...................................................................................................... 15, 17

*Barker v. Family Dollar, Inc.*, 2011 U.S. Dist. LEXIS 25654 (W.D. Ky. March 11, 2011) ................................................................................................................... 19, 20

*Barlett v. City of Chicago*, No. 14 C 7225, 2015 U.S. Dist. LEXIS 2232 (N.D. Ill. Jan. 9, 2015) ............................................................................................................... 17

*Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728 (1981) ......................... 37

*Breeser v. Menta Grp., Inc., NFP*, 934 F. Supp. 2d 1150 (D. Ariz. 2013) ....................... 9

*Brown v. Club Assist Rd. Serv. U.S., Inc.*, No. 12 CV 5710, 2013 U.S. Dist. LEXIS 133990 (N.D. Ill. Sept. 18, 2013) ........................................................................... 16, 18

*Burch v. Qwest Communications Intern., Inc.*, 677 F.Supp.2d 1101 (D. Minn. 2009) ........................................................................................................................... 25

*Butler v. DirectSat USA, LLC*, 800 F. Supp. 2d 662 (D. Md. 2011) ................................. 4

*Caldas v. Affordable Granite & Stone, Inc.*, 820 N.W.2d 826 (Minn. 2012) .................... 25

*Cavalotti v Daddyo's BBQ, Inc.*, 2018 U.S. Dist. LEXIS 154918 (E.D.N.Y. Sep. 8, 2018) ............................................................................................................................ 30

*Channel v. Home Mortgage, Inc.*, CV-03-0100-PHX-ROS, 2006 WL 8440333 (D. Ariz. Nov. 30, 2006) .................................................................................................... 9

Charles v. Roads Corp., 1999 WL 1203754 (Mass.Super., Sept. 29, 1999) ..................... 23

*Chavez v. Don Stoltzner Mason Contractor, Inc.*, 272 F.R.D. 450 (N.D. Ill. 2011) ......... 15

*Cohen v. BH Media Group, Inc.*, 419 F. Supp. 3d 831 (D.N.J. 2019) ............................. 28

*Coldwell v. RITECorp Envtl. Prop. Sols.*, 16-CV-01998-NYW, 2018 WL 5043904 (D. Colo. Oct. 17, 2018) .............................................................................................. 13

*Coleman v. Watt*, 40 F.3d 255 (8th Cir. 1994) .............................................................. 25

*Davenport v. Charter Commun., LLC*, 4:12CV00007 AGF, 2012 WL 5050580
(E.D. Mo. Oct. 12, 2012) ............................................................................................. 26

*Deschepper v. Midwest Wine & Spirits, Inc.*, 84 F. Supp. 3d 767 (N.D. Ill. 2015) .................... 17

*Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959 (D.S.C. 1997) ...................... 13

*Doyle v. Wayne Mem'l Hosp.*, No. 18-1784, 2020 U.S. Dist. LEXIS 25433 (M.D.
Pa. Feb. 13, 2020) ....................................................................................................... 34

*Driver v. AppleIllinois, LLC*, 265 F.R.D. 293 (N.D. Ill. 2010) ........................................... 15

*Enger v. Chi. Carriage Cab Co.*, 77 F. Supp. 3d 712 (N.D. Ill. 2014) ................................... 16

*Ervin v. OS Rest. Servs.*, 632 F.3d 971 (7th Cir. 2011) .................................................... 15

*Farmer v. DirectSat United States*, No. 08 C 3962, 2010 U.S. Dist. LEXIS 105738
(N.D. Ill. Oct. 4, 2010) ............................................................................................... 15

*Farnsworth v. Loved Ones in Home Care, LLC*, 2:18-CV-01334, 2019 WL 956806
(S.D.W. Va. Feb. 27, 2019) .......................................................................................... 41

*Formica v. US Envtl. Inc.*, No. 18-459, 2018 U.S. Dist. LEXIS 11508 (E.D. Pa. July
11, 2018) ................................................................................................................... 35

*Foster v. M5 Hosp. Grp., LLC*, Civil Action No. 4:14-cv-4517-RBH, 2015 U.S.
Dist. LEXIS 111413 (D.S.C. Aug. 24, 2015) .......................................................... 3, 5, 6

*Gabauer v. Woodcock*, 594 F.2d 662 (8th Cir.1979) .................................................... 41

Gade v. Nat'l Solid Wastes Mgmt. Ass'n, 505 U.S. 88 (1992) .......................................... 32

*Garvey v. Seterus, Inc.*, 5:16-CV-00209-RLV, 2017 WL 2722307 (W.D.N.C. June
23, 2017) ................................................................................................................... 31

*Gentry v. Bioverativ U.S. LLC.*, Civil Action No. 2:19-00873-MBS, 2019 U.S. Dist.
LEXIS 136342 (D.S.C. Aug. 13, 2019) ......................................................................... 35

*Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 182 Ariz. 586, 898
P.2d 964 (1995) ........................................................................................................... 8

*Hernandez v. Contl. Am. Corp.*, 3:15-CV-0600-D, 2017 WL 2599120 (N.D. Tex.
June 15, 2017) ..................................................................................................... 3, 12, 15

*Hess v. Kanoski & Assocs.*, 668 F.3d 446 (7th Cir. 2012) ............................................... 16

*Hill v. Xerox Bus. Svcs., LLC*, 426 P.3d 703 (Wash. 2018) ............................................ 39

Hogan v. Allstate Insur. Co., 361 F.3d 621 (11th Cir. 2004) ............................................. 42

IberiaBank v. Previty Surgical PLLC, 4:17-CV-00160, 2017 WL 3393952 (S.D. Tex. Aug. 4, 2017) ................................................................................................ 13

Jane Roe Dancer IVII v. Golden Coin, Ltd., 124 Nev. 28, 176 P.3d 271 (2008) ................ 26

Johnson v. CRC Holdings, Inc., JKB-16-2937, 2017 WL 914998 (D. Md. Mar. 8, 2017) ............................................................................................................... 17, 21

Kendall v. City of Chesapeake, 174 F.3d 437 (4th Cir. 1999) ............................................ 2

Landers-Scelfo v. Corp. Office Sys., 827 N.E.2d 1051 (2005) .......................................... 16

Laurence v. Harris Teeter, LLC, No. 3:17-CV-00602-RJC-DSC, 2018 U.S. Dist. LEXIS 69323 (W.D.N.C. Feb. 20, 2018) .................................................................. 4

Lee v. State, 225 Ariz. 576, 242 P.3d 175 (Ct. App. 2010) ............................................. 2, 8

Lehman v. Legg Mason, Inc., 532 F. Supp. 2d 726 (M.D. Pa. 2007) ............................... 34

LePage v. Blue Cross & Blue Shield of Minn., No. CIV. 08-584 RHK/JSM, 2008 WL 2570815 (D. Minn. June 25, 2008) ............................................................... 24

Lower v. Electric Data Systems Corp. 494 F. Supp 770 (S.D. OH 2007) ........................ 33

Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982) ...................... 37

Martin v. Lowe's Cos., No. 5:20-CV-00015-KDB-DCK, 2020 U.S. Dist. LEXIS 163747 (W.D.N.C. Sep. 5, 2020) ............................................................. passim

Martinez-Hernandez v. Butterball, 578 F. Supp. 2d 816 (E.D.N.C. 2008) ............. 3, 4, 5, 32

McLaughlin v. Murphy, 372 F. Supp. 2d 465 (D. Md. 2004) ........................................ 22

McMurray v. LRJ Rests., Inc., 2011 U.S. Dist. LEXIS 7717 (2011), 2011 WL 247906 (D.S.C. January 26, 2011) .................................................................. 2, 3

Meller v. Wings Over Spartanburg, LLC, No. 2:15-cv-2094-PMD, 2016 U.S. Dist. LEXIS 35792 (D.S.C. Mar. 21, 2016) ........................................................ 2

Monahan v. Smyth Auto., Inc., 1:10-CV-00048, 2011 WL 379129 (S.D. Ohio Feb. 2, 2011) ....................................................................................................... 33, 34

Moodie v. Kiawah Island Inn Co., 124 F. Supp. 3d 711 (D.S.C. 2015) ....................... passim

Myers v. Loomis Armored US, LLC, No. 3:18-cv-00532-FDW-DSC, 2019 U.S. Dist. LEXIS 123884 (W.D.N.C. July 24, 2019) ...................................................... 6

*Nakahata v. N.Y.-Presbyterian Healthcare Sys.*, 723 F.3d 192 (2d Cir. 2013) ................................. 6

*Nimmons v. RBC Ins. Holdings (USA), Inc.*, Civil Action No. 6:07-cv-2637, 2007 U.S. Dist. LEXIS 94467 (D.S.C. Dec. 27, 2007) ........................................................... 2

*O'Brien v. Ed Donelly Enterprises* 575 F. 3d 567 (6th Cir. 2009) ..................................... 34

Parow v. Howard, 17 Mass.L.Rptr. 149, 2003 WL 23163114 (Mass.Super., Nov. 12, 2003) ............................................................................................................................. 23

*Partlow v. Johnson*, No. 3:18-cv-01441-DGW, 2018 U.S. Dist. LEXIS 184063 (S.D. Ill. Oct. 26, 2018) ...................................................................................................... 17

*Perez v. First American Title Ins. Co.*, 810 F. Supp. 2d 986 (D. Ariz. 2011) ............................ 8, 9

*Perez-Benites v. Candy Brand, LLC*, 267 F.R.D. 242 (W.D. Ark. 2010) ..................................... 26

*Peters v. Early Healthcare Giver, Inc.*, 97 A.3d 621 (Md. 2014) ........................................... 22

*Phila. Metal Trades Council v. Konnerud Consulting W., A.S.*, No. 15-5621, 2016 U.S. Dist. LEXIS 35829, *17-20 (E.D. Pa. Mar. 21, 2016 ........................................... 35

*Powers v. Consolidation Coal Co.*, 1:12CV00039, 2013 WL 56325 W.D. Va. Jan. 3, 2013) ....................................................................................................................... 41

*Redhair v. Kinerk, Beal, Schmidt, Dyer & Sethi, P.C.*, 183 P.3d 544 (Ariz. Ct. App. 2008) ....................................................................................................................... 8

Redmond v. Chains, Inc., 996 P.2d 759 (Colo. App. 2000) .............................................. 11

*Regan v. City of Hanahan*, Civil Action No. 2:16-1077-RMG, 2017 U.S. Dist. LEXIS 50111 (D.S.C. Apr. 3, 2017) ................................................................................ 3

*Rehberg v. Flowers Baking Co. of Jamestown, LLC,* 162 F. Supp. 3d 490 (W.D.N.C. 2016) ................................................................................................... 37

*Sampson v. Knight Transp., Inc.*, 448 P.3d 9 (Wash. 2019) ............................................ 39

*Sarrazin v. Coastal, Inc.*, 311 Conn. 581 (2014) ........................................................ 15

*Scruggs v. Skylink Ltd.*, No. 3:10-0789, 2011 U.S. Dist. LEXIS 138759 (S.D. W. Va. Dec. 2, 2011) ..................................................................................................... 3

*Snell-Jones v. Hertz Corp.*, No. 19-cv-00120, 2020 U.S. Dist. LEXIS 43696 (N.D. Ill. Mar. 13, 2020) .................................................................................................... 18

*Sobolewski v. Boselli & Sons, LLC*, 342 F. Supp. 3d 1178 (D. Colo. 2018) ............................... 14

*Sosnowy v. A. Perri Farms, Inc.,* 764 F.Supp.2d 463 (E.D.N.Y. 2011) ................................. 15

viii

Souto v. Sovereign Realty Associates, Ltd., 23 Mass.L.Rptr. 386, 2007 WL 4708921
(Mass.Super., Dec. 14, 2007) ........................................................................... 23

*Spallone v. Soho Univ., Inc.*, Civil Action No. 4:15-cv-1622-RBH, 2015 U.S. Dist.
LEXIS 115114 (D.S.C. Aug. 31, 2015) ..................................................... 4, 5, 35

*Stack v. Abbott Labs., Inc.*, 979 F. Supp. 2d 658 (M.D.N.C. 2013) ........................................ 27, 41

*Stevens v. Brink's Home Sec. Inc.*, 169 P.3d 473 (Wash. 2007) .................................................... 38

*Throckmorton v. Summerville Police Dep't*, No. 2:20-cv-1936-RMG, 2020 U.S.
Dist. LEXIS 111987 (D.S.C. June 26, 2020) ................................................ 3

*Tinsley v. Covenant Care Servs., LLC*, No. 1:14CV00026 ACL, 2016 WL 393577
(E.D. Mo. Feb. 2, 2016) ....................................................................................... 26

*Torres-Tinajero v. Alpha Constr. of the Triad, Inc.*, No. 1:18CV160, 2020 U.S.
Dist. LEXIS 164067, (M.D.N.C. Sep. 9, 2020) ......................................... 4, 6

*U.S. Commodity Futures Trading Commn. v. Monex Credit Co.*, 931 F.3d 966 (9th
Cir. 2019) ............................................................................................................. 27

*Wachovia Bank, Nat. Ass'n. v. Schlegel*, 3:09-CV-1322-D, 2010 WL 2671316 (N.D.
Tex. June 30, 2010) ............................................................................................. 12

*Wharton v. Comcast Corp.*, 912 F. Supp. 2d 655 (N.D. Ill. 2012) ................................................ 18

*Whitmore v. Kraft Foods Glob., Inc.*, 798 F. Supp. 2d 917 (N.D. Ill. 2011) ................................ 15

*Wolman v. Catholic Health Sys. of Long Island, Inc.*, 853 F. Supp. 2d 290
(E.D.N.Y. 2012) .................................................................................................. 30

*Yong Le Xue v. J&B Spartanburg LLC*, No. 7:16-00340-MGL, 2016 U.S. Dist.
LEXIS 68975 (D.S.C. May 26, 2016) ............................................................ 4

**Statutes**

82 C.J.S. Statutes § 370 (2014) .................................................................................. 29

KRS 337.020 ................................................................................................................ 18

Minn. Stat. § 177.25, subd. 1 ...................................................................................... 24

Minn. Stat. § 181.14, subd. 2 ...................................................................................... 25

Mo. Rev. Stat. § 290.500 ............................................................................................. 26

N.C. Gen. Stat. § 95-25.6 ................................................................................... 4, 6, 7, 31

N.C. Gen. Stat. § 95-25.8 ................................................................................................ 7, 31

**Other Authorities**

12 NYCRR § 142-2.2 ........................................................................................................ 29

29 U.S.C. § 206 ............................................................................................................... 29

29 U.S.C. § 207(a)(1) ....................................................................................................... 15

29 U.S.C. § 216(c) ........................................................................................................... 37

29 USCS § 255 ............................................................................................................... 35

42 U.S.C. § 1983 ............................................................................................................... 2

43 P.S. § 333.101 ............................................................................................................ 34

7 Colo. Code Regs. § 1103-1 ...................................................................................... 11, 14

A.R.S. § 12-541(3) ............................................................................................................. 8

A.R.S. § 23-350 .......................................................................................................... 10, 11

A.R.S. § 23-351(C)(3) ..................................................................................................... 10

A.R.S. § 12-541 ................................................................................................................ 9

C.R.S. § 8-4-101 ............................................................................................................. 11

C.R.S. § 8-6-101 ............................................................................................................. 11

Conn. Gen. Stat. § 31–71b(a)(1) ....................................................................................... 14

Colorado Overtime and Minimum Pay Standards Order ("COMPS Order") #36 ...................... 11

Connecticut General Statutes § 31–76c ............................................................................ 15

DLI Admin. Policy ES.A.3 (July 15, 2014) ......................................................................... 39

DLI Admin. Policy ES.C.2 at 1 (Sept. 2, 2008) .................................................................. 38

DLI Admin. Policy ES.C.3 (Jan. 2, 2002) .......................................................................... 39

Mass. Gen. L. c. 149 § 148 ............................................................................................. 23

Mass. Gen. L. c. 149 § 150 ............................................................................................. 23

N.C.G.S. § 95-25.14(a) ................................................................................................... 31

x

N.C.G.S. § 95-25.6 ........................................................................................ 31

N.J. Admin. Code § 12:56–5.1 ...................................................................... 28

N.J.S.A. 34:11-4.1 ......................................................................................... 28

N.J.S.A. 34:11-56a ......................................................................................... 27

NRS § 608.019 ......................................................................................... 27, 43

N.Y. Lab. Law § 162(2) ................................................................................. 29

N.Y. Lab. Law § 191(1)(d) ....................................................................... 29, 30

NRS § 608.260 ............................................................................................... 27

NY CLS Labor § 191(d) ................................................................................ 30

OPP 4113.15(A) ...................................................................................... 32, 33

OPP 4113.15(B) ...................................................................................... 32, 33

RCW 49.46.020 .............................................................................................. 38

RCW 49.46.090 ........................................................................................ 36, 37

RCW 49.46.090(1) ......................................................................................... 36

S.C. Code Ann. § 15-3-530 ............................................................................ 35

S.C. Code Ann. § 41-10-10 ............................................................................ 35

W. Va. Code § 21-5C-1. .................................................................................. 42

W. Va. Code § 21-5C-8(d) .............................................................................. 40

W. Va. Code §§ 21–5–3 .................................................................................. 42

W. Va. Code 21-5-4 ........................................................................................ 42

W. Va.Code § 21–5C–1(e) .............................................................................. 41

WAC 296-126-002(8) ..................................................................................... 38

WAC 296-126-021 .......................................................................................... 39

Wash. Rev. Code § 49.52.050(2) .................................................................... 38

**Rules**

Fed. R. Civ. P. 12(b)(6) ...................................................................................... 21, 27, 40, 41

Fed. R. Civ. P. 12(g)(2) ................................................................................................. 31

Fed. R. Civ. P. 16(b)(4) ........................................................................................... 12, 13

Fed. R. Civ. P. 8 ............................................................................................................ 27

Fed. R. Civ. P. 8(c)(1) ............................................................................................. 27, 41

**Regulations**

803 KAR 1:075-4 ......................................................................................................... 19

# INTRODUCTION

In a maneuver commonly made by employers in complex wage and hour cases, Lowe's Companies, Inc. and Lowe's Home Centers, LLC (together, "Lowe's), take a shotgun approach in their motion (ECF No. 17-1, hereinafter, "Def. Mem.") to seek dismissal of Plaintiffs' nuanced state law claims set forth in Plaintiffs' First Amended Consolidated Collective and Class Action Complaint (ECF No. 16) ("FACC"). Among other things, Lowe's: 1) improperly seeks dismissal of Plaintiffs' claims based on a flawed analysis of preemption case law and doctrine; 2) asks the Court to ignore Plaintiffs' viable gap time claims and tries to conflate the claims being asserted with references to minimum wage claims, which are not the focus of the FACC, and 3) erroneously claims entitlement to various – but nonexistent – statutory exemptions. (See Exhibit A, Lowe's Motion to Dismiss Chart).

Lowe's motivation for brushing over the specifics and complexities of Plaintiffs' many claims is simple: to avoid responsibility for its failure to follow the law in order to avoiding paying overtime due to over 20,000 employees. To avoid paying its workers the wages the law requires – that is, the wages for the work they performed for Lowe's – Lowe's hopes to flout the laws and remedies established by the legislatures of 20 different States across the country. As set forth below, Lowe's Motion to Dismiss arguments do not succeed:

1. Plaintiffs' state law overtime claims are not "preempted" by the FLSA.

2. With the exception of North Carolina and Missouri, Lowe's *does not* challenge Plaintiffs' gap time claims.

3. With the exception of Colorado, New Mexico and Washington (states that do not allow for workweek averaging), Plaintiffs are not asserting minimum wage claims; and

4. Plaintiffs have pled valid state law claims for each of the 20 states at issue.

## ARGUMENT

## I.     The FLSA Does Not Preempt Plaintiffs' State Law Claims

Lowe's asserts that the state law claims asserted in the FACC are blanketly preempted under the Fair Labor Standards Act ("FLSA"). (Def. Mem., 7-10 and *passim*). Of course, they are not, which is why – quite literally – the state law claims asserted in this case are adjudicated daily across the country. Rather, FLSA preemption in this Circuit is a classic "floor" situation: a state cannot undercut federal law, the FLSA, by enacting state wage laws setting requirements lower than the FLSA's mandates. But what a State can do is allow for such things as parallel schemes of recovery, higher levels of recovery, longer statutes of limitations, or provide remedies different from those set by the FLSA.

Arguing otherwise, Lowe's attempts to confuse the Court by suggesting that this Circuit's leading case, *Anderson v. Sara Lee Corp.,* 508 F.3d 181, 191 (4th Cir. 2007), holds that "statutes that provide the same rights, but more generous damages or longer statutes of limitations [than the FLSA], also are preempted," (Def. Mem., 9). This is just wrong.[1] "It is well established that the

---

[1] *Anderson* addressed common law claims such as negligence and fraud, but those claims were grounded upon a violation of the FLSA, making the situation addressed limited to one where common law claims were based exclusively on violating the FLSA, prompting the court to hold that the FLSA provides the only remedies for its own violation. *Id.* at 194 (*citing Kendall v. City of Chesapeake,* 174 F.3d 437, 439 (4th Cir. 1999) (42 U.S.C. § 1983 could not be used separately to enforce claims under the FLSA)). That is, as discussed below, not the situation in this case – Plaintiffs do not assert any common law claims at all but rather violations of laws that State legislatures enacted to establish parallel schemes or to expand upon the rights created by the FLSA.

In this regard, while Lowe's cites such cases as *Nimmons v. RBC Ins. Holdings (USA), Inc.,* Civil Action No. 6:07-cv-2637, 2007 U.S. Dist. LEXIS 94467, *6-*7 (D.S.C. Dec. 27, 2007), and *McMurray v. LRJ Rests., Inc.,* 2011 U.S. Dist. LEXIS 7717 (2011), *4-*5, 2011 WL 247906 (D.S.C. January 26, 2011), later cases limit the overbroad propositions they seem to suggest, only applying *Anderson*-type preemption to duplicative relief. *See, e.g., Alshehabi v. Hymans Seafood Co.,* No. 2:14-cv-02724-PMD, 2014 U.S. Dist. LEXIS 184673, *13-*14 (D.S.C. Dec. 1, 2014); *Meller v. Wings Over Spartanburg, LLC,* No. 2:15-cv-2094-PMD, 2016 U.S. Dist. LEXIS 35792, *10 (D.S.C. Mar. 21, 2016) (noting *Nimmons* and *McMurray,* and writing "[t]he district courts that have held that various common law and state statutory claims are preempted by the FLSA have all done so on

FLSA, in its core areas of protection—minimum wage and overtime regulation—has a relatively narrow pre-emptive effect as it does not completely preempt state laws but only preempts them to the extent that they are less generous than the FLSA." *Scruggs v. Skylink Ltd.*, No. 3:10-0789, 2011 U.S. Dist. LEXIS 138759, *30 (S.D. W. Va. Dec. 2, 2011) (internal citation omitted). A state's law is preempted only where it "substitutes its remedies for those provided by the FLSA," not where it provides its own full scheme, even where that scheme is "equivalent in substance" to that established in the FLSA. *Id.*, at *31 (*citing Martinez-Hernandez v. Butterball*, 578 F. Supp. 2d 816, 820 (E.D.N.C. 2008) (off-the-clock case)); *accord, Foster v. M5 Hosp. Grp., LLC*, Civil Action No. 4:14-cv-4517-RBH, 2015 U.S. Dist. LEXIS 111413, *6 (D.S.C. Aug. 24, 2015)); *Regan v. City of Hanahan*, Civil Action No. 2:16-1077-RMG, 2017 U.S. Dist. LEXIS 50111, at *5, *9 (D.S.C. Apr. 3, 2017) ("Since the Fourth Circuit's 2007 decision in *Anderson*, courts in this circuit have frequently found that plaintiffs' state law [unpaid] wage claims are not preempted by the FLSA.").

The error in Lowe's position is captured by its quotation from *Moodie v. Kiawah Island Inn Co.*, 124 F. Supp. 3d 711, 724 (D.S.C. 2015), stating, "to the extent that a plaintiff seeks compensation under state law 'for overtime pay otherwise required by the FLSA ... these claims are preempted by the FLSA and must be dismissed.'" (Def. Mem., 8) (quoting *Id.*). Lowe's fails to acknowledge that *Kiawah* and another case that it cites, *McMurray v. LRJ Rests., Inc.*, 2011 U.S. Dist. LEXIS 7717, *4-*5 (2011), both themselves cite *Anderson*, but in *Anderson* there was no parallel scheme, and the common law claims were being sought, without more, to be used to attempt

the basis that those claims were duplicative of the rights and remedies available under the FLSA."). This year, for instance, the District of South Carolina (otherwise cited frequently by Lowe's) held: "the SCPWA [South Carolina Payment of Wages Act] is not preempted by the FLSA to the extent that a plaintiff seeks redress for acts prohibited only by the SCPWA," *Throckmorton v. Summerville Police Dep't*, No. 2:20-cv-1936-RMG, 2020 U.S. Dist. LEXIS 111987, *11-*13 (D.S.C. June 26, 2020). *See also* citations immediately below.

to create a state version of FLSA violations. *See* 508 F.3d at 194. Lowe's also conveniently neglects to include the court's entire message in *Kiawah*, namely, "claims that are '**separate and distinc**t' from FLSA claims, such as an 'alleged failure ... **to pay wages which may be in excess of [the federal] minimum wage** and **failure to pay wages when due**' are not preempted by the FLSA." 124 F. Supp. 3d at 725 (internal citation omitted) (emphasis added).

This is not a novel or odd proposition, and indeed it has been followed by this Court and others within the Circuit, to the point of becoming axiomatic. *E.g.*, *Torres-Tinajero v. Alpha Constr. of the Triad, Inc.*, No. 1:18CV160, 2020 U.S. Dist. LEXIS 164067, *9, *10 (M.D.N.C. Sep. 9, 2020), *Martin v. Lowe's Cos.*, No. 5:20-CV-00015-KDB-DCK, 2020 U.S. Dist. LEXIS 163747, *6 (W.D.N.C. Sep. 5, 2020) (Bell, J.) (finding that state law "gap time" claims were not preempted), *Laurence v. Harris Teeter, LLC*, No. 3:17-CV-00602-RJC-DSC, 2018 U.S. Dist. LEXIS 69323, *12 (W.D.N.C. Feb. 20, 2018) ("Unlike the plaintiffs in *Anderson*, Plaintiff's breach of contract claim does not seek to enforce the FLSA... [state contract law] is a separate basis for recovery that would entitle Plaintiff to additional amounts over and above his FLSA claim.); *Yong Le Xue v. J&B Spartanburg LLC*, No. 7:16-00340-MGL, 2016 U.S. Dist. LEXIS 68975, at *6 (D.S.C. May 26, 2016) ("[T]he FLSA does not prevent states from creating a parallel regulatory scheme that provides additional protections for employees... Here, the SCPWA both creates a right and a means of enforcing that right that provides additional remedies not available under the FLSA, such as the employee's recovery for three times the amount owed, plus costs and reasonable attorney's fees.").[2]

---

[2] *See also, e.g.*, *Martinez-Hernandez*, 578 F. Supp. 2d 816, at 817 (off-the-clock case: "Although not expressly covered by the savings clause... the FLSA does not excuse an employer's noncompliance with higher pay requirements than established by the FLSA," referring both to a higher state minimum wage law and a right to pay on a payday), *Butler v. DirectSat USA, LLC*, 800 F. Supp. 2d 662, 671, 672 (D. Md. 2011) (off-the-clock case; allowing for higher overtime rates than the FLSA's time-and-a-half), *Spallone v. Soho Univ., Inc.*, Civil Action No. 4:15-cv-1622-RBH, 2015 U.S. Dist. LEXIS 115114, *7, *8 (D.S.C. Aug. 31, 2015) ("The FLSA provides a floor for minimum

Indeed, contrary to Lowe's erroneous assertions, longer statutes of limitations are the kind of "more generous" state benefits not preempted by the FLSA: "[T]he remedies provided by the Wage Act... are in some respects more generous, e.g., a three year rather than a two-year statute of limitations... there is nothing in FLSA preventing states from creating a parallel regulatory scheme that provides additional protections of employees." *Foster, supra*, 2015 U.S. Dist. LEXIS 111413 at *6. *See also Spallone*, 2015 U.S. Dist. LEXIS 115114, at *8-*9, *11 (holding that the South Carolina Wage Payment statute was broader than the FLSA and therefore not preempted by the FLSA).

And further contrary to Lowe's position, wage theft laws provide additional substantive rights to recovery and hence are not preempted. For instance, gap time is respected in the Fourth Circuit as beyond the ambit of the FLSA (*see* discussion of *Martin v. Lowes supra*), and straight time payments can also be asserted for all hours worked as not preempted. *Martinez-Hernandez*, 578 F. Supp. 2d at 820, s*ee also Spallone,* 2015 U.S. Dist. LEXIS 115114 at *13 ("The South Carolina Wage Payment statute is broader than the FLSA in that it is not limited to controversies involving minimum wage and overtime but applies to all wages due."). As such, while the underlying predicate for additional rights state legislatures provide through wage theft laws may overlap with the FLSA's overtime mandate, because they are additional, different, and enforceable rights that provide for greater remedies, these laws exceed the FLSA floor and, hence, are not preempted. For example, the claims for unlawful deductions from wages addressed in the *Spallone* decision, *supra,* cut into hours of employment beyond the 40-hour threshold*, Spallone,* 2015 U.S. Dist. LEXIS at *5. Indeed, because a wage payment law requires payment within a certain amount of time — and the

---

wage and overtime and contains a savings clause allowing states to enact wage laws relating to minimum wage [explicitly within the savings clause] and overtime [not within the savings clause] which are more generous to employees than the FLSA."), *Torres-Tinajero v. Alpha Constr. of the Triad, Inc*., No. 1:18CV160, 2020 U.S. Dist. LEXIS 164067, *9-*10 (M.D.N.C. Sep. 9, 2020) (no preemption of interest on state law claims) (*citing* N.C. Gen. Stat. § 95-25.6).

FLSA provides no equivalent proscription — that alone suffices to raise such laws above the FLSA floor.

While Lowe's suggests that Plaintiffs' State law claims are identical to FLSA claims (*see* Def. Mem., 8-9), as shown in Exhibit B hereto, the State law claims asserted in the FACC present a situation where the invoked State statutes exceed the federal "floor" and hence would not be preempted.[3]

## II.     Plaintiffs Have Sufficiently Pled Plausible State Law Gap Time Claims

Plaintiffs are asserting "gap time" claims in each of the 20 States, and it appears that Lowe's is only challenging two of these claims – Missouri and North Carolina. "Gap time" (sometimes also referred to as "straight time") are those periods of unpaid work that fall beneath the FLSA's 40-hour floor. *See Nakahata v. N.Y.-Presbyterian Healthcare Sys.*, 723 F.3d 192, *201 (2d Cir. 2013). The FLSA does not provide a cause of action for unpaid gap time, *id.,* which means that if a worker was paid for only 35 hours of a 40-hour workweek, the FLSA itself would not provide a claim for the five unpaid missing hours.

Several states, however, provide protection for gap time pay, protections that necessarily rise above the FLSA floor and thereby avoid preemption (*see* individual discussions of state law, *infra*). North Carolina, for example, protects unpaid gap time by guaranteeing payment for all hours worked in N.C. Gen. Stat. § 95-25.6. *Myers v. Loomis Armored US*, LLC, No. 3:18-cv-00532-FDW-DSC,

---

[3] Finally, should the Court have any further questions in this regard, Plaintiffs could show the underlying doctrinal analytical reasons why preemption does not exist for the claims in Exhibit B. But inasmuch as Lowe's itself did not brief them in asserting this affirmative preemption defense where it bears the burden, and space is limited, Plaintiffs will not do so here. However, Plaintiffs could submit supplemental briefing if the Court desires it. *See Foster, supra*, 2015 U.S. Dist. LEXIS 111413 at *7 ("A cause of action under the state wage statute is separate and distinct from the FLSA claims... Moreover... the defendants have not briefed the three types of preemption at all, and granting a motion to dismiss on that basis would thus be premature.").

2019 U.S. Dist. LEXIS 123884 (W.D.N.C. July 24, 2019) (referring to "gap time" as "straight time"). The protections embodied in N.C. Gen. Stat. § 95-25.6 are not preempted by the FLSA, as Lowe's concedes, *see* Def. Mem., 39. *See Torres-Tinajero v. Alpha Constr. of the Triad, Inc.*, No. 1:18CV160, 2020 U.S. Dist. LEXIS 164067, *9, *10 (M.D.N.C. Sep. 9, 2020), *Martin*, 2020 U.S. Dist. LEXIS 163747, *6 (*citing* N.C. Gen. Stat. § 95-25.6, and N.C. Gen. Stat. § 95-25.8) (recognizing that gap time claims are not preempted).

While Lowe's spends a significant portion of its Motion attempting to defeat minimum wage claims, it is important to note that Plaintiffs have asserted "gap time" claims in each of the 20 States and are *only* asserting minimum wage claims for the States of Colorado, New Mexico and Washington. As discussed below, each of those States provide Plaintiffs' with viable minimum wage claims because they do not allow workweek averaging. With the exception of those States, there is no need for Plaintiffs to further address Lowe's minimum wage arguments since Plaintiffs do not assert such claims.

## III. Although Not Necessary To State Viable Claims, Plaintiffs Have Pled A Contractual Entitlement To Overtime Pay

Lowe's also seeks dismissal of a number of Plaintiffs' claims on the mistaken basis that Plaintiffs are required to, but did not, plead a contractual entitlement to overtime compensation.[1] *First*, Plaintiffs do not agree with, nor does Lowe's provide legal authority supporting, the proposition that Plaintiffs are required to plead a contractual entitlement to overtime compensation to assert the various state law claims that Lowe's seeks to dismiss. *Second*, even assuming such a pleading requirement exists there can be no question that Plaintiffs' *have* pled their contractual entitlement to

---

[1] See Exhibit A, Lowe's Motion to Dismiss Chart (Count II – Arizona; Count IV – Colorado; Count V – Connecticut; Count VII – Illinois; Count IX – Kentucky; Count X – Maryland; Count XI – Massachusetts; Count XIII Massachusetts; Count XIV – Minnesota; Count XXI – New York; Count XXVI – South Carolina; Count XXVIII – Washington; Count XXIX – West Virginia).

overtime compensation. The allegations are abundant throughout the FACC and can be found in the following paragraphs: 5, 6, 47, 48, 54, 62, 90, 99, 108, 109, 112, 113, 114, 115, 116, 118, 119, 120, 123, 124, 166, 167, 180, 184, 188, 212, 214, 215, 224, 227, 229, 231, 237, 238, 245, 247, 249, 264, 265, 269, 270, 279, 330, 336, 338, 373, 377, 378, 388, 390, 393, 394, 399, 401. (ECF No. 16).

## IV.    The Arizona Plaintiffs Have Pled Valid Claims Under The Arizona Wage Acts

The Arizona Plaintiffs (Grove and Garcia) bring claims under the Arizona Wage Act ("AWA") (Count II). Lowe's argues: 1) the Arizona Plaintiffs' claims are time-barred; and 2) there is no substantive entitlement to overtime under Arizona law, and therefore, to the extent that the Arizona Plaintiffs seek to rely on the FLSA's overtime requirement to state a claim under the AWA, that claim is preempted. (Def. Mem., 13-16).

### A.    The Arizona Plaintiffs' Claims Are Not Time-Barred

Lowe's argues the Arizona Plaintiffs' claims are time barred. (*Id.* at 13). The AWA is subject to a one-year statute of limitation. *Redhair v. Kinerk, Beal, Schmidt, Dyer & Sethi, P.C.*, 183 P.3d 544, 551 (Ariz. Ct. App. 2008) (citing A.R.S. § 12-541(3)). The statute, however, does not accrue "until the plaintiff knows or, *in the exercise of reasonable diligence, should know*, the facts underlying the cause [of action]." *Perez v. First American Title Ins. Co.*, 810 F. Supp. 2d 986, 994-995 (D. Ariz. 2011) (quoting *Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 182 Ariz. 586, 898 P.2d 964, 966 (1995)) (emphasis in original). The "running of the statute of limitations is an affirmative defense, and '[i]n general, such disputes are questions of fact for the jury.'" *Id.* (quoting *Lee v. State*, 225 Ariz. 576, 242 P.3d 175, 178 (Ct. App. 2010)).

Here, the Arizona Plaintiffs plausibly allege that Lowe's engaged in a uniform policy and practice of willfully, intentionally, and unreasonably failing to compensate them. (FACC ¶¶ 142(b), 167-168). The Kronos timekeeping system did not allow Plaintiffs to track activities outside the store, such as pre- and post-shift opening and closing duties, and off-the-clock smart phone

communications. (*Id.* ¶¶ 54-61, 89-90, 94-99). Indeed, Lowe's affirmatively prevented Plaintiffs from tracking time worked outside the store. (*Id.* ¶¶ 56-57). Because work-time incurred outside the store was not and could not be tracked, Plaintiffs (hourly employees) had no reason to believe that this time was compensable or that they were being underpaid. *Perez*, 810 F. Supp. 2d at 986 (rejecting statute of limitations defense because it presented a factual dispute for the jury when known facts are arguably insufficient to put the plaintiff on inquiry notice). In other words, a reasonable jury could conclude that Plaintiffs had no reasonable expectation of compensation when Lowe's, a highly sophisticated nationwide company, adopted a time-tracking system and policies that made it impossible to track time outside the worksite. Further, there is no allegation that Plaintiffs *knew* they had a claim.

Despite settled Arizona law on accrual, Lowe's argues that the Arizona Plaintiffs' claims accrued as a matter of law when they "ceased to be employed by Lowe's." (Def. Mem., 12) (citing *Channel v. Home Mortgage, Inc.*, CV-03-0100-PHX-ROS, 2006 WL 8440333, at 1 (D. Ariz. Nov. 30, 2006)). This is not the law, as accrual was not at issue in *Channel. Id.* "The relevant inquiry is when did a plaintiff's 'knowledge, understanding, and acceptance in the aggregate provide [] sufficient facts to constitute a cause of action." *Breeser v. Menta Grp., Inc., NFP*, 934 F. Supp. 2d 1150, 1158 (D. Ariz. 2013) (citations omitted); *see also id.* at 1157 (recognizing, "[a]lthough 'accrual' is not defined in [A.R.S. 12-541, Arizona] courts have applied the common law 'discovery rule' to interpret that term within statutes of limitations") (citations omitted).

Lowe's obfuscation of its time records and deliberate manipulation of the Kronos timekeeping system prevented the Arizona Plaintiffs from knowing they had a claim. To the extent this issue is disputed, it is a fact issue for the jury, or at least for resolution on a fully developed record at summary judgment. For these reasons, Lowe's has failed to meet their burden of showing that the Plaintiffs' claim accrued as a matter of law.

**B.** **The Arizona Plaintiffs Substantively Allege An Entitlement To Overtime Under Arizona Law**

Lowe's argues there is no substantive entitlement to overtime under Arizona law and, to the extent that the Arizona Plaintiffs seek to rely on the FLSA's overtime requirement to state a claim under Arizona law, that claim is preempted under *Anderson.* (Def. Mem., 14-15). The flaw in Lowe's argument is that Plaintiffs' overtime claim under A.R.S. § 23-350 is not based on an alleged violation of the FLSA.

A.R.S. § 23-350 defines "wages" as "nondiscretionary compensation due an employee in return for labor or services rendered by an employee for which the employee has a reasonable expectation to be paid...." The relevant section under which the Arizona Plaintiffs seek overtime pay is § 23-351(C)(3), which states, in pertinent part, that "[o]vertime or exception pay shall be paid no later than sixteen days after the end of the most recent pay period." Here, Lowe's had a policy of paying overtime to employees for work activities that were performed on the clock, which is reflected in their paystubs. Thus, Plaintiffs are entitled to recover overtime compensation under Arizona law because they had a "reasonable expectation to be paid" overtime. *See* A.R.S. § 23-350.

Unlike *Anderson,* the Arizona Plaintiffs are not pursuing remedies under state law to enforce the rights provided under federal statute. *See Anderson,* 508 F.3d at 184, 193. Rather, Plaintiffs have alleged sufficient facts to state an independent claim for unpaid overtime under A.R.S. § 23-350, and that cause of action will rise or fall on its own merit, independent of their FLSA claim. Where the FLSA and supplemental state law claims are independent, the state claim is not preempted. *Moodie*, 124 F. Supp. 3d at 725.

Further, the Arizona Plaintiffs' right to overtime pay under Arizona law is contractual. (*See* FACC ¶ 166) ("Lowe's promised to pay and was required to pay the Arizona Plaintiffs and the Rule 23 Arizona Class Members overtime wages at the rate of one and one-half their regular rate of pay

for all hours over 40 hours in the workweek."). This contractual entitlement, premised on state law, is not based on the FLSA, and Plaintiffs do not mention the FLSA in the allegations supporting the cause of action. (*Id.* ¶¶ 160-169). As such, Plaintiffs have plausibly alleged an unpaid overtime claim under A.R.S. § 23-350.

Finally, Arizona state law provides more generous remedies than the FLSA, and thus, is not preempted. (Exhibit B). Dismissal is thus inappropriate as to the Arizona Plaintiffs' claims for relief under A.R.S. § 23-350.

## V.     The Arkansas Plaintiffs Have Pled Valid Claims Under The Arkansas Minimum Wage Act

The Arkansas Plaintiffs (Estes and Rookey) bring claims under the Arkansas Minimum Wage Act ("AMWA") (Count III). Lowe's argues that the Arkansas Plaintiffs' overtime claim is preempted. (Def. Mem., 16). Arkansas state law provides more generous remedies than the FLSA, and thus, is not preempted. (Exhibit B). Dismissal is thus inappropriate as to the Arkansas Plaintiffs' claims for relief under the AMWA.

## VI.    The Colorado Plaintiffs Have Pled Valid Claims Under The Colorado Wage Acts

The Colorado Plaintiffs bring claims under the Colorado Minimum Wage Act, C.R.S. § 8-6-101 *et seq.*, and the Colorado Wage Claim Act ("CWCA"), C.R.S. § 8-4-101 *et. seq.*[5] (Count IV). Lowe's argues: 1) Plaintiff Boegaert is bound to arbitrate *all of her claims*; 2) the Colorado Plaintiffs' overtime claims are preempted; and 3) the overtime portion of the Colorado Plaintiffs' CWCA claim fails because the CWCA does not contain any entitlement to overtime and the Colorado Plaintiffs make no assertions about a contractual right to overtime premiums. (Def. Mem., 16-20).

### A.     The Court Should Not Compel Plaintiff Bogaert's Claims To Arbitration

Lowe's argues that Plaintiffs Bogaert is bound to arbitrate *all of her claims* – including her

---

[5] These two acts are implemented by Colorado Overtime and Minimum Pay Standards Order ("COMPS Order") #36, 7 Colo. Code Regs. § 1103-1 (effective 07/15/2020 through 12/31/2020).

state law claims and the FLSA claim asserted in *Danford*. (Def. Mem., 18) ("[Plaintiff] Bogaert should be dismissed from the MDL and compelled to arbitrate *all of her claims against Lowe's*.") (emphasis added). To the contrary, Plaintiff Bogaert's FLSA claim cannot be compelled to arbitration because Lowe's produced her arbitration agreement *six months after* the March 24, 2020 deadline to produce opt-in plaintiffs' arbitration agreements and filed the motion to compel *four months after* the June 3, 2020 deadline set forth in the *Danford* scheduling orders. *See Danford*, (ECF No. 153) (case management plan); (ECF No. 166) (order revising deadlines); (ECF No. 185) (joint stipulation); (ECF No. 186) (order revising deadlines).[6] "Because the motion to compel arbitration was filed after the applicable deadline in the scheduling order, if the scheduling order is not modified, [Lowe's] motion should be denied on that basis alone." *Hernandez v. Contl. Am. Corp.*, 3:15-CV-0600-D, 2017 WL 2599120, at *1 (N.D. Tex. June 15, 2017) (denying motion to compel arbitration because it was filed after the deadline set forth in the scheduling order).

Nor has Lowe's shown, or even made any effort to show, that there was good cause to amend the scheduling order. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). When a party ... does not address the good cause standard under Rule 16(b)(4), this court typically denies the motion for that reason alone." *Wachovia Bank, Nat. Ass'n. v. Schlegel*, 3:09-CV-1322-D, 2010 WL 2671316, at *3 (N.D. Tex. June 30, 2010) (citation omitted). Further, "[w]hile there is a presumption in favor of arbitration, this presumption does not override the parties' obligation to comply with the scheduling orders of this court." *Hernandez*, 2017 WL 2599120 at *4, n.2. Accordingly, the Court should deny Lowe's' motion to compel Plaintiff Bogaert's FLSA claim to arbitration because, pursuant to the *Danford* scheduling orders, the motion

---

[6] Importantly, the MDL Case Management Order does not supplant the *Danford* scheduling orders. *See* MDL ECF No. 13 at 2 ("Any orders ... previously entered by this Court ... shall remain in full force and effect unless modified by this Court.").

is untimely. *See IberiaBank v. Previty Surgical PLLC*, 4:17-CV-00160, 2017 WL 3393952, at *5 (S.D. Tex. Aug. 4, 2017) (denying motion to compel arbitration because the motion was untimely); *Wachovia Bank*, 2010 WL 2671316, at *3 (same); *Hernandez*, 2017 WL 2599120, at *1 (same).

Finally, since Lowe's argues that Plaintiff Bogaert cannot split claims based on the same factual allegations between arbitration and this MDL (*see* Def. Mem., 18, n.12), this Court should also deny Lowe's' motion to compel Plaintiff Bogaert's state law claims to arbitration. If, as Lowe's alleges, Plaintiff Bogaert can only pursue her claims in one forum, then she must pursue those claims in this MDL because, as established above, this Court cannot compel her FLSA claim to arbitration.[7]

## B. The Colorado Plaintiffs' CWCA Claim Is Permissibly Based On An Entitlement To Unpaid Overtime

Next, Lowe's argues that the Colorado Plaintiffs' overtime claim under the CWCA must be dismissed because the CWCA does not contain any entitlement to overtime pay and the Colorado Plaintiffs make no assertions about a contractual right to overtime premiums. (Def. Mem., 19). This argument badly misses the mark. "While [the] CWCA does not create a substantive new entitlement to overtime, *it can enforce preexisting entitlements under the FLSA.*" *Coldwell v. RITECorp Envtl. Prop. Sols.*, 16-CV-01998-NYW, 2018 WL 5043904, at *11 (D. Colo. Oct. 17, 2018) (emphasis added) (explaining that the "CWCA is an enforcement mechanism for employees to enforce their entitlement to earned or agreed wages" and concluding that "the CWCA supports a claim for

---

[7] Lowe's wrongly argues that compelling arbitration will not result in prejudice. (Def. Mem., 18). That is not the applicable standard. The good cause provision of Rule 16(b)(4) does not focus on prejudice or bad faith, but rather on the moving party's diligence. *Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997). Further, compelling arbitration at this stage will unfairly prejudice absent Colorado class members because their statutes of limitations will no longer be tolled. Plaintiffs' Counsel was baited by Lowe's' inaction into securing Plaintiffs who they believed in good faith did not sign arbitration agreements. The Court should not reward Lowe's for its efforts to obscure information about arbitration agreements, thereby eroding the claims of absent class members, by allowing Lowe's belatedly to do what it should have done months earlier and what they steadfastly declined to do.

overtime pay owed under the FLSA"). Therefore, "the CWCA supports a claim for overtime pay owed under the FLSA." *Id.* (citation omitted).

Further, to the extent Lowe's argues for preemption, Colorado state law provides more generous remedies than the FLSA, and thus, is not preempted. (Exhibit B); *Redmond v. Chains, Inc.,* 996 P.2d 759, 764 (Colo. App. 2000) (holding that "the FLSA does not preempt the Colorado Wage Claim Act, because, under the Colorado Wage Claim Act, a party is entitled to relief that is not available under the FLSA," and therefore, a plaintiff "is entitled to assert claims for relief under both statutes").

Finally, insofar as the CWCA's "payday" provision (Colo. Rev. Stat. § 8-4-103(1)(a)) governs *when* wages must be paid, it is not preempted under the FLSA. Where the FLSA and supplemental state law claims are independent, the state claim is not preempted. *Moodie,* 124 F. Supp. 3d at 725. Therefore, to the extent that the Colorado Plaintiffs seek to hold Lowe's accountable for not paying overtime in a timely manner, Lowe's Motion to Dismiss must be denied.

For the reasons stated above, dismissal is inappropriate as to the Colorado Plaintiffs' claims for relief under the CWCA.

### C.      The Colorado Minimum Wage Act Applies If An Employee Works Off The Clock

Lowe's argues that the Colorado Plaintiffs' minimum wage claim fails because their average hourly wage never fell below the state minimum wage. (Def. Mem., 19-20). However, that is not what the statute says. Section 3 of COMPS Order #36 states that employees "shall be paid not less than [the applicable minimum wage] *for all hours worked,"* 7 Colo. Code Regs. § 1103-1:3 (emphasis added), even if their average hourly rates never fell below the minimum wage. *See Sobolewski v. Boselli & Sons, LLC,* 342 F. Supp. 3d 1178, 1184 (D. Colo. 2018) (explaining that if an employer pays an hourly employee $12.00 per hour (an hourly rate above the required minimum), but does not pay that employee for compensable meal and rest breaks, the hypothetical employee is ultimately

receiving less than the legal minimum wage for all hours worked, even though his hourly rate of pay is more than the minimum wage). Accordingly, the Colorado Plaintiffs have alleged a viable minimum wage claim under COMPS Order #36.

## VII. The Connecticut Plaintiff Has Pled Valid Claims Under The Connecticut Minimum Wage Act

The Connecticut Plaintiff (Belaski) brings claims under the Connecticut Minimum Wage Act ("CMWA") (Count V). Lowe's argues: 1) Plaintiff Belaski's overtime claim is preempted; and 2) the overtime component of Plaintiff Belaski's claim for failure to pay "all wages" due under Conn. Gen. Stat. § 31–71b(a)(1) must also be dismissed due to preemption and because she has not pled a contractual right to overtime. (Def. Mem., 20).

Connecticut state law provides more generous remedies than the FLSA, and thus, is not preempted. (Exhibit B). Notably, the Connecticut Supreme Court has been clear that "29 U.S.C. § 207(a)(1) *does not preempt* Connecticut General Statutes § 31–76c." *Sarrazin v. Coastal, Inc.*, 311 Conn. 581, 597 (2014). The *Sarrazin* Court clarified that the Connecticut "state laws meet the national floor. Preemption applies only if our state overtime laws and related travel time regulations are less generous to employees than the FLSA." *Id.* at 596. The court concluded that the FLSA preempted only state law that was in "irreconcilable conflict" with federal law. *Id.* at 593-94, *citing, Sosnowy v. A. Perri Farms, Inc.*, 764 F.Supp.2d 463, 464 (E.D.N.Y. 2011).

Further, insofar as Conn. Gen. Stat. § 31–71b(a)(1) governs *when* wages must be paid, it is not preempted under the FLSA. Where the FLSA and supplemental state law claims are independent, the state claim is not preempted. *Moodie*, 124 F. Supp. 3d at 725. Therefore, to the extent that Plaintiff Belaski seeks to hold Lowe's accountable for not paying overtime in a timely manner, Lowe's Motion to Dismiss must be denied.

For the reasons stated above, dismissal is inappropriate as to Plaintiff Belaski's claims for

relief under the CMWA.

## VIII. The Illinois Plaintiffs Have Pled Valid Claims Under The Illinois Wage Acts

The Illinois Plaintiffs bring claims under the Illinois Minimum Wage Law ("IMWL") (Count VI); the Illinois Wage Payment and Collection Act ("IWPCA") (Count VII); and the One Day Rest in Seven Act ("ODRA") (Count VIII). Lowe's argues: 1) the Illinois Plaintiffs' overtime claim under the IMWL is preempted; 2) the overtime portion of the Illinois Plaintiffs' IWPCA claim fails because they do not allege a contractual entitlement to overtime premiums; and 3) there is no private right of action under the ODRA.[8] (Def. Mem., 21-23).

Illinois law provides more generous remedies than the FLSA, and thus, is not preempted. (Exhibit B). Lowe's cites *Driver v. AppleIllinois, LLC*, 265 F.R.D. 293 (N.D. Ill. 2010) for the assertion that Plaintiffs' IMWL claims are preempted because "the same general analysis applies" to both the FLSA and the IMWL. Def. Mem. 21. But *Driver* did not find—or even mention—preemption; and no court has ever interpreted *Driver* to stand for the proposition that the FLSA preempts IMWL claims. In fact, like countless other courts, the *Driver* court permitted plaintiffs to simultaneously pursue claims under both the FLSA and the IMWL. *See Driver*, 265 F.R.D. at 295. *See also, e.g., Ervin v. OS Rest. Servs.*, 632 F.3d 971, 975 (7th Cir. 2011); *Chavez v. Don Stoltzner Mason Contractor, Inc.*, 272 F.R.D. 450, 456 (N.D. Ill. 2011) ("no conflict in permitting class certification on the [IMWL] state law claim while the FLSA claims advance as individual prayers for relief"); *Hernandez v. Gatto Indus. Platers, Inc.*, No. 08 C 2622, 2009 U.S. Dist. LEXIS 36023, at *3 (N.D. Ill. Apr. 28, 2009) (same); *Balmes v. Ill. Bell Tel. Co.*, No. 15 C 2685, 2016 U.S. Dist. LEXIS 33339, at *25 (N.D. Ill. Mar. 15, 2016); *Whitmore v. Kraft Foods Glob., Inc.*, 798 F. Supp. 2d 917, 922 (N.D. Ill. 2011); *Farmer v. DirectSat United States*, No. 08 C 3962, 2010 U.S. Dist.

---

[8] The Illinois Plaintiffs agree that the Court should dismiss their ODRA claim.

LEXIS 105738, at *50 (N.D. Ill. Oct. 4, 2010) (IMWL and other statutory state law claims are not preempted). Hence, the Illinois Plaintiffs' overtime claim under the IMWL is not preempted

### A. The Illinois Plaintiffs Adequately Allege A Contract Entitling Them To Overtime Premiums

The IWPCA allows for a cause of action based on wrongfully held compensation pursuant to a contract or agreement. *Enger v. Chi. Carriage Cab Co.*, 77 F. Supp. 3d 712, 715 (N.D. Ill. 2014). Illinois courts have interpreted the term "agreement" to be broader than a contract and to require only a manifestation of mutual assent. *Brown v. Club Assist Rd. Serv. U.S., Inc.*, No. 12 CV 5710, 2013 U.S. Dist. LEXIS 133990, at *8 (N.D. Ill. Sept. 18, 2013) (quoting *Hess v. Kanoski & Assocs.*, 668 F.3d 446, 452 (7th Cir. 2012)). Accordingly, Plaintiffs do not need to plead all of the elements of a contract if they can plead facts showing mutual assent to an agreement. *Id.*; *see also Landers-Scelfo v. Corp. Office Sys.*, 827 N.E.2d 1051, 1058-59 (2005) (finding that because "an employment agreement can be entirely implicit" and "employers and employees can manifest their assent to conditions of employment by conduct alone" under the IWPCA, a worker only needs to show mutual assent to terms supporting recovery). Here, the Illinois Plaintiffs' factual allegations regarding their working arrangement with Lowe's more than adequately establish an agreement under Illinois law. (FACC ¶¶ 108-124).

Lowe's does not, and cannot, dispute that the Illinois Plaintiffs sufficiently allege that they were not compensated for work they performed pursuant to their employment agreement. (*See id.* ¶¶ 53-99, 112-124, 208, 215).[9] Lowe's instead argues for the dismissal of only "the portion of the Illinois Plaintiffs' IWPCA claim (Count VII) seeking overtime" based upon the assertion that "Illinois Plaintiffs have not alleged any specific contractual entitlement to an overtime premium."

---

[9] Plaintiffs allege they were entitled to compensation for unpaid "gap time" wages at their regular hourly rate even where they did not work in excess of 40 hours in a workweek. (*Id.* ¶¶ 110-111).

(Def. Mem., 22). Courts in the Seventh Circuit, however, have explicitly rejected the argument that the agreement between an employer and an employee must specifically include a provision relating to overtime in order to bring a valid IWPCA claim. *See Partlow v. Johnson*, No. 3:18-cv-01441-DGW, 2018 U.S. Dist. LEXIS 184063, at *5 (S.D. Ill. Oct. 26, 2018); *see also Deschepper v. Midwest Wine & Spirits, Inc.*, 84 F. Supp. 3d 767, 779 (N.D. Ill. 2015) (plaintiff was "not required to allege an entitlement to be paid for specific expenses"); *Barlett v. City of Chicago*, No. 14 C 7225, 2015 U.S. Dist. LEXIS 2232 at *3 (N.D. Ill. Jan. 9, 2015) (denying a motion to dismiss based on the City's contention that the plaintiff had failed to allege the existence of "an agreement or contract that explicitly outlined that the City would pay him for his time spent traveling to and from home and work, whether as wages or overtime" as "incorrect" because "[s]uch specificity is not required to allege a claim under the IWPCA."). As the court explained in *Partlow*:

> The Complaint specifically alleges that between 2010 and 2017, Partlow was a 'seasonal full-time employee of Defendant'. In addition, Johnson assigned Partlow to complete non-agricultural duties including mowing Defendant's lawn, cleaning filters in the septic system of Defendant's home, and cleaning the reception hall of a separate business owned by Johnson. These additional duties required Partlow to regularly work four to six hours of overtime. The Court finds it unlikely that Partlow agreed to perform these additional duties without compensation. Thus, Partlow has pled sufficient facts for the Court to 'draw the reasonable inference' that an employment agreement existed between the parties as to the additional non-agricultural work.

2018 U.S. Dist. LEXIS 184063, at *5 (citations omitted). Here, like in *Partlow*, the Illinois Plaintiffs were required to perform additional tasks before clocking in and after clocking out, and therefore, the reasonable inference is that an agreement to perform those of-the-clock, overtime duties existed.

Additionally, courts have held that a viable IWPCA claim can rest on the parties' mutual assent to follow the law—*i.e.* to pay overtime for time worked in excess of 40 hours in a workweek. *Balmes*, 2016 U.S. Dist. LEXIS 33339, at *7 ("nothing prevents an employer and an employee from mutually assenting to follow the law"); *Wharton v. Comcast Corp.*, 912 F. Supp. 2d 655, 660-61

(N.D. Ill. 2012). Indeed, as a federal district court held earlier this year: "given the broad understanding of the term 'agreement' as used in the IWPCA, this Court concurs with the decisions finding that an agreement to pay overtime in accordance with existing overtime laws is a cognizable agreement for IWPCA purposes." *Snell-Jones v. Hertz Corp.*, No. 19-cv-00120, 2020 U.S. Dist. LEXIS 43696, at *18 (N.D. Ill. Mar. 13, 2020).

To the extent the facts surrounding the parties' agreement are in question, it is premature to dismiss the Illinois Plaintiffs' claims. *See Brown*, 2013 U.S. Dist. LEXIS 133990, at *8 (holding that an alleged agreement to pay workers in exchange for services stated a claim under the IWPCA and that it would be "premature" to dismiss an IWPCA claim when the plaintiffs plausibly alleged that the defendant was their "employer" under the FLSA and the IMWL).

## IX. The Kentucky Plaintiff Has Pled Valid Claims Under The Kentucky Wages And Hours Act

The Kentucky Plaintiff (Anderson) brings claims under the Kentucky Wages and Hours Act ("KWHA") (Count IX). Lowe's argues: 1) Plaintiff Anderson is exempt from overtime under Kentucky law or, alternatively, his Kentucky overtime claim is preempted; and 2) any claim for overtime under KRS 337.020 must also be dismissed because there is no state-law substantive entitlement to overtime and Plaintiff Anderson does not plead a contractual entitlement to overtime. (Def. Mem., 23-25).

Kentucky state law provides more generous remedies than the FLSA, and thus, is not preempted. (Exhibit B). Further, insofar as KRS 337.020 governs *when* wages must be paid, it is not preempted under the FLSA. Where the FLSA and supplemental state law claims are independent, the state claim is not preempted. *Moodie*, 124 F. Supp. 3d at 725. Therefore, to the extent Plaintiff Anderson seeks to hold Lowe's accountable for not paying overtime in a timely manner, Lowe's Motion to Dismiss must be denied. Dismissal is thus inappropriate as to Plaintiff Anderson's claims for relief under the KWHA.

## A.  Plaintiff Anderson Is Not Exempted From Overtime Under KRS 337.285

The pertinent provisions of Kentucky's overtime compensation statute state:

(1) No employer shall employ any of his employees for a work week longer than forty (40) hours, unless such employee receives compensation for his employment in excess of forty (40) hours in a work week at a rate of not less than one and one-half (1-1/2) times the hourly wage rate at which he is employed.

(2) This provision shall **not** apply to the following:

(a) Employees of retail stores engaged in work connected with **selling, purchasing, and** distributing merchandise, wares, goods, articles, or commodities.

KRS 337.285 (emphasis added). The Kentucky Administrative Regulations ("KAR") clarify the exclusions in KRS 337.285, stating:

Section 4. Exemptions from Overtime.

(1) Employees of retail stores whose principal duties are connected with selling, purchasing, and distributing of goods.

(2) Employees of a retail store whose principal duties are not connected with the selling, purchasing, and distributing of the goods will not be considered as exempt employees.

803 KAR 1:075-4.[10] If any one of the required factual elements is absent, Lowe's cannot seek refuge in the exemption – thereby entitling Plaintiff Anderson to seek overtime pay under KRS 337.285.[11]

As such, the question presented here is whether Plaintiff Anderson, as an hourly Service Manager, performed principal duties such that he is exempt from Kentucky's overtime pay requirement. The first part of the analysis concerns the meaning of the "principal duties" language found in 803 KAR 1:075-4, and the second part of the Court's analysis concerns the "connected

---

[10] While Lowe's motion focuses on the exemption's statutory language, the corresponding administrative regulation is only mentioned in passing. In particular, Lowe's conspicuously avoids any substantive discussion of the "principal duties" requirement.

[11] Because Plaintiff Anderson need only demonstrate one of the exemption elements is not met, it is unnecessary and redundant for Plaintiff Anderson to repeat the same analysis and discussion concerning each element.

with" language found in both KRS 337.285(2)(a) and 803 KAR 1:075-4. *Barker v. Family Dollar, Inc.*, 2011 U.S. Dist. LEXIS 25654, *3-8, (W.D. Ky. March 11, 2011).

1. **Lowe's Has <u>Not</u> Factually Demonstrated That Plaintiff Anderson's Principal Duties Meet The Exemption**

Even beyond the point that this is a motion to dismiss, Lowe's has not offered any factual support to demonstrate that Plaintiff Anderson's *principal* duties were connected with selling, purchasing, and distributing merchandise. Instead, Lowe's simply concludes that, because Plaintiff Anderson worked for Lowe's, which "operate[s] [a] chain of retail stores," Plaintiff Anderson's own allegations prove he is exempt from Kentucky's overtime requirements. (Def. Mem., 24). Lowe's further states that Plaintiff Anderson "alleges that he and other hourly managers are responsible for 'enabling and empowering a team' to perform 'customer facing activities on the sales floor' and 'down stocking, inventory management and area recovery,' as well as 'moving large, bulky and or/heavy merchandise.'" *Id.* That is the entire extent of Lowe's support and argument.

Taking Plaintiff Anderson's factual allegations as true, the only reasonable conclusion (absent further discovery) is that Plaintiff Anderson's principal duty was <u>not</u> selling, purchasing, <u>and</u> distributing – defeating Lowe's exemption argument. Again, Plaintiff Anderson is not the party with the burden of proving that the exemption applies. Even so, Plaintiff Anderson's factual allegations are sufficient to defeat Lowe's premature motion. *See Barker v. Family Dollar, Inc.*, 2011 U.S. Dist. LEXIS 25654, *3-8, (W.D. Ky. March 11, 2011) (denying motion to dismiss and holding that "only employees who engage in *all three* activities-selling, purchasing and distributing merchandise-are exempt from the overtime compensation statute.") (emphasis added) (*case dismissed on other grounds* at 2012 U.S. Dist. LEXIS 153331 (W.D. Ky. Oct. 25, 2012)).

X. **The Maryland Plaintiffs Have Pled Valid Claims Under The Maryland Wage Acts**

The Maryland Plaintiffs bring claims under the Maryland Wage and Hour Law ("MWHL")

and the Maryland Wage Payment and Collection Law ("MWPCL") (Count X). Lowe's argues: (1) Plaintiff Hyde agreed to arbitrate his claims;[12] 2) Plaintiff Hursey released his claims and waived his right to sue; 3) Plaintiff Hursey did not plead he was an Hourly Manager; 4) the Maryland Plaintiffs' overtime claims are preempted; and 5) the Maryland Plaintiffs' overtime claim under the MWPCL fails because there is no viable state-law source for such an entitlement, and the Maryland Plaintiffs do not plead a contractual source of an overtime premium. (Def. Mem., 25-28).

Maryland state law provides more generous remedies than the FLSA, and thus, is not preempted. (Exhibit B). Unanimous federal court authority forecloses Lowe's' preemption argument. For example, in *Banks v. Wet Dog, Inc.*, RDB-13-2294, 2014 WL 4271153, at *5 (D. Md. 2014), the District Court of Maryland explicitly rejected the argument that the FLSA moots or preempts identical MWHL claims, noting that "[t]here is nothing in the [FLSA] that ... prevents employees from maintaining FLSA claims and MWHL claims in the same suit." *Banks* adheres to the unanimous view of the federal courts that the FLSA does not preempt the MWHL. *Knepper v. Rite Aid Corp.*, 675 F.3d 249, 264 (3d Cir. 2012); *Iraheta v. Lam Yuen, LLC*, CIV.A. CBD-12-1426, 2013 WL 6713219, at *8-9 (D. Md. Dec. 18, 2013); *Butler*, 800 F. Supp. 2d at 672; *Hoffman v. First Student, Inc.*, AMD-06-1882, 2009 WL 1783536, at *9 (D. Md. Jun. 23, 2009).[13] Lowe's' position also defies numerous state court opinions that, although not addressing preemption, have permitted plaintiffs to bring claims under the FLSA and state law simultaneously. *See, e.g.*, *Campusano v. Lusitano Const. LLC*, 56 A.2d 303, 308 (2012); *Newell v. Runnels*, 967 A.2d 729, 771 (2009). On the force of these precedents, Lowe's' preemption argument must be rejected

---

[12] The Claims Administrator has been unable to locate Plaintiff Hyde's consent form, and therefore, Plaintiffs' Counsel will agree to initiate arbitration on his behalf.

[13] To the extent that Lowe's relies on *Anderson v. Sara Lee Corp.*, 508 F.3d at 184, for the proposition that the FLSA preempts the MWHL, that argument was expressly rejected in *Jones v. Fid. Resources, Inc.*, CV RDB-17-1447, 2019 WL 4141015, at *6, n.3 (D. Md. Aug. 30, 2019).

## A. The Maryland Wage And Hour Statutes Are Non-Waivable

Lowe's seeks to dismiss Plaintiff Hursey on the premise that he waived his rights under the applicable wage laws when he entered into a Release and Separation Agreement (the "Agreement") on January 21, 2017. (Def. Mem., 26; ECF No. 17-3, Ex. 3 (Agreement)). Even assuming that Lowe's' affirmative defense of waiver could properly be considered under Rule 12(b)(6) and even assuming that the Agreement, which is extrinsic to the Complaint, could properly be considered by the Court on this motion, Lowe's would *still* not prevail because "[a] worker cannot contractually waive her rights to full payment under the FLSA, MWHL, or MWPCL." *Johnson v. CRC Holdings, Inc.*, JKB-16-2937, 2017 WL 914998, at *2-3 (D. Md. Mar. 8, 2017) (denying affirmative defense of waiver pursuant to a Separation Agreement and Release because the Maryland wage statutes are non-waivable). There is no indication in the Agreement or elsewhere that the severance amount paid to Plaintiff Hursey bears any relationship to wages owed to him under the FLSA, MWHL, or MWPCL. Therefore, even if it were to consider Lowe's' proffered affirmative defense of waiver, the Court should deny that argument as a matter of law.

## B. Plaintiff Hursey Expressly Pleaded He Was An Hourly Manager

Recognizing that the Agreement is unenforceable, Lowe's argues in the alternative that Plaintiff Hursey pled himself out of the case by asserting he was not an "Hourly Manager." (Def. Mem., 27). To the contrary, Plaintiff Hursey plainly alleges that he worked for Lowe's as an Assistant Manager from November 2017 until January 2019 and *was paid an hourly wage of approximately $18.00 per hour.* FACC ¶ 21. Plaintiff Hursey's Severance Packet Cover Sheet – attached to Lowe's' motion at ECF No. 17-3, Ex. 3 – explicitly states that he worked for Lowe's as an Assistant Store Manager and *was paid an hourly rate of $24.09.* This is confirmed by Plaintiff Hursey's pay stub – also attached to Lowe's' motion – *reflecting a pay rate of $24.09 per hour. Id.* Given that Lowe's' proffered evidence conclusively establishes that Plaintiff Hursey was an hourly paid manager, his

claims should be allowed to proceed.

C.   **The Maryland Wage Payment And Collection Law May Be Utilized As A Vehicle To Recover Overtime Wages Improperly Withheld By An Employer**

Lowe's argues that the Maryland Plaintiffs' overtime claim under the MWPCL should be dismissed because there is no viable state-law source for such an entitlement, and the Maryland Plaintiffs do not plead a contractual source of an overtime premium. (Def. Mem., 28). This position is directly contradicted by controlling authority. Although some federal courts previously read the MWPCL as applying only to the timing of payments, *see, e.g., McLaughlin v. Murphy*, 372 F. Supp. 2d 465, 474-75 (D. Md. 2004), the Maryland Court of Appeals has explicitly rejected that interpretation. *Peters v. Early Healthcare Giver, Inc.*, 97 A.3d 621, 625-26 (Md. 2014) ("We reaffirm today that both the [M]WHL and the [M]WPCL are vehicles for recovering overtime wages. Without a doubt, [a plaintiff] has a right to bring a private cause of action under the [M]WPCL to recover any unlawfully withheld overtime wages."). Accordingly, the Maryland Plaintiffs may recover unpaid overtime under the MWPCL.

XI.   **The Massachusetts Plaintiff Has Pled Valid Claims Under The Massachusetts Wage Acts**

The Massachusetts Plaintiff (Lavelle) brings claims under the Massachusetts Minimum Fair Wages Law ("MMFWL") (Count XI), the Massachusetts Overtime Act ("MOA") (Count XII), and the Massachusetts Timely Payment of Wages Act ("MTPWA") (Count XIII). Lowe's argues: 1) Plaintiff Lavelle's overtime claims are preempted; and 2) Plaintiff Lavelle's overtime claim under the MTPWA fails because the statute does not contain a substantive right to overtime and Plaintiff Lavelle identifies no contractual source for an overtime premium. (Def. Mem., 28-30).

Massachusetts state law provides more generous remedies than the FLSA, and thus, is not preempted. (Exhibit B). Further, insofar as the MTPWA governs *when* wages must be paid, it is not preempted under the FLSA. Where the FLSA and supplemental state law claims are independent,

the state claim is not preempted. *Moodie*, 124 F. Supp. 3d at 725. Therefore, to the extent that Plaintiff Lavelle seeks to hold Lowe's accountable for not paying overtime in a timely manner, Lowe's Motion to Dismiss must be denied. Dismissal is thus inappropriate as to Plaintiff Lavelle's overtime claims under Massachusetts law.

### A.      The Timely Payment of Wages Act Allows For The Recovery Of Overtime Wages

Under the MTPWA,

> [e]very person having employees in his service shall pay weekly or bi-weekly each such employee the wages earned by him to within six days of the termination of the pay period during which the wages were earned if employed for five or six days in a calendar week, or to within seven days of the termination of the pay period during which the wages were earned if such employee is employed seven days in a calendar week....

Mass. Gen. L. c. 149 § 148. Further, Mass. Gen. L. c. 149 § 150 authorizes an aggrieved employee to bring suit for violation of § 148 for damages, including an award of treble damages, as well as any loss of wages and other benefits, attorneys' fees and costs.

Lowe's argues that Plaintiff Lavelle's overtime claim under the MTPWA fails because the statute does not contain a substantive right to overtime and Plaintiff Lavelle identifies no contractual source for an overtime premium. (Def. Mem., 28-30).

The Superior Court of Massachusetts has held that overtime wages can be awarded under § 148[14], and the Supreme Judicial Court of Massachusetts held that when the statute of limitations

---

[14] The Massachusetts Superior Court awarded overtime wages under Mass. Gen. L. c. 149 § 148 in *Parow v. Howard,* 17 Mass.L.Rptr. 149, 2003 WL 23163114, at **2–3 (Mass.Super., Nov. 12, 2003), where the Court found the defendants to have violated § 148 by failing to pay the plaintiffs their earned overtime wages within seven days of the termination of the pay period. *See also Souto v. Sovereign Realty Associates, Ltd.,* 23 Mass.L.Rptr. 386, 2007 WL 4708921, at *2 (Mass.Super., Dec. 14, 2007) ("Massachusetts courts have recognized that wages at the employee's regular rate for time worked in excess of his normal hours are 'wages' nonetheless for purposes of G.L. c. 149, § 148); *Parow v. Howard,* 2003 WL 23163114, *3 (Mass.Super.) (allowing recovery of overtime wages under G.L. c. 149, § 148); *Charles v. Roads Corp.,* 1999 WL 1203754, *3 (Mass.Super., Sept. 29, 1999) (finding salary owed to employee for hours worked is an hourly wage regardless of characterization as overtime or otherwise).

governing an overtime claim has run out, the employee may still assert a claim "for unpaid overtime work at the regular rate under the Wage Act." *Crocker v. Townsend Oil Co., Inc.,* 464 Mass. 1, 7, 979 N.E.2d 1077, 1082 (Mass. 2012). Thus, "if [Plaintiff Lavelle] is found to be entitled to overtime under Mass. Gen. L. c. 151 § 1A, he can also proceed under Mass. Gen. L. c. 149 § 148 and hold the defendants accountable for not paying that overtime in a timely manner." *O'Brien v. Lifestyle Transp., Inc.,* 956 F. Supp. 2d 300, 309 (D. Mass. 2013). Hence, Lowe's Motion to Dismiss the overtime portion of Count XIII must be denied.

## XII. The Minnesota Plaintiff Has Pled Valid Claims Under The Minnesota Wage Acts

The Minnesota Plaintiff (Neal) brings claims under the Minnesota Fair Labor Standards Act ("MFLSA") (Count XVI) and the Minnesota Payment of Wages Act ("MPWA") (Count XIV). Lowe's argues: 1) Plaintiff Neal did not sufficiently show that he worked over 48 hours in any given week, as needed to establish an overtime claim under the MFLSA; and 2) the overtime portion of Plaintiff Neal's MPWA claim fails because the MPWA does not contain a statutory right to overtime and Plaintiff Neal identifies no contractual source for an overtime premium. (Def. Mem., 30-32).

### A. Plaintiff Neal Plausibly Alleges Overtime Violations Of The Minnesota Fair Labor Standards Act

The MFLSA states that "[n]o employer may employ an employee for a workweek longer than 48 hours, unless the employee receives compensation for employment in excess of 48 hours in a workweek at a rate of at least 1-1/2 times the regular rate at which the employee is employed." Minn. Stat. § 177.25, subd. 1. In response, Lowe's argues that Plaintiff Neal "simply recite[s] the legal elements for a violation of the overtime provisions of the Minnesota FLSA." (Def. Mem., 30) (quoting *LePage v. Blue Cross & Blue Shield of Minn.,* No. CIV. 08-584 RHK/JSM, 2008 WL 2570815, at *4 (D. Minn. June 25, 2008)). That is hardly the case here.

Unlike in *LePage*, Plaintiff Neal specifically articulated the tasks Lowe's required him to

perform associated with: 1) opening duties prior to clocking in; 2) closing duties after clocking out; and 3) communications he performed while off the clock during his break or away from the store. (FACC ¶¶ 59-99). The amount of time required to complete this unpaid work varies by week, which is why Plaintiff Neal's allegations qualified time estimations with "or more" language. Added together, these conservative time estimates mean that Plaintiff Neal worked at least an unpaid hour a day five to six days a week. It is entirely plausible that during Plaintiff Neal's employment with Lowe's, he worked at least one week over 48 hours. *See Burch v. Qwest Communications Intern., Inc.*, 677 F.Supp.2d 1101, 1126 (D. Minn. 2009) (considering MFLSA class certification where class representative alleged he "worked at least one week for more than 48 hours"); *see also Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994) (stating that a motion to dismiss should not be granted unless it appears beyond a doubt that plaintiffs can prove no set of facts that would entitle plaintiffs to relief). Plaintiff Neal plausibly alleged that he worked over 48 hours at least once in a workweek to sustain a MFLSA claim. Lowe's' Motion to Dismiss Plaintiff Neal's MFLSA claim must be denied.

## B. Plaintiff Neal Plausibly Alleges An Overtime Violation Under The Minnesota Payment Of Wages Act

Since Plaintiff Neal plausibly alleged a violation of the MFLSA—and the FLSA, but that claim is not at issue in Lowe's' Motion to Dismiss—he has established a right to prompt payment of wages under the MPWA. The MPWA states,

> An employee may directly seek and recover payment from an employer under this section even if the employee is not a party to a contract that requires the employer to pay the employee at the rate of pay demanded by the employee, so long as the contract or any applicable statute, regulation, rule, ordinance, government resolution or policy, or other legal authority requires payment to the employee at the particular rate of pay.

Minn. Stat. § 181.14, subd. 2. As noted by Lowe's, the Minnesota Supreme Court—considering a different provision in the MPWA—stated, "[t]o recover under the statute, the employee must establish an independent, substantive legal right, separate and distinct from section 181.13 to the

particular wage claimed." *Caldas v. Affordable Granite & Stone, Inc.*, 820 N.W.2d 826, 837 (Minn. 2012). The express language of Minn. Stat. § 181.14, subd. 2, makes clear that a plaintiff must only show "legal authority requir[ing] payment to the employee at the particular rate of pay" and explicitly lists violation of any "applicable statute, regulation, rule, ordinance, government resolution or policy" as appropriate legal authority. Here, Plaintiff Neal alleged violations of both the MFLSA and the FLSA, which entitles him to prompt payment of wages under the MPWA, including overtime wages. Therefore, Lowe's' Motion to Dismiss Plaintiff Neal's MPWA claim must be denied.

Further, insofar as Minn. Stat. § 181.14(a) governs *when* wages must be paid, it is not preempted under the FLSA. Where the FLSA and supplemental state law claims are independent, the state claim is not preempted. *Moodie*, 124 F. Supp. 3d at 725. Therefore, to the extent that Plaintiff Neal seeks to hold Lowe's accountable for not paying overtime in a timely manner, Lowe's Motion to Dismiss must be denied.

For the reasons stated above, dismissal is inappropriate as to Plaintiff Neal's claims for relief under the MPWA.

## XIII.    The Missouri Plaintiff Has Pled Valid Claims Under The Missouri Minimum Wage Law

The Missouri Plaintiff (West) brings claims under Missouri's Wage Act, Mo. Rev. Stat. § 290.500 *et seq.* (a/k/a Missouri's Minimum Wage Law, "MMWL") (Count XVII). Lowe's argues: 1) Plaintiff West's overtime claim is preempted; and 2) the MMWL does not recognize a "gap time" claim.[15] (Def. Mem., 32-33).

Missouri law provides more generous remedies than the FLSA, and thus, is not preempted. (Exhibit B). Notably, "District courts within the Eighth Circuit ... have found that the FLSA does not

---

[15] Plaintiff West agrees that the only claim that should proceed is his unpaid overtime claim under the MMWL, which is not preempted as demonstrated in this Section.

preempt state common law claims..." *Tinsley v. Covenant Care Servs., LLC*, No. 1:14CV00026 ACL, 2016 WL 393577, at *4 (E.D. Mo. Feb. 2, 2016). This includes the MMWL not being preempted. *See Davenport v. Charter Commun., LLC*, 4:12CV00007 AGF, 2012 WL 5050580, *2-*3 (E.D. Mo. Oct. 12, 2012) (no preemption of MMWL or state common law claims based on the same alleged facts underlying FLSA claim). Dismissal is thus inappropriate as to Plaintiff West's overtime claim under the MMWL.

## XIV. The Nevada Plaintiffs Have Pled Valid Claims Under Nevada Wage And Hour Law

The Nevada Plaintiffs (Ricks and Pennington) bring claims under the Nevada Wage and Hour Law ("NWHL") (Count XVIII). Lowe's argues: 1) Plaintiff Ricks' claims are time-barred; 2) the Nevada Plaintiffs' overtime claim is preempted; and 3) there is no private right of action for meal-break claims under Nevada law.[16] (Def. Mem., 33-35).

Nevada law provides more generous remedies than the FLSA, and thus, is not preempted. (Exhibit B). Notably, the Nevada Supreme Court reversed a state trial court's ruling that "essentially concluded that the FLSA preempted Nevada law under a conflict analysis because the NWHL applied to the same subject." *Jane Roe Dancer IVII v. Golden Coin, Ltd.*, 124 Nev. 28, 176 P.3d 271, 274 (2008). The Nevada Supreme Court held that there is no conflict between the NWHL and the FLSA. *Id.* As a result, the Nevada Supreme Court held that the plaintiffs' FLSA claim did not preempt their NWHL claim. *Id.* Dismissal is thus inappropriate as to the Nevada Plaintiffs' overtime claim under the NWHL.

### A. Plaintiff Ricks' Claims Are Not Time-Barred

A two-year statute of limitations applies to NRS § 608.260. Lowe's argues that Plaintiff Ricks' claims are time-barred because the original complaint was filed on March 12, 2020 (*see Ricks* Doc.

---

[16] The Nevada Plaintiffs agree to dismiss their meal break claims under NRS § 608.019.

1), but Plaintiff Ricks worked as a Lowe's manager "from March 2013 until February 2018." (Def. Mem., 33) (citing FACC ¶ 26). Lowe's bears the burden of proof that the statute of limitations, an affirmative defense, bars the claim. Fed. R. Civ. P. 8(c)(1); *Stack v. Abbott Labs., Inc.*, 979 F. Supp. 2d 658, 664 (M.D.N.C. 2013). Further, a court can reach the merits of a limitations issue at the Rule 12(b)(6) stage only "if all facts necessary to the [statute of limitations] defense 'clearly appear[ ] on the face of the complaint.'" *Id.* (quoting *Goodman*, 494 F.3d at 464) (alteration in original).

A cause of action for unpaid wages accrues on each instance that the wages are not paid. Hence, even though Plaintiff Ricks worked for Lowe's "until February 2018," a separate cause of action accrued on or after March 12, 2018 if Plaintiff Rick's last payday occurred on or after that date and if he worked overtime during the pay period. Hence, this Court should find that Plaintiff Ricks sufficiently set forth a valid claim pending further examination by the Court upon motion once the facts of the case are more fully developed. "Rule 8 does not require plaintiffs to plead around affirmative defenses." *U.S. Commodity Futures Trading Commn. v. Monex Credit Co.*, 931 F.3d 966, 972 (9th Cir. 2019) (citation omitted).

## XV. The New Jersey Plaintiffs Have Pled Valid Claims Under The New Jersey Wage Acts

The New Jersey Plaintiffs (Gerber and Suazo) bring claims under the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a *et seq.*, the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. 34:11-4.1 *et seq.*, and the N.J. Admin. Code § 12:56–5.1 (Count XIX). Lowe's argues that the FLSA preempts the NJWHL. (Def. Mem., 35-36).

New Jersey law provides more generous remedies than the FLSA, and thus, is not preempted. (Exhibit B). In making their preemption argument, Lowe's ignores *Cohen v. BH Media Group, Inc.*, 419 F. Supp. 3d 831 (D.N.J. 2019) – a published district court opinion – where the defendant argued to dismiss the plaintiff's NJWHL claims based on preemption. *Id.* at 847. The court found that the NJWHL is similar to the Maryland Wage and Hour Law ("MWHL") in that

the NJWHL affords the same protections as the FLSA. *Id.* Citing to the Third Circuit's ruling in *Knepper*, 675 F.3d at 262 (holding the MWHL is not preempted by the FLSA), the court declined to dismiss the plaintiff's NJWHL claims on preemption grounds. *Cohen*, 419 F. Supp. 3d at 847. Dismissal is thus inappropriate as to the New Jersey Plaintiffs' overtime claim under the NJWHL.

## XVI. The New Mexico Plaintiffs Have Pled Valid Claims Under The New Mexico Minimum Wage Act

The New Mexico Plaintiffs (Martinez and Lomax) bring claims under the New Mexico Minimum Wage Act ("NMMWA") (Count XX). Lowe's argues: 1) the New Mexico Plaintiffs' overtime claim is preempted; and 2) the New Mexico Plaintiffs' minimum wage claim fails because their average hourly wages exceeded the minimum wage. (Def. Mem., 36).

New Mexico law provides more generous remedies than the FLSA, and thus, is not preempted. (Exhibit B). Dismissal is thus inappropriate as to the New Mexico Plaintiffs' overtime claim under the NMMWA.

### A. The New Mexico Plaintiffs' Minimum Wage Claim Is Not Self-Defeating

Lowe's erroneously assumes, without citing any controlling authority, that in assessing whether a minimum wage violation has occurred under Section 50-4-21(a) of the NMMWA, New Mexico has adopted the "average hourly wage" test employed under the FLSA. (Def. Mem., 36). Under that federal test, an employee's total weekly compensation is divided by the number of hours worked to generate an average hourly rate. If the average hourly rate is greater than the applicable minimum wage, there is no statutory violation under the FLSA. The problem for Lowe's is twofold. First, the plain language of Section 50-4-21(a) provides that "an employer shall pay to an employee a minimum wage rate of ... at least seven dollars fifty cents ($7.50) an hour." The FLSA, by contrast, provides, *inter alia*, that an employer shall pay $7.25 an hour "to each of his employees who *in any workweek* is engaged in commerce..." 29 U.S.C. § 206. Unlike the FLSA, the specific statutory

language that the New Mexico Legislature chose to use in the NMMWA examines state minimum pay on an hour per hour basis, not a weekly average basis.

Second, under New Mexico law, it is axiomatic that "[c]ourts must construe statutes as they find them and may not amend or change them under the guise of construction.'"*Id.*, P15 (citing *Jones v. Holiday Inn Express*, 2014-NMCA-082, P19) (quoting 82 C.J.S. Statutes § 370 (2014)). Regardless of the nature of the motion, the Court cannot rewrite the NMMWA to say something it does not. The allegations of the Complaint governing violations of the NMMWA are sufficient to survive dismissal at this stage.

## XVII.  The New York Plaintiff Has Pled Valid Claims Under The New York Wage Acts

The New York Plaintiff (Tirado) brings claims under the New York Minimum Wage Act and New York's Wage Theft Prevention Act (Count XXI). Lowe's argues: 1) Plaintiff Tirado's overtime claim under 12 NYCRR § 142-2.2 is preempted; 2) the overtime portion of Plaintiff Tirado's claim under the state wage-theft statute, N.Y. Lab. Law § 191(1)(d), fails because the statute does not contain a substantive right to overtime and Plaintiff Tirado did not plead any contractual entitlement to overtime premiums; and 3) New York's meal break provision, N.Y. Lab. Law § 162(2), has no private right of action.[17] (Def. Mem., 37-38).

New York state law provides more generous remedies than the FLSA, and thus, is not preempted. (Exhibit B). Dismissal is thus inappropriate as to Plaintiff Tirado's overtime claim under 12 NYCRR § 142-2.2.

---

[17] Plaintiff Tirado does not challenge that there is not a private right of action for mealtimes under N.Y. Lab. Law § 162(2). However, in order to deduct an unpaid meal period from an employee's compensable time, in New York an employee must be completely relieved of his or her employment duties, *Gamero v. Koodo Sushi Corp.*, 272 F. Supp. 3d 481, 499 (S.D.N.Y. 2017), *aff'd*, 752 F. App'x 33 (2d Cir. 2018).

## A. Plaintiff Tirado Pled A Valid Claim Under The State Wage-Theft Statute

Lowe's argues that because Plaintiff Tirado allegedly had no contractual basis to an overtime premium, there is no such claim under the wage theft statute N.Y. Lab. Law § 191(1)(d). (Def. Mem., 37). But Lowe's misconstrues Plaintiff Tirado's claim under § 191(1)(d). § 191(1)(d) is a gap time statute—not an overtime statute—and it is cited as such in the Complaint: "employees 'shall be paid the wages earned in accordance with the agreed terms of employment, but not less frequently than semi-monthly, on regular pay days designated in advance by the employer.' NY CLS Labor § 191(d)." (FACC ¶ 332). This statute requires clerical and other workers to be paid wages according to agreed terms of employment. *Cavalotti v Daddyo's BBQ, Inc.*, 2018 U.S. Dist. LEXIS 154918, at *34 (E.D.N.Y. Sep. 8, 2018) ("When a non-exempt employee has an agreement with his or her employer to be paid at a rate greater than the minimum wage... the failure to pay the promised rate is a violation of NYLL § 191 [.]"). The Complaint clearly avers that such agreed terms of employment existed, obligating Lowe's to pay its employees on an hourly basis. (FACC ¶¶ 109-124). The legal authority cited at Def. Mem., 37 is inapposite because Plaintiff Tirado does not just claim a level of wage guaranteed by statute, but also the level of payment agreed to by Lowe's. *See Wolman v. Catholic Health Sys. of Long Island, Inc.*, 853 F. Supp. 2d 290, 303 n.9 (E.D.N.Y. 2012) ("[T]he NYLL does recognize Gap Time Claims and provides for full recovery of all unpaid straight-time wages owed[.]")(*citing* NY CLS § 191(d))(other internal citations and internal quotation marks omitted.)

## XVIII. The North Carolina Plaintiff Sufficiently Pled A Plausible Gap Time Claim Under The North Carolina Wage And Hour Act

The North Carolina Plaintiff (Danford) alleges an unpaid "gap time" claim under the North Carolina Wage and Hour Act ("NCWHA") (Count XXII). Lowe's seeks dismissal under Rule 12(c) on the basis that "gap time" is unavailable under the NCWHA. (Def. Mem., 38-39).

## A. Lowe's' Rule 12(c) Motion Is Premature And Warrants Dismissal

Lowe's failed to challenge Plaintiff Danford's NCWHA claim in their prior motion to dismiss (*see Danford,* Doc. 27), and therefore, it waived its right to seek dismissal of that claim. *See* Fed. R. Civ. P. 12(g)(2) ("[A] party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."). Recognizing its predicament, Lowe's cleverly tried to sidestep its waiver problem by moving for judgment on the pleadings under Rule 12(c) with respect to Plaintiff Danford's NCWHA claim.[18] Def. Mem., 38-39. Unfortunately for Lowe's, a party may not move for judgment under Rule 12(c) until the pleadings are closed, that is, until all defendants file an answer, even when, as here, Lowe's filed a motion to dismiss instead of answering. Fed. R. Civ. P. 12(c); *Garvey v. Seterus, Inc.,* 5:16-CV-00209-RLV, 2017 WL 2722307, at *12 (W.D.N.C. June 23, 2017) (denying Rule 12(c) motion as premature because not all defendants had filed answers). Hence, Lowe's' Rule 12(c) motion is premature and should be dismissed without prejudice.

## B. The North Carolina Wage And Hour Act Recognizes Gap Time Claims

Putting aside its procedurally improper motion, Lowe's argues that Plaintiff Danford's "gap time" claim under the NCWHA should be dismissed in full because the NCWHA provides that minimum wage claims (gap time or otherwise) are unavailable for employees of FLSA-covered enterprises. (Def. Mem., 39) (citing N.C.G.S. § 95-25.14(a)). Frankly, this is an outrageous misstatement of the law. While it's true that FLSA-covered enterprises are excluded from the NCWHA's minimum wage and overtime provisions (*see* N.C.G.S. § 95-25.14(a)), Plaintiff Danford's claim invokes N.C.G.S. §§ 95-25.6 and 95-25.8, which specifically allow for "gap time" claims. *See Martin,* 2020 U.S. Dist. LEXIS 163747, *6 (Plaintiff and the putative class "have

---

[18] Waiver under Rule 12(g)(2) does not apply to Rule 12(c) motions.

sufficiently alleged a plausible claim under N.C.G.S. § 95-25.6 and N.C.G.S. § 95-25.8 for unpaid gap time"). Insofar as Plaintiff Danford regularly worked hours for which he was not paid, including non-overtime hours (*see* FACC ¶¶ 110-111, 346), his "gap time" claim does not invoke the minimum wage or overtime provisions of the FLSA or the NCWHA. *See Martinez-Hernandez*, 578 F. Supp. 2d at 820 (holding that plaintiff could bring "gap time" claims under the NCWHA because they did not invoke the minimum wage or overtime provisions of the FLSA). Therefore, Plaintiff Danford sufficiently alleged a plausible "gap time" claim under the NCWHA.

## XIX. The Ohio Plaintiffs Have Pled Valid Claims Under The Ohio Wage Acts

The Ohio Plaintiffs (Rumpke, Frank, and Wolfe) bring claims under the Ohio Minimum Fair Wage Standards Act ("OMFWSA") (Count XXIII) and the Ohio Prompt Pay Act ("OPPA") (Count XXIV). Lowe's argues: 1) Plaintiff Wolfe's claims are time-barred;[19] 2) the Ohio Plaintiffs' overtime claim under the OMFWSA is preempted; and 3) the Ohio Plaintiffs' OPPA claim fails because OPPA does not govern disputed wages. (Def. Mem., 39-41).

While the Sixth Circuit has not specifically addressed whether the FLSA preempts Ohio Wage and Hour Law, the Third Circuit in *Knepper* found no evidence that Congress intended the FLSA to preempt the Maryland Wage and Hour Law or the Ohio Minimum Fair Wage Standards Act. 675 F.3d at 264. The court concluded that preemption would be improper because the plain language of the FLSA "evinces a clear intent to preserve rather than supplant state law." *Id.* at 262. The court also rejected the defendant's argument that the state laws at issue "constitute an 'obstacle to the accomplishment and execution of the full purposes and objectives of Congress,' and are impliedly preempted under the principles of conflict preemption." *Id.* (quoting *Gade v. Nat'l Solid Wastes Mgmt. Ass'n*, 505 U.S. 88, 98 (1992)). In rejecting the defendant's argument, the *Knepper*

---

[19] Plaintiff Wolfe agrees that his claims under the OMFWSA should be dismissed.

court recognized that "a finding of preemption here would bar enforcement of all state wage and hour laws that did not exceed the standards of the FLSA, a significant intrusion on state authority and a reversal of the traditional presumption against preemption...." *Id.* at 262. Insofar as Ohio overtime law is *not* less generous than the FLSA (Exhibit B), nothing in the language or purpose of the FLSA precludes the Ohio Plaintiffs from simultaneously proceeding on both claims in this MDL.

### A. The Ohio Prompt Pay Act Claim Is Not Barred As A Matter Of Law

The OPPA has two sections. The first section, 4113.15(A), provides an employer must pay,

> ...all its employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month...

Section 4113.15(A) defines the time frame in which an employer must pay its employees wages earned. The second section, 4113.15(B) provides,

> where wages remain unpaid for thirty days beyond the regularly scheduled payday ... and no contested court order or dispute of any wage claim including the assertion of the counterclaim exists accounting for nonpayment, the employer, in addition, as liquidated damages, is liable to the employee in an amount equal to six per cent of the amount of the claim still unpaid and not in contest or disputed.

Section 4113.15(B) describes the liquidated penalty for not paying wages in the time proscribed by the statute. Thus, the OPPA requires employers who fail to timely pay their employees their actual wages (Section A) and a six percent liquated damage (Section B).

Lowe's argues the OPPA claim fails as a matter of law because "the OPPA 'expressly applies only to wages not in dispute.'" (Def. Mem., 41), *citing*, *Lower v. Electric Data Systems Corp.* 494 F. Supp 770, 775 (S.D. OH 2007). The *Monahan* court flatly rejected this argument, explaining that:

> A careful reading of the statute reveals that section (B) describes only liquidated damages, which damages would be available to Plaintiffs, for example, should they be successful in their suit, as that would resolve the dispute accounting for nonpayment. In contrast, section (A) provides that the employee is entitled to actual damages. Ohio Rev. Code § 4113.15(A). Section (B), the liquidated damages provision, in no way prevents Plaintiffs from pursuing their 4113.15 claim against

Defendants. Indeed, Defendants' argument that a dispute about wages precludes a suit under 4113.15 would render 4113.15 impotent because any suit under 4113.15 necessarily means that a dispute about wages exists. The Court cannot believe that the Ohio legislature intended to, on the one hand, provide employees with an avenue of relief if their employer fails to pay them promptly but, on the other hand, take that avenue away should the employee sue to enforce their right to prompt payment.

*Monahan v. Smyth Auto., Inc.*, 1:10-CV-00048, 2011 WL 379129, at *9 (S.D. Ohio Feb. 2, 2011).

Here, Lowe's does not dispute that the Ohio Plaintiffs would be entitled to their hourly wages they allege. Lowe's only argues that it paid the Ohio Plaintiffs for all the hours they worked; the Ohio Plaintiffs say otherwise. The parties do not dispute that the Ohio Plaintiffs would be entitled to wages and overtime if the hours were in fact worked. Thus, there is no dispute as to Section 4113.15(A) entitlement to actual wages if the hours were worked. However, the Ohio Plaintiffs make their claim for liquidated damages pursuant to Section 4113.15(B). *See* FACC ¶ 361. Thus, their claim for liquidated damages is based upon proving that they worked hours and were not paid properly pursuant to the FLSA and the OMFWSA in a time mandated by the OPPA. They do not allege that clerical errors delayed payment.

When reading these Sections together, the purposes of the OPPA and the Sections therein become clear. The OPPA, rather than precluding the award of liquidated damages to any plaintiff-employee involved in a case where the defendant-employer has disputed her right to alleged unpaid wages, it simply functions to prevent the award of interest until that issue has been resolved in a case such as the instant lawsuit. Indeed, to interpret the statute otherwise would lead to unintended and unjust consequences.

In addition to the clear legislative intent, Lowe's' attempt to bar claims pursuant to the OPPA is premature. Lowe's cites to *O'Brien v. Ed Donelly Enterprises* 575 F. 3d 567 (6th Cir. 2009) to dismiss the Ohio Plaintiffs' claims at the pleadings stage. However, *O'Brien* dismissed the OPPA claims at the summary judgment stage, after discovery, unlike the case herein. Therefore, *O'Brien*

is distinguishable, and the Court should not dismiss the Ohio Plaintiffs' OPPA claim at the pleadings stage.

## XX. The Pennsylvania Plaintiff Had Pled Valid Claims Under The Pennsylvania Minimum Wage Act

The Pennsylvania Plaintiff (Martin) brings an overtime claim under the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.* (Count XXV). Lowe's argues that Plaintiff Martin's overtime claim is preempted. (Def. Mem., 41-42).

Pennsylvania state law provides more generous remedies than the FLSA, and thus, is not preempted. (Exhibit B). Lowe's' preemption argument has already been rejected by multiple Pennsylvania district courts. *See e.g., Lehman v. Legg Mason, Inc.*, 532 F. Supp. 2d 726, 731 (M.D. Pa. 2007) ("This court is persuaded that nothing in the plain text of the FLSA reflects Congressional intent to limit the substantive remedies available to an employee under state law, nor to limit the procedural mechanism by which such a remedy may be pursued."); *Doyle v. Wayne Mem'l Hosp.*, No. 18-1784, 2020 U.S. Dist. LEXIS 25433, *14 (M.D. Pa. Feb. 13, 2020) ("'claims under state minimum and overtime laws are not preempted under the FLSA.'") (quoting *Knepper*, 675 F.3d at 263); *Formica v. US Envtl. Inc.*, No. 18-459, 2018 U.S. Dist. LEXIS 115084, *4 (E.D. Pa. July 11, 2018) ("State law claims based on wage and hour statutes are not preempted by the FLSA.") (citing *Knepper*, 675 F.3d at 262-63); *Phila. Metal Trades Council v. Konnerud Consulting W., A.S.*, No. 15-5621, 2016 U.S. Dist. LEXIS 35829, *17-20 (E.D. Pa. Mar. 21, 2016) ("Just as the FLSA does not impliedly preempt the [Maryland wage law] or the [Ohio wage law], this Court concludes that the FLSA does not impliedly preempt the PMWA.") (citing *Knepper*, 675 F.3d at 263). Dismissal is thus inappropriate as to Plaintiff Martin's overtime claim under the PMWA.

## XXI. The South Carolina Plaintiff Has Pled Valid Claims Under The South Carolina Payment of Wages Act

The South Carolina Plaintiff (Forte) brings claims under the South Carolina Payment of

Wages Act ("SCPWA"), S.C. Code Ann. §§ 41-10-10, *et seq.* (Count XXVI). Lowe's argue that the SCPWA contains no substantive right to overtime and Plaintiff Forte does not allege a contractual entitlement to overtime premiums. (Def. Mem., 42-43).

### A. Plaintiff Forte Substantively Alleges An Entitlement To Overtime Under South Carolina Law

While it is true that the relevant South Carolina statute lacks any overtime level independent of that in the FLSA, that is not the basis for Plaintiff Forte's claim, which is contractually based, *see* FACC ¶ 109 ("the off-the-clock work described herein constitutes unpaid overtime wages, for which Plaintiffs and the Hourly Managers are entitled to be paid at one and one-half times the regular hourly rates at which they are employed"). And even Lowe's Memorandum highlights that an employee's contract *can* provide that right, *see* Def. Mem., 42 (*citing Gentry v. Bioverativ U.S. LLC.*, Civil Action No. 2:19-00873-MBS, 2019 U.S. Dist. LEXIS 136342 (D.S.C. Aug. 13, 2019)). Further, and separately, South Carolina labor law claims are governed by a three-year statute of limitations, S.C. Code Ann. § 15-3-530. This is more generous than the FLSA statute of limitations, which can be as short as two years for non-willful violations, 29 USCS § 255. More generous state statutes of limitations rise above the FLSA floor for preemption purposes, *Spallone*, 2015 U.S. Dist. LEXIS 115114 at *8-*9, *11. This is to say that a more generous state contract protection must be allowed to stand. Accordingly, Plaintiff Forte's Carolina claims should be allowed to proceed.

### XXII. The Washington Plaintiffs Have Pled Valid Claims Under The Washington Wage Acts

The Washington Plaintiffs (Cleavenger and Rains) bring claims under the Washington Minimum Wage Act ("WMWA") (Count XXVII) and the Washington Wage Rebate Act ("Rebate Act") (Count XXVIII). Lowe's argues: 1) Plaintiff Cleavenger released all claims against Lowe's under a release and separation agreement; 2) the Washington Plaintiffs' overtime claims are preempted; 3) the Washington Plaintiffs' overtime claim under the Rebate Act fails because the

statute does not contain a substantive right to overtime and the Washington Plaintiffs do not identify a contractual source for overtime premiums; and 4) the Washington Plaintiffs' minimum wage claim fails because their average hourly wages exceeded the minimum wage. (Def. Mem., 43-45).

Washington state law provides more generous remedies than the FLSA, and thus, is not preempted. (Exhibit B). Dismissal is thus inappropriate as to the Washington Plaintiffs' overtime claims under the WMWA and the Rebate Act.

## A.     The Alleged Release Of Plaintiff Cleavenger's Claims Is Unenforceable

Lowe's argues that Plaintiff Cleavenger released his WMWA and related Rebate Act claims by virtue of the Release and Separation Agreement he signed following his termination from the company. (Def. Mem., 43; ECF No. 17-3, Ex. 2 (Agreement)). The Separation Agreement does not specifically mention the WMWA and, although it purports to allocate 10% of his "Severance Pay" to release of all non-ADEA claims, there is no indication in the agreement or elsewhere that this amount bears any relationship to wages owed to Plaintiff Cleavenger under the WMWA or the FLSA. In any event, the plain language of the WMWA makes this release unenforceable.

The WMWA explicitly provides that the right of an employee to receive full payment of wages owed under the Act cannot be waived by any agreement. RCW 49.46.090(1) states:

> Any employer who pays any employee less than wages to which such employee is entitled under or by virtue of this chapter, shall be liable to such employee affected for the full amount of such wage rate.... *Any agreement between such employee and the employer to work for less than such wage rate shall be no defense to such action.*

(Emphasis added). This provision is broadly worded and bars "[a]ny agreement" in which a worker purports to waive his or her statutory right to full wages. The alleged "release" here is precisely the type of "agreement" prohibited by this sentence.

This application of RCW 49.46.090 is consistent with comparable interpretation of the FLSA. Like the WMWA, the minimum wage and overtime requirements of the FLSA are mandatory and

Case 5:20-md-02947-KDB-DSC   Document 21   Filed 11/24/20   Page 53 of 64

"cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate." *Barrentine v. Arkansas-Best Freight System, Inc.,* 450 U.S. 728, 740 (1981). A waiver or release of rights under the FLSA is only effective if the employer pays the employee *in full* for the unpaid wages due *and* the waiver is overseen by the Department of Labor or approved for fairness and reasonableness by a district court. *See* 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1355 (11th Cir. 1982).

Indeed, courts in this District have relied on these FLSA precedents to conclude that private releases of state minimum wage law claims are unenforceable. In *Rehberg v. Flowers Baking Co. of Jamestown, LLC,* 162 F. Supp. 3d 490, 503-07 (W.D.N.C. 2016), the court found that both the North Carolina statute and public policy prohibit employers from obtaining releases of claims by employees seeking to recover full wages due. It affirmed the longstanding principle that "waivers which 'transgress public policy' are not permitted" and refused to enforce a general release waiving claims under the North Carolina Wage and Hour Act. *Id.* at 507 (citation omitted).

In short, both federal and Washington state wage law prohibit employers from obtaining release of minimum wage rights from their employees, and Plaintiff Cleavenger's Separation Agreement is unenforceable with respect to his WMWA and FLSA claims.

### B.     Plaintiffs Plausibly Allege An Overtime Claim Under The Wage Rebate Act

Lowe's moves to dismiss the overtime portion of the Washington Plaintiffs' claim under the Washington Wage Rebate Act. (Def. Mem., 44). As noted by Lowe's, the Rebate Act penalizes an employer's failure to make payments for which the employer is "obligated to pay such employee by *any statute, ordinance, or contract.*" Wash. Rev. Code § 49.52.050(2) (emphasis added). Here, the Washington Plaintiffs alleged violations of the WMWA and the FLSA, and thus, they have established a right to payment of wages unlawfully withheld under the Rebate Act, including overtime wages. Therefore, Lowe's' Motion to Dismiss the Rebate Act claim must be denied.

### C.     The Washington Minimum Wage Act Does Not Permit Workweek Averaging

Lowe's incorrectly argues that the Washington Plaintiffs do not state a "plausible" claim under the WMWA because all alleged off-the-clock hours were paid at the state minimum wage when workweek averaging is applied. (Def. Mem., 44-45). This argument deliberately misconstrues Washington law, which prohibits workweek averaging for hourly-paid employees.

Washington employers must pay employees at least the state minimum wage for all hours worked. *See* RCW 49.46.020; *Alvarez v. IBP, Inc.*, 339 F.3d 894, 912-13 (9th Cir. 2003) (concluding that the WMWA confers a right to minimum wages on "a per-hour standard for hourly employees"). The phrase "hours worked" is broadly defined to mean "all hours during which the employee is authorized or required by the employer to be on duty on the employer's premises or at a prescribed work place." *Stevens v. Brink's Home Sec. Inc.*, 169 P.3d 473, 476 (Wash. 2007) (quoting WAC 296-126-002(8)). "[H]ours worked" includes "all time worked regardless of whether it is a full hour or less." DLI Admin. Policy ES.C.2 at 1 (Sept. 2, 2008). This means that under Washington law, employers cannot average an hourly worker's pay over an entire workweek to determine minimum wage compliance. As recently and expressly confirmed by the Washington Supreme Court, "Washington's MWA does not permit such averaging for hourly workers." *Hill v. Xerox Bus. Svcs., LLC*, 426 P.3d 703, 706 (Wash. 2018). Such workers are entitled to receive at least the minimum wage "for each hour worked." *Id.* (citing WAC 296-126-021; DLI Admin. Policy ES.C.3 (Jan. 2, 2002); DLI Admin. Policy ES.A.3 (July 15, 2014)).

Lowe's misleadingly cites to *Sampson v. Knight Transp., Inc.*, 448 P.3d 9 (Wash. 2019), for the proposition that workweek averaging is permitted under the WMWA. However, *Sampson* is inapposite because the question there was whether truck drivers paid on a piece rate basis were entitled to separate hourly compensation for all time spent on-duty but not driving *Id.* at 11. As the Washington Supreme Court explained in *Hill*, Washington law contains only a "limited exception

for workweek averaging" for employees paid on a commission or piecework basis, which does not obviate "the general rule barring workweek averaging for hourly employees." 426 P.3d at 709 (citing WAC 296-126-021, which creates the limited exception for salaried, commissioned, and piece rate employees). Because the Washington Plaintiffs are entitled to compensation on a per-hour basis for all time worked, Lowe's Motion to Dismiss the WMWA claim must be denied.

## XXIII.    The West Virginia Plaintiff Has Pled Valid Claims Under The West Virginia Wage Acts

The West Virginia Plaintiff (Fyfe) brings claims under the West Virginia Minimum Wage and Maximum Hours Standards ("MWMHS") and the West Virginia Wage Payment and Collection Act ("WPCA") (Count XXIX). Lowe's argues: 1) Plaintiff Fyfe pleaded himself out of the case by alleging he was a salaried manager; 2) Plaintiff Fyfe's overtime claim is time-barred and preempted; 3) the 80% rule bars Plaintiff Fyfe's claims under the MWMHS; 4) Plaintiff Fyfe's overtime claim under the WPCA fails because the statute does not contain a substantive right to overtime and Plaintiff Fyfe did not identify a contractual source for overtime premiums; and 5) West Virginia does not recognize meal-break claims.[20] (Def. Mem., 45-48).

"It is well established that the FLSA, in its core areas of protection—minimum wage and overtime regulation—has a relatively narrow pre-emptive effect as it does not completely preempt state laws but only preempts them to the extent that they are less generous than the FLSA." *Scruggs,* 2011 U.S. Dist. LEXIS 138759, *30 (internal citation omitted). Insofar as West Virginia overtime law is *not* less generous than the FLSA (Exhibit B), nothing in the language or purpose of the FLSA precludes Plaintiff Fyfe from simultaneously proceeding on both claims in this MDL.

---

[20] Plaintiff Fyfe does not plead a meal break claim. Instead, he alleges that because he is regularly interrupted by work-related communications during his unpaid meal breaks, which he is required to promptly read and respond to, he is deprived of the opportunity to take uninterrupted meal breaks, and therefore, his entire meal break is compensable. (FACC ¶¶ 84-88).

### A. Plaintiff Fyfe Expressly Pleaded That He Was An Hourly Manager

Lowe's argues that Plaintiff Fyfe pled himself out of the case by asserting he was an "Assistant Store Manager," which is purportedly not encompassed within the FACC's definition of the term "Hourly Managers." (Def. Mem., 45). To the contrary, the FACC defines "Hourly Managers" as "nonexempt hourly managers, *including but not limited to* Department Managers, Service Managers and Support Managers." (FACC ¶ 4) (emphasis added). The use of the term "including but not limited to" means that the subsequent categories are exemplary only and non-limiting. Because Plaintiff Fyfe pleaded that he was an *hourly paid* assistant store manager who performed unpaid work activities off the clock (*id.* ¶¶ 41, 59-99), his state law wage claims can proceed.

Lowe's wrongly argues that Plaintiff Fyfe's "employment agreement" shows that he was a salaried manager, and that the Court may consider the "employment agreement" on this Rule 12(b)(6) motion because Plaintiff Fyfe "explicitly referred" to it in the FACC, and his claim is "based on" it. (Def. Mem., 45, n.8). To the contrary, the FACC never mentions a written employment agreement, offer letter, or any other written instrument; and Plaintiff Fyfe does not rely on any written instrument as the basis for his state law claims.

### B. Plaintiff Fyfe States An Unpaid Overtime Claim Under The West Virginia Minimum Wage And Maximum Hours Standards

#### 1. Plaintiff Fyfe's Overtime Claim Is Not Time-Barred

A two-year statute of limitations applies to the MWMHS. W. Va. Code § 21-5C-8(d)). Lowe's argues that Plaintiff Fyfe's overtime claim is time-barred because the original complaint was filed on April 2, 2020 (*see Boyce* Doc. 1), but Plaintiff Fyfe stopped working for Lowe's in March 2018, meaning he has no timely claim under the MWMHS. (Def. Mem., 46).

Importantly, Lowe's bears the burden of proof that the statute of limitations, an affirmative defense, bars the claim. Fed. R. Civ. P. 8(c)(1); *Stack*, 979 F. Supp. 2d at 664. Further, a court can

reach the merits of a limitations issue at the Rule 12(b)(6) stage only "if all facts necessary to the [statute of limitations] defense 'clearly appear[ ] on the face of the complaint.'" *Id.* (quoting *Goodman*, 494 F.3d at 464) (alteration in original).

A cause of action for unpaid wages accrues on each instance that the wages are not paid. Hence, even though Plaintiff Fyfe stopped working for Lowe's in March 2018, a separate cause of action accrued on or after April 2, 2018 if Plaintiff Fyfe's last payday occurred on or after that date and if he worked overtime during the pay period. *Id.* Hence, this Court should find that Plaintiff Fyfe sufficiently set forth a valid overtime claim pending further examination by the Court upon motion once the facts of the case are more fully developed. "The statute of limitations is an affirmative defense and [Plaintiff Fyfe] is not required to plead its avoidance." *Powers v. Consolidation Coal Co.*, 1:12CV00039, 2013 WL 56325, at *2 (W.D. Va. Jan. 3, 2013) (citing *Gabauer v. Woodcock,* 594 F.2d 662, 665 (8th Cir.1979)).

### 2. The 80% Rule Does Not Bar Plaintiff Fyfe's Overtime Claim

As Lowe's points out, the MWMHS does not apply to employers if 80% of the employees "are subject to any federal act relating to minimum wage, maximum hours and overtime compensation." W. Va.Code § 21–5C–1(e). Lowe's goes on to assert that 80% of its employees are covered by the FLSA (Def. Mem., 46)—an assertion questioned by Plaintiff Fyfe, who alleges that, *less than* 80% of Lowe's' employees are subject to the FLSA. (FACC ¶ 46). "[T]he court is bound to accept as true the factual allegations in the [FACC] read in the light most favorable to [Plaintiff Fyfe], not the factual allegations in [Lowe's] Motion." *Farnsworth v. Loved Ones in Home Care, LLC*, 2:18-CV-01334, 2019 WL 956806, at *2 (S.D.W. Va. Feb. 27, 2019).

Next, Lowe's erroneously argues that it qualifies for the exclusionary proviso under W. Va. Code § 21-5C-1 because the FLSA applies to Lowe's on an enterprise basis and "enterprise coverage" under the FLSA, by itself, is sufficient to exclude Lowe's from the definition of

"employer." (Def. Mem., 46-47). This is incredulous. There is no "enterprise coverage" exclusion under W. Va. Code § 21-5C-1. Lowe's cannot possibly succeed on its motion by rewriting the statute to say something it does not.

Undeterred, Lowe's cites to W. Va., Div. of Labor Wage & Hour Section, Overtime Wages Fact Sheet 1-2 (July 2016), https://bit.ly/37kWBnT, for the notion that federal "enterprise coverage" *alone* excludes Lowe's from the MWMHS. (Def. Mem., 46). This argument not only rewrites W. Va. Code § 21-5C-1, but also fails to acknowledge that Overtime Fact Sheets are not law and cannot serve as the basis upon which to dismiss Plaintiff Fyfe's MWMHS claim. *See Hogan v. Allstate Insur. Co.,* 361 F.3d 621, 628 n. 8 (11th Cir. 2004) ("DOL Opinion Letters should be considered and given due deference, but they are persuasive authority only-not binding.").

### C. Plaintiff Fyfe States A Claim Under The West Virginia Wage Payment and Collection Act

Lowe's argues that Plaintiff Fyfe failed to state an overtime claim under the WPCA because he does not identify any provision of his employment agreement entitling him to overtime premium pay. (Def. Mem., 47). Plaintiff Fyfe, however, alleges a claim for "unpaid straight time" under the WPCA, which requires employers to pay employees all "wages due" at least twice every month and to pay wages "in full" to separated employees no later than the next regular payday on which the wages would otherwise be due. W. Va. Code §§ 21–5–3 and 21-5-4. Plaintiff Fyfe explicitly pled the existence of a contract requiring Lowe's to pay him an hourly wage for all hours worked, including hours worked off the clock, and that Lowe's breached the contract by consistently failing to pay him his hourly wage for mandatory off-the-clock work activities. (FACC ¶¶ 109-124). This is sufficient to plead a WPCA claim. *Atkins v. AT&T Mobility Services, LLC,* 2:18-CV-00599, 2020 WL 2842054, at *10 (S.D.W. Va. June 1, 2020) (The employment agreement that dictates when wages are earned for purposes of becoming payable pursuant to the WPCA may be written or unwritten).

46

# CONCLUSION

For the reasons set forth above, Plaintiffs' respectfully request that Lowe's Motion be denied and that each of Plaintiffs' State law claims be allowed to proceed with the exception of the following:

1. Plaintiffs are not pursuing conventional minimum wage claims in any State except Colorado, New Mexico and Washington;

2. The Illinois Plaintiffs agree to dismiss the Illinois claim arising under the One Day Rest in Seven Act ("ODRA") (Count VIII);

3. Plaintiff Hyde (Maryland) agrees to be dismissed from the case and will pursue his claims in arbitration;

4. The Missouri Plaintiff agrees to dismiss any claim for "gap time" under Missouri law;

5. The Nevada Plaintiffs agree to dismiss their meal break claims under NRS § 608.019;

6. Plaintiff Wolfe (Ohio) agrees to dismiss his claims under the Ohio Minimum Fair Wage Standards Act ("OMFWSA").


Dated: November 24, 2020                    Respectfully submitted,

/s/ *Rod M. Johnston*
Kevin J. Stoops (*Pro hac vice*)
Jason J. Thompson (*Pro hac vice*)
Rod M. Johnston (*Pro hac vice*)
SOMMERS SCHWARTZ, P.C.
One Towne Square, 17th Floor
Southfield, Michigan 48076
Phone: (248) 355-0300
kstoops@sommerspc.com
jthompson@sommerspc.com

Seth R. Lesser (*Pro hac vice*)
Fran L. Rudich (*Pro hac vice*)
KLAFTER OLSEN & LESSER LLP
Two International Drive, Suite 350
Rye Brook, New York 10573
Phone: (914) 934-9200
seth@klaferolsen.com
fran@klaferolsen.com

James J. Mills, NC Bar No. 36529
BURNS, DAY & PRESNELL, P.A.

2626 Glenwood Avenue, Suite 560 Raleigh,
North Carolina 27608
Phone: (919) 782-1441
jmills@bdppa.com

John Holleman, ABN 91056
Timothy A. Steadman, ABN 2009113
HOLLEMAN & ASSOCIATES, P.A.
1008 West Second Street
Little Rock, Arkansas 72201
jholleman@johnholleman.net
tim@johnholleman.net
Attorney for Plaintiffs Estes, Rookey and the
Arkansas Class

Robert B. Carey (011186)
Leonard W. Aragon (020977)
HAGENS BERMAN SOBOL SHAPIRO
LLP
11 West Jefferson Street, Suite 1000
Phoenix, Arizona  85003
Telephone: (602) 840-5900
rob@hbsslaw.com
Attorneys for Plaintiffs Grove, Garcia and the
Arizona Class

Bruce E. Newman
Brown, Paindiris & Scott, LLP
747 Stafford Avenue
Bristol, Connecticut  06010
(860) 583-5200
bnewman@bpslawyers.com
Attorney for Plaintiff Belaski and the
Connecticut Class

Edward A. Wallace
Mark R Miller
Wexler Wallace LLP
55 West Monroe Street, Suite 3300
Chicago, Illinois 60603
(312) 346-2222
eaw@wexlerwallace.com
mrm@wexlerwallace.com
Attorneys for Plaintiff Fitzsimmons and the
Illinois Class

Charles W. Miller

Charles W. Miller Associates
Waterfront Plaza, Suite 2104
325 West Main Street
Louisville, Kentucky 40202
(502) 583-2300
Attorney for Plaintiff Anderson and the
Kentucky Class

Benjamin Knox Steffans (BBO #568535)
Steffans Legal PLLC
7 North Street, Suite 307
Pittsfield, MA 01201
bsteffans@steffanslegal.com
(413)418-4176
Attorney for Plaintiff Lavell and the
Massachusetts Class

Jacob R Rusch (MN Bar No. 0391892)
Timothy J. Becker MN Bar No. 0256663)
Johnson Becker PLLC
444 Cedar Street, Suite 1800
St. Paul, Minnesota 55101
(612) 436-1804
Jrusch@johnbecker.com
tbecker@johnsonbecker.com
Attorneys for Plaintiff Neal and the
Minnesota Class

Brendan J. Donelon, MO#43901
Donelon, P.C.
4600 Madison, Suite 810
Kansas City, Missouri 64112
(816) 221-7100
Attorney for Plaintiff West and the
Missouri Class

Jason T. Brown
Brown, LLC
111 Town Square Place, Suite 400
Jersey City, New Jersey 07310
(877) 561-0000
jtb@jtblawgroup.com
Attorney for Gerber, Suazo and the
New Jersey Class

Christopher Moody
Repps D. Standford

Moody & Stanford, P.C.
4169 Montgomery Blvd., NE
Albuquerque, New Mexico 87109
(505) 994-0033
moody@nmlaborlaw.com
Stanford@nmlaborlaw.com
Attorneys for Lomax, Martinez and the
New Mexico Class

Don Springmeyer, (SBN 1021)
Daniel Bravo (SBN 13078)
Wolf Rifkin Shapiro Schulman & Rabkin,
LLP
3556 East Russell Road, 2nd Floor
Las Vegas, Nevada 89120
(702) 341-5200
dspringmeyer@wrslawyers.com
dbravo@wrslawyers.com
Attorneys for Plaintiffs Ricks, Pennington
and the Nevada Class

Robert E. DeRose II (0055214)
Jessica R. Doogan (0092105)
Barkan Meizlish Derose
Wentz Mcinerney Peifer, LLP
250 East Broad Street, 10th Floor
Columbus, Ohio 43215
(614) 221-4221
bderose@barkanmeizlish.com
Attorneys for Plaintiffs Rumpke, Frank,
Wolfe and the Ohio Class

Peter Winebrake (PA Attorney No. 80496)
R. Andrew Santillo (PA Attorney # 93041)
Mark J. Gottesfeld (PA Attorney # 307752)
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491
Attorneys for Plaintiff Martin and the
Pennsylvania Class

Bruce E. Miller, Esq.
Bruce E. Miller, P.A.
Charleston, South Carolina 29412
(843) 579-737
bmiller@brucemillerlaw.com

Attorneys for Plaintiff Forte and the South
Carolina Class

Adam J. Berger (WSBA# 20714)
Schroeter Goldmark & Bender
810 Third Avenue, Suite 500
Seattle, Washington 98104
(206) 622-8000
berger@sgb-law.com
Attorneys for Plaintiff Cleavenger and the
Washington Class

Kristina Thomas Whiteaker (SBN 9434)
The Grubb Law Group, PLLC
1114 Kanawha Boulevard, East
Charleston, West Virginia 25301
(304) 345-3356
kwhiteaker@grubblawgroup.com
Attorney for Plaintiff Fyfe and the West
Virginia Class

*Attorneys for Plaintiffs and the Putative Class
Members*

## CERTIFICATE OF SERVICE

I certify that on November 24, 2020, I electronically filed the forgoing paper with the Clerk

of the Court using the ECF system, which will send notification of such filing to all counsel of record.

*/s/Rod M. Johnston*
Rod M. Johnston
SOMMERS SCHWARTZ, P.C.