IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
MDL DOCKET NO. 5:20-MD-2947-KDB-DSC

| | |
|---|---|
| IN RE: LOWE'S COMPANIES, INC. FAIR LABOR STANDARDS ACT (FLSA) AND WAGE AND HOUR LITIGATION<br><br>THIS DOCUMENT APPLIES TO:<br>*All Cases* | MEMORANDUM OF LAW IN SUPPORT OF LOWE'S MOTION TO COMPEL AND FOR ADDITIONAL TIME TO COMPLETE DEPOSITIONS OF OPT-IN PLAINTIFFS |

Defendants Lowe's Companies, Inc. and Lowe's Home Centers, LLC's (collectively, "Lowe's") defense of this multidistrict litigation ("MDL") is being prejudiced by repeated discovery shortfalls by numerous Named and Opt-In Plaintiffs. With fact discovery set to close on September 30, 2021, Lowe's respectfully moves the Court for an order (1) dismissing Named Plaintiffs Jennifer Belaski and Kaitlin Forte, each of whom has failed to appear for deposition on two separate occasions; (2) compelling the depositions of 40 Opt-In Plaintiffs whose depositions Lowe's has noticed but who have failed to appear or provide alternate dates (and permitting Lowe's to take these depositions, as well as those of any necessary Replacement Opt-Ins, after the close of fact discovery if needed); (3) compelling 13 Plaintiffs to remedy their document production deficiencies; and (4) dismissing 19 Opt-in Plaintiffs whose discovery responses are more than one month overdue (and compelling their replacements to answer discovery).[1]

Lowe's has made diligent efforts to complete fact discovery in this MDL in accordance with the schedule and limits set by the Court's September 15, 2020 Case Management Order (ECF No. 13) (the "CMO") and the partial modification thereof (ECF No. 40). Plaintiffs, however, have

---

[1] In light of the impending fact discovery deadline, Lowe's is concurrently filing a motion to expedite briefing. Plaintiffs' counsel has stated that Plaintiffs oppose that request.

1

been dilatory in several respects. *First*, two of the Named Plaintiffs, Jennifer Belaski (Connecticut) and Kaitlin Forte (South Carolina), each have twice failed to appear for their noticed depositions with as little as 75 minutes' warning and no explanation. Plaintiffs' counsel apparently agrees that Belaski and Forte (each of whom is the sole Named Plaintiff for their respective state) now should be dismissed, but has suggested that their dismissal be contingent on Lowe's agreement that they be replaced with new Named Plaintiffs. That is not proper; Belaski and Forte both should be dismissed now, irrespective of whether they are replaced. (Nor is it appropriate for Named Plaintiffs to be replaced with only three weeks left of fact discovery.) *Second*, dozens of Opt-In Plaintiffs have failed to appear for their noticed depositions and refused to provide alternate dates on which they are available to be deposed. As a result, to date, Lowe's has been able to take only 36 of the 90 Opt-In Plaintiff depositions to which it is entitled under the CMO—despite having requested dates from or noticed for deposition more than 90 Opt-In Plaintiffs. And currently, there are 40 notices outstanding.[2] Lowe's should not be precluded from taking the depositions to which it is entitled under the CMO and suffer the resulting prejudice simply because Plaintiffs' counsel contends "it is to be expected" that some number of their clients will fail to appear for depositions. *See* **Exhibit 1** at 5–6 (May 13, 2021 Email from J. Thompson to M. Senger). *Third*, the depositions that have taken place to date have revealed myriad deficiencies in Plaintiffs' search for and production of responsive documents; Plaintiffs largely have refused to remedy those deficiencies, despite Lowe's requesting for months that they do so. *Fourth*, Lowe's is entitled to written

---

[2] Lowe's has, at various times, sought to depose 100 Opt-In Plaintiffs. Because 10 of those Opt-In Plaintiffs either have been dismissed from the litigation or have agreed that they will be dismissed, and two more have long-term medical issues that preclude them from sitting for a deposition, Lowe's currently is seeking to take only 88 of the 90 Opt-in Plaintiff depositions to which it is entitled under the CMO. Of those 88, 36 depositions have been completed; 12 Opt-Ins have confirmed, upcoming deposition dates; and 40 Opt-In Plaintiffs have yet to confirm (although yesterday morning several of them requested evening or weekend times). *See infra*, p. 8 n.6.

discovery responses from at least 10 Opt-In Plaintiffs from each of the 19 putative Rule 23 state-law classes, but has not been able to obtain that number of responses because 19 Opt-In Plaintiffs still have failed to respond to discovery requests with which they were served on July 7, 2021. In other words, their discovery responses are now more than five weeks overdue. In accordance with the procedures of the CMO, it is time for them to be dismissed from the case and for other Opt-In Plaintiffs to respond to discovery in their place.

For all these reasons, and those set forth in further detail below, Lowe's respectfully requests that the Court grant its Motion to Compel.

## I. BACKGROUND

On April 11, 2019, North Carolina Plaintiff Daniel Danford filed suit in this Court, asserting a claim under the Fair Labor Standards Act ("FLSA") on behalf of a putative nationwide collective, as well as claims under North Carolina law on behalf a putative state-wide class, and (later abandoned) breach-of-contract and unjust-enrichment claims on behalf of a putative nationwide class. *Danford* ECF No. 1. The Court conditionally certified an FLSA collective in October 2019 (*see Danford* ECF No. 50), and 3,890 individuals opted in to the collective. 1,039 of those individuals later were dismissed and compelled to arbitration. In March and April 2020, Danford's counsel brought putative state-law class actions against Lowe's on behalf of Plaintiffs in 19 other courts across the country; as in *Danford*, those Plaintiffs alleged that they and other Lowe's hourly managers were not paid for supposed off-the-clock work they performed in connection with opening and closing Lowe's stores, and in responding to work-related communications via smartphone applications. Lowe's filed with the Judicial Panel on Multidistrict Litigation a motion to coordinate the 18 federal cases, which the JPML granted in August 2020.[3]

---

[3] The remaining case, first filed in Pennsylvania state court, was removed to federal court and then was transferred as a tag-along action and became part of the MDL. *See* ECF No. 8.

The Court entered Case Management Order No. 1 on September 15, 2020. ECF No. 13. In May 2021, after Plaintiffs filed an Amended Consolidated Class Complaint and the parties briefed a motion to dismiss (which the Court granted in part in February 2021), Plaintiffs filed the operative Second Amended Consolidated Class Complaint (the "SACC"), which currently encompasses 19 state-law putative classes and the nationwide FLSA conditional collective. ECF No. 29.[4]

Even before the filing of the motion to dismiss and the SACC, the parties engaged in extensive discovery. For its part, Lowe's began serving written discovery on Opt-In Plaintiffs in July 2020, and on the Rule 23 Named Plaintiffs in November 2020. Lowe's then began requesting dates from and noticing Opt-In Plaintiffs for deposition in March 2021. Despite Lowe's diligent efforts, Plaintiffs repeatedly and consistently have prevented Lowe's from obtaining the discovery contemplated by the CMO, largely by refusing to provide dates on which they are available to be deposed, failing to appear for noticed depositions, and failing to respond to written discovery.

For example, Named and Opt-In Plaintiffs alike have failed to sit for their depositions, often giving no notice or explanation. Indeed, at least 10 Plaintiffs—some on more than one occasion—have either failed to appear for their depositions or cancelled them with less than 24 hours' notice, often resulting in cancellation fees. Plaintiffs' counsel has explained certain no-shows and last-minute cancellations by pointing to medical emergencies or observances of religious holidays. *See* **Exhibit 1** at 2–6 (May 13 and 15, 2021 Emails from J. Thompson to M. Senger et al.). But they have provided no explanation for the majority of the cancelled depositions, instead promising alternative dates that rarely are provided. With respect to document collection and production deficiencies, Plaintiffs' counsel has acknowledged that certain of their clients— including two Named Plaintiffs—simply have not responded to their follow-up requests. *See*

---

[4] The Arizona class did not survive the motion to dismiss, leaving 19 of the original 20 state-law classes.

**Exhibit 2** at 5–6. But the fact remains that these Plaintiffs now have testified to the existence of responsive documents that they still have not produced. In terms of responses to written discovery, due to Opt-In Plaintiffs' low response rate, Lowe's has had to serve written discovery on multiple rounds of Replacement Opt-In Plaintiffs. Even so, there remain fewer Opt-Ins who have responded to discovery than what the CMO authorizes: a minimum of 10 for each Rule 23 state.

## II. ARGUMENT

Where a party fails to appear for his or her properly noticed deposition or respond to written discovery, the other party may move for sanctions, including dismissal. Fed. R. Civ. P. 37(d)(1).[5] The Court "has the inherent power to dismiss an action for want of prosecution." *See United States v. Gaither*, 2020 WL 2041343, at *2 (W.D.N.C. Apr. 28, 2020) (Bell, J.) (internal quotation marks omitted). And Federal Rule of Civil Procedure 41(b) provides that "[a] district court may dismiss [a plaintiff] for failure to prosecute or to comply with the rules." *Bowman v. United States*, 100 F.3d 950 (table), 1996 WL 633448, at *1 (4th Cir. 1996) (citing Fed. R. Civ. P. 41(b)).

Where a party provides an incomplete answer or production in response to discovery requests, the propounding party may move for an order compelling a complete answer or production. Fed. R. Civ. P. 37(a)(3)–(4). In such cases, the opposing party "must demonstrate why discovery should not be granted." *Silicon Knights, Inc. v. Epic Games, Inc.*, 917 F. Supp. 2d 503, 533 (E.D.N.C. 2012), *aff'd*, 551 F. App'x 646 (4th Cir. 2014).

---

[5] In accordance with LCvR 7.1 and Federal Rule of Civil Procedure 37(a) and 37(d)(1)(B), Lowe's certifies that, in an effort to avoid Court action, Lowe's has in good faith conferred with Plaintiffs regarding these issues prior to filing this Motion. After extensive meet-and-confer efforts, Lowe's contacted Judge Bell's chambers on August 30, 2021 pursuant to the CMO's provisions for discovery disputes. On August 31, Judge Bell referred the disputes to Magistrate Judge Cayer, who ordered one-page submissions by 9:00 a.m. ET on September 7 and set a telephonic hearing for later that day. Upon reviewing those submissions, Judge Cayer cancelled the conference and authorized Lowe's filing of a formal motion to compel. *See* Sept. 7, 2021 Minute Order.

### A. Named Plaintiffs Belaski and Forte Should Be Dismissed

Before dismissing a case (or specific plaintiff) for failure to prosecute, a district court must consider: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused [to] the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) (internal quotation marks omitted). A plaintiff's failure to appear for deposition justifies dismissal as a sanction. *See Gaither*, 2020 WL 2041343, at *3 (dismissing case for failure to prosecute where, among other things, petitioner failed to appear for deposition).

Here, all four factors weigh in favor of dismissing Named Plaintiffs Belaski and Forte. Belaski has failed to appear for her deposition twice. On June 21, 2021, Lowe's noticed Belaski's deposition to take place on July 13—a date Plaintiffs' counsel confirmed on July 7 and reconfirmed late on the afternoon of July 12. Yet approximately 75 minutes before the deposition (at 8:16 a.m.), Plaintiffs' counsel notified Lowe's that Belaski would not be appearing, without providing an explanation or alternative dates. On August 2, after multiple requests for replacement dates for Belaski's deposition had gone unanswered, Lowe's noticed Belaski for deposition a second time— which was set for August 17. On August 13, Plaintiffs' counsel informed Lowe's that Belaski's re-noticed deposition would not proceed, again without providing an explanation or alternative dates. Similarly, Forte twice has failed to appear for her deposition—which originally was noticed for July 12 (and cancelled on June 29), and then again noticed for August 26 (and cancelled on August 19). Plaintiffs' counsel did not provide an explanation on either occasion. *See Attkisson*, 925 F.3d at 625 (courts must consider a plaintiff's personal responsibility for her failure to prosecute). Belaski's and Forte's continuous, months-long refusals to be deposed have prejudiced Lowe's, and no sanction short of dismissal will be effective in remedying that prejudice. *Id.*; *Gaither*, 2020 WL 2041343, at *3. Accordingly, they both should be dismissed.

On September 3, Plaintiffs' counsel acknowledged during a meet-and-confer call that Belaski and Forte should be dismissed, but proposed dismissing them in a stipulation, which would replace them with new Named Plaintiffs. *See* **Exhibit 3** (Decl. of M. Senger). Plaintiffs' counsel has not yet shared a draft of that stipulation. *See id.*

To the extent that Plaintiffs' counsel asks the Court to grant them leave to substitute replacement Named Plaintiffs for Belaski and Forte, that request should be denied. Lowe's already agreed to permit multiple replacement Named Plaintiffs to represent putative state-law classes in early 2021 (*see* ECF No. 30 at 3), but it should not be forced to litigate against an ever-evolving cast of characters. At various points in this MDL, there have been 46 different Named Plaintiffs, including 23 who now have been dismissed for varying reasons, including failure to prosecute, arbitration agreements, and untimely claims. Both Belaski and Forte have been Named Plaintiffs in this case since March 2020, when they filed their state-law cases. *See* ECF No. 1, *Belaski v. Lowe's Cos.*, Case No. 3:20-cv-00343-CSH (D. Conn. Mar. 13, 2020); ECF No. 1. *Forte v. Lowe's Cos.*, No. 2:20-cv-01108 (D.S.C. March 19, 2020). And now, with only a few weeks remaining in fact discovery, Plaintiffs are proposing to replace them (the sole Named Plaintiffs in their respective states) with *new* Named Plaintiffs. This request should be denied.

### B. Opt-In Plaintiffs Whose Depositions Lowe's Has Noticed Should Be Compelled to Sit For Deposition or Be Dismissed

The CMO provides that Lowe's is permitted to take the depositions of 90 Opt-In Plaintiffs, covering the nationwide FLSA collective and 19 separate putative Rule 23 state-law classes. Lowe's began requesting deposition dates and issuing notices of deposition in March 2021. All told, Lowe's has noticed or requested dates for 100 Opt-In depositions—including replacements for individuals who subsequently dropped out of the litigation. But more than six months since it began requesting deposition dates, only 36 Opt-In Plaintiffs have appeared for deposition, and only

12 others have provided firm dates on which they are available to be deposed. Indeed, as detailed in **Exhibit 4**, there are **40** Opt-In Plaintiffs whose depositions Lowe's has noticed, but for whom Plaintiff's counsel has not yet confirmed their appearance or provided alternate dates. (The balance of the 100 Opt-Ins Lowe's originally sought to depose are persons who agreed to be dismissed after being noticed for deposition, or who are experiencing long-term medical issues and Lowe's is therefore no longer seeking to depose.)

In addition, Plaintiffs' counsel has cancelled dozens of depositions, including, yesterday, seven scheduled for next week.[6] *See* **Exhibit 5** at 2 (Sept. 9, 2021 Email from D. Vanderbeke to M. Sappington et al.). Last week, Plaintiffs' counsel cancelled seven depositions scheduled for this week (leaving only *one*). *See id.* at 20–21 (Aug. 30, 2021 Email from D. Vanderbeke to M. Sappington et al.) (cancelling six upcoming depositions); *id.* at 8–9 (Sept. 3, 2021 Email from D. Vanderbeke to M. Sappington et al.) (cancelling one upcoming deposition); *see also, e.g.*, **Exhibit 6** at (Aug. 19, 2021 Email from A. Malecki to M. Sappington et al.) (cancelling eight upcoming depositions); **Exhibit 7** at 2 (Aug. 13, 2021 Email from D. Vanderbeke to M. Sappington et al.) (cancelling ten upcoming depositions). At least ten of these cancellations have been with less than 24 hours' notice or no notice at all. For example, on August 24, 2021, Plaintiffs' counsel cancelled Opt-In Plaintiff Justen Moore's deposition just seven minutes before it was scheduled to begin, explaining only that they "cannot contact" him. *See* **Exhibit 8** (Aug. 24, 2021 Email from E. Bailey to B. Gorman et al.). Likewise, Opt-In Plaintiff Oscar Valiente failed to appear for his September 1 deposition, without any explanation. *See* **Exhibit 5** at 13–14

---

[6] One is due to a death in the family, and certain Opt-In Plaintiffs now are requesting that they be deposed in the evening or on weekends. But several have provided no explanation for their cancellations and postponements.

(Sept. 1, 2021 Email from M. Sappington to D. Vanderbeke et al.).[7] Similarly, on Friday afternoon of Labor Day weekend (September 3), at 5:34 p.m., Plaintiffs' cancelled (without explanation) Susy Rader's September 7 deposition. *Id.* at 8–9. And there are more: Alesandro Camargo postponed his July 7, 2021 deposition with less than three hours' notice. *See* **Exhibit 9** (July 7, 2021 Email from E. Bailey to B. Gorman et al.). Ryan Melling cancelled his May 24 deposition, and agreed to a new date of June 9; Plaintiffs' counsel notified Lowe's at 8:54 p.m. on June 8 that he was cancelling again. *See* **Exhibit 10** at 2 (June 8, 2021 Email from D. Vanderbeke to D. Schnitzer et al.). (He was eventually deposed on the third try, on July 15.)[8]

Plaintiffs' repeated cancellations (the vast majority of which have not been accompanied by any explanation or the offer of alternate dates) are prejudicing Lowe's ability to take the 90 Opt-In Plaintiff depositions to which it is entitled—and which are necessary for it to adequately prepare its defense. Lowe's already has "suffered a substantial amount of prejudice in the form of wasted time, attorneys' fees, and inability to obtain information necessary to prepare their defense." *Viswanathan v. Scotland Cty. Bd. of Educ.*, 165 F.R.D. 50, 53 (M.D.N.C. 1995), *aff'd*, 76 F.3d 377 (4th Cir. 1996). The 2,374 remaining Opt-In Plaintiffs in this conditionally certified FLSA collective each chose to participate in this lawsuit, and they should be required to sit for deposition

---

[7] Mr. Valiente did not appear for his original deposition date on May 21 due a family medical issue—something with which Lowe's of course has no quarrel. The September 1 replacement date (on which he also failed to appear), however, was one of his choosing.

[8] Others have cancelled at the last minute and then agreed to be dismissed from the case, such as New Jersey Named Plaintiff Daniel Gerber, whose July 22 deposition was cancelled at 5:32 p.m. on July 21, Opt-In Robin Shaw, whose July 23 deposition was cancelled at 5:51 p.m. on July 22, and Opt-In William Long, whose September 2 deposition was cancelled at 5:36 p.m. on September 1. *See* **Exhibit 5** at 11, 52–53. This group also includes New Jersey Named Plaintiff Stefani Suazo, whose first deposition took months to set, only to be interrupted by a power outage. The continuation was set for August 12—and cancelled on August 11. *See* **Exhibit 11** at 2. Named Plaintiff Kindsay Estes no-showed for her deposition twice—first on May 18 and again on August 20—before agreeing to be dismissed. It was not until August 26th that Plaintiffs' counsel agreed to the dismissal of Suazo and Estes. *See* **Exhibit 12**.

if selected. Because Lowe's has been attempting to obtain deposition dates for months—but has been unable to secure them due to no fault of its own—Lowe's should be permitted to take the 40 noticed-but-as-yet-unconfirmed Opt-In Plaintiffs' depositions out of time if necessary (or, to the extent any of those Plaintiffs are dismissed, to take Replacement Opt-Ins' depositions out of time).

C. **Opt-In Plaintiffs Should Be Required to Remedy Their Deficient Searches for and Productions of Documents Responsive to Lowe's Requests for Production**

*Third*, since June 2021, Lowe's has been inquiring about document collection and production deficiencies that have been revealed in dozens of the Named and Opt-In Plaintiff depositions. *See, e.g.*, **Exhibit 13** (Compilation of Letters to Pls.). Those deficiencies include Plaintiffs who have conceded that they failed to conduct any search for responsive documents, as well as Plaintiffs who admitted that they possessed responsive documents that they had not yet produced as of the date of their deposition—and, in some instances, still have not produced.

For example, Named Plaintiff Kenneth Payne testified on May 7 that he had not searched his phone or his WhatsApp account for responsive documents. Payne Dep. Tr. at 159:17–160:19. Lowe's first identified this deficiency in a letter to Plaintiffs' counsel dated June 17, 2021. *See* **Exhibit 13** at 2–3, 10–11. Plaintiffs' counsel provided no response about Mr. Payne until Labor Day weekend (*i.e.*, more than two months later), when they informed Lowe's that Mr. Payne has not responded to Plaintiffs' counsel's follow-up inquiries. *See* **Exhibit 2** at 5. Of course, a failure to respond to one's own counsel does not transform a deficient search for documents into a reasonably diligent one. Mr. Payne is a Named Plaintiff seeking to represent a putative class of Lowe's employees in New Mexico who allege (among other things) that they were not paid for time supposedly spent communicating on smartphone applications. Mr. Payne needs to search for and produce any responsive smartphone communications or be dismissed from this case.

Likewise, Named Plaintiff Erin Barrera testified on July 1 that she possesses text messages, as well as hard-copy files and a notebook, which may be responsive to Lowe's discovery requests and that she has not yet produced. Barrera Dep. Tr. at 63:18–25, 65:9–67:2; 151:15–25. Lowe's wrote to Plaintiffs' counsel on August 2, 2021, asking that Ms. Barrera belatedly search for and produce these communications (which should have been produced prior to her deposition). According to Plaintiffs' counsel, she, too, has not responded to follow-up inquiries. *See* **Exhibit 2** at 6. She also should be compelled to produce the requested documents or be dismissed.

As of August 20, there were **30** Plaintiffs in total who, as evidenced by their own deposition testimony, had failed to meet their basic discovery obligations. Oddly, Plaintiffs' counsel has taken the position that Plaintiffs have no obligation under Rule 26(e)(1) to supplement or address their admitted deficiencies. *See, e.g.*, **Exhibit 14** at 2–3 (Sept. 1, 2021 Email from J. Thompson to M. Senger et al.). But a plaintiff's wholesale failure to search for responsive documents or produce responsive documents known to be in her possession constitutes, by definition, a "response [that] is incomplete or incorrect" that "must [be] supplement[ed] or correct[ed]." Fed. R. Civ. P. 26(e)(1)(A). Those requirements are enforced by Rule 37. *See* Fed. R. Civ. P. 37(c)(1) (a court may impose sanctions, including dismissal, where "a party fails to provide information . . . as required by Rule 26(a) or (e)"). And although Plaintiffs resolved certain document search and production issues shortly before the Court conference originally scheduled for September 7, outstanding issues remain as to at least 13 Plaintiffs, as summarized more fully in **Exhibit 15**. Plaintiffs should be compelled to respond to Lowe's inquiries regarding these 13 Plaintiffs and produce responsive documents as applicable. If they do not respond, they should be dismissed.

D. **Opt-In Plaintiffs Should Be Required to Respond to Written Discovery**

*Fourth*, the CMO entitles Lowe's to obtain written discovery responses from a minimum of 10 FLSA Opt-In Plaintiffs from each Rule 23 state, *see* ECF No. 13 at 6, but due to Plaintiffs'

non-responsiveness, many of the 19 states at issue currently have fewer than 10 Opt-Ins who have responded to Lowe's written discovery. Lowe's already has had to serve multiple rounds of Opt-In Plaintiffs with discovery due to their non-responsiveness. For example, Lowe's served 35 Replacement Opt-Ins with discovery on July 7. As of the time of this filing, only 16 of those 35 Replacement Opt-Ins have provided responses. In other words, ***more than half*** of a recently selected round of Replacement Opt-Ins have not responded to discovery, even though their responses were due on August 6. On August 30, anticipating a low response rate among the then-most-recently selected group of Replacement Opt-Ins, Lowe's served discovery on an additional 21 Opt-Ins, based on the states that still do not have 10 Opt-Ins selected for discovery as required by the CMO.[9]

Consistent with the CMO, the 19 Opt-Ins who have not responded to the discovery served on July 7 should be dismissed from the case, and the corresponding Replacement Opt-Ins who were served on August 30 should be compelled to respond by September 29 or likewise be dismissed from the case. *See* CMO ¶ IV.A.2.iii (providing that if an Opt-In "fails to respond to a discovery request ***by the relevant deadline***, the parties shall, within 14 days (a) file a stipulation of dismissal without prejudice for that individual, and (b) replace that individual with a Replacement Opt-in.") (emphasis added).

\* \* \*

For the reasons stated above, Lowe's respectfully requests that the Court enter an order (1) dismissing Named Plaintiffs Jennifer Belaski and Kaitlin Forte, (2) compelling the depositions of Opt-In Plaintiffs whose depositions Lowe's noticed (and permitting Lowe's to take their

---

[9] One state, New Mexico, literally has run out of Opt-In Plaintiffs on whom to serve written discovery. Even if *all* Opt-Ins on whom discovery has been served and who have not already been dismissed ultimately respond, there will be only 8 (rather than a minimum of 10) Opt-In Plaintiffs for that state responding to discovery.

depositions, or the depositions of any Replacement Opt-In Plaintiffs after the close of discovery if necessary), (3) compelling Plaintiffs to remedy their document production deficiencies as identified on the attached **Exhibit 15**, and (4) dismissing the Opt-In Plaintiffs who have failed to provide written discovery responses and compelling responses from the Replacement Opt-Ins served with discovery on August 30.

Dated: September 10, 2021

Respectfully submitted,

Adam K. Doerr (Bar Number: 37807)
ROBINSON, BRADSHAW & HINSON, P.A.
101 N. Tryon St., Ste. 1900
Charlotte, North Carolina 28246
Telephone: (704) 377-2536
Facsimile: (704) 378-4000
adoerr@robinsonbradshaw.com

/s/ Jason C. Schwartz
Jason C. Schwartz
Molly T. Senger
David A. Schnitzer
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
jschwartz@gibsondunn.com
msenger@gibsondunn.com
dschnitzer@gibsondunn.com

Karl G. Nelson
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Ave., Ste. 2100
Dallas, TX 75201
Telephone: (214) 698-3100
Facsimile: (214) 571-2900
knelson@gibsondunn.com

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

/s/ Jason C. Schwartz