# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# MDL DOCKET NO. 5:20-MD-2947-KDB-DSC

| | |
|---|---|
| IN RE: LOWE'S COMPANIES INC. | ) |
| FAIR LABOR STANDARDS ACT | ) |
| (FLSA) AND WAGE AND HOUR | ) |
| LITIGATION | ) |
| | ) |
| _____ | ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on "Plaintiffs' Motion for Substitution of Certain Named Plaintiffs" (document #52) as well as the parties' briefs and exhibits.

The Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Plaintiff's Motion be granted as discussed below.

Plaintiffs seek to substitute two class members – Georgina Ortiz (Connecticut) and Dalton Hildreth (South Carolina) – as putative class representatives in place of Plaintiffs Jennifer Belaski (Connecticut) and Kaitlin Forte (South Carolina). Belaski and Forte are the putative class representatives for the proposed Connecticut and South Carolina state classes. Both have been deficient in their discovery obligations and seek to be voluntarily dismissed.

Defendant does not oppose dismissal of Belaski and Forte but opposes the addition of Ortiz and Hildreth as class representatives.

Substitution of a named plaintiff is freely given where the named plaintiff is no longer a suitable class representative. Hill v. B. Frank Joy, LLC, Civil Action No. TDC-15-1120, 2016 U.S. Dist. LEXIS 104528, at *21 (D. Md. Aug. 9, 2016); see also Newberg on Class Actions §2:17 (5th

ed. 2014) ("Once a class complaint is filed, but certainly following certification, Rule 23 is designed to assure that the rights of absent class members are not prejudiced by the voluntary actions of the representative plaintiff.") A class representative should be substituted when her "individual claim has been mooted or otherwise significantly altered" or "if [she] has engaged in conduct inconsistent with the interests of the class or is no longer pursuing the litigation." Manual for Complex Litigation (Fourth) § 21.26 (2004) (citing cases); In re GM LLC Ignition Switch Litig., No. 14-MD-2543 (JMF), 2017 U.S. Dist. LEXIS 189550, at *340 (S.D.N.Y. Nov. 15, 2017) ("In general, when a certified or putative class is left without adequate representation, courts hold that adding a new class representative is appropriate, even required, to protect class interests.")

Courts have allowed substitution of a named plaintiff after class certification. See Brooks v. GAF Materials Corp., 41 F. Supp. 3d 474, 482 (D.S.C. 2014) (where named plaintiffs were no longer adequate class representatives, rather than decertify the class, Court allowed plaintiffs' counsel a reasonable period for the "substitution or intervention of a new class representative") (quoting McAnaney v. Astoria Fin. Corp., No. 04-CV-1101 (JFB) (WDW), 2007 U.S. Dist. LEXIS 67552, 2007 WL 2702348, at *13 (E.D.N.Y. Sept. 12, 2007)). And substitution is allowed even where a named plaintiff's claims fail on the merits because of discovery deficiencies or where plaintiff seeks a voluntary dismissal. Brooks, 41 F. Supp. 3d at 481 (collecting cases); see also Dameron v. Sinai Hosp. of Balt., Inc., 595 F. Supp. 1404, 1417 (D. Md. 1984) (at class certification where plaintiff's claim was barred by laches, substitution of a new named plaintiff was necessary); In re Thornburgh, 869 F.2d 1503, 1509 (1989) ("There is authority to the effect that a court may respond to the pre-certification mooting of a class representative's claims by permitting substitution of a new class representative. . . . Because plaintiffs' counsel have proposed the intervention of several new plaintiffs with allegedly live claims, we decline to issue mandamus on

the premise that the entire case should be dismissed due to the mooting of the named plaintiffs' claims." (collecting cases)).

For those and the other reasons stated in Plaintiffs' brief, the Court finds that substitution is proper here.

## RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Plaintiffs' Motion for Substitution of Certain Named Plaintiffs" (document #52) be **GRANTED**.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the parties' counsel and to the Honorable Kenneth D. Bell.

**SO ORDERED AND RECOMMENDED**.

Signed: October 7, 2021

David S. Cayer
United States Magistrate Judge