IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
MDL DOCKET NO. 5:20-MD-2947-KDB-DSC

| | | |
|---|---|---|
| IN RE: LOWE'S COMPANIES, INC. ) | | |
| FAIR LABOR STANDARDS ACT ) | | |
| (FLSA) AND WAGE AND HOUR ) | ) | MEMORANDUM OF LAW IN REPLY |
| LITIGATION ) | ) | TO PLAINTIFFS' MOTION TO |
| ) | ) | COMPEL ESI OR IN THE |
| ) | ) | ALTERNATIVE FOR *IN-CAMERA* |
| ) | ) | REVIEW |
| THIS DOCUMENT APPLIES TO: ) | | |
| All Cases ) | | |
| _____ ) | | |

Facing the present motion, Lowe's has conceded it erroneously claimed privilege for 19 PRIV IDs which are no longer in dispute.[1] It also reduced the scope of its redaction on 10 others (covered by 10 PRIV IDs), suggesting that these should no longer be in dispute. Although Plaintiffs no longer take issue with some of these,[2] they still take issue with PRIV IDs 147 and 148 (attached as Alimehri Decl., Exs. 4 and 5), inasmuch as the newly revealed text ("We get into legal [remainder of sentence redacted]") fails to provide sufficient context. Accordingly, 18 PRIV IDs remain at issue: 3, 18, 19, 45, 46, 50, 57, 58, 69, 100, 101, 122, 125, 129, 135, 146, 147, 148.

Given Lowe's continual de-designation of documents, (*see* Pls.' Mov. Br. 3), including its concession that an additional 32 documents (covered by 19 PRIV IDs) were misdesignated, cause

---

[1] PRIV IDs: 33, 34, 51, 52, 68, 95, 103, 104, 123, 124, 139, 140, 141, 142, 143, 144, 145, 150, 151.

[2] PRIV IDs: 105, 109, 110, 116, 117, 118, 119, 120.

for concern and doubts on the reliability of Lowe's designations remain, which only underscores that *in-camera* review of Lowe's remaining designations is warranted.[3]

The documents that remain in contention are addressed below. However, the burden is not, as Lowe's would have it on Plaintiffs to "present[] evidence," (Defs.' Br. 1), that its designations were improper, but remains with Lowe's. (*See* Pls.' Mov. Br. 6-8 (setting forth standard)); *see NLRB v. Interbake Foods, LLC*, 637 F.3d 492, 502 (4th Cir. 2011) (party asserting privilege has burden); *Tatum v. R.J. Reynolds Tobacco Co.*, 247 F.R.D. 488, 493 (M.D.N.C. 2008) (privilege claims are "strictly construed" since they impede the "'truthseeking mission of the legal process'") (quoting *United States v. Aramony*, 88 F.3d 1369, 1389 (4th Cir. 1996)).

## 1. PRIV-69 (**LOWES-WHMDL-0131676**; **LOWES-WHMDL-0131917**; **LOWES-WHMDL-0131925**; **LOWES-WHMDL-0131935**; **LOWES-WHMDL-0132089**; **LOWES-WHMDL-0132097**)

Lowe's does not dispute that these communications are among non-legal personnel[4] and pertain to changes made to the Lowe's Kronos time-keeping system (a business process implementation). (Defs.' Br. 5-6). Nor does it otherwise dispute Plaintiffs' characterization of this e-mail chain. (*See* Pls.' Mov. Br. 9). Citing *In re N.Y. Renu with Moistureloc Prod. Liab. Litig.*, MDL 1785, 2009 U.S. Dist. LEXIS 80446, at *4-5 (D.S.C. July 1, 2009), and *FTC v. GlaxoSmithKline*,

---

[3] At Plaintiffs' Moving Brief 6, Plaintiffs' counsel sought review of another similarly designated 42 PRIV IDs. Lowe's contends that there has been insufficient meet-and-conferrals, but not only has Lowe's consistently failed to provide any support for its position on these documents but Lowe's has, despite another month of time, failed to respond to Plaintiffs counsel's email (*see* Defs.' Br. Ex. C), and not shown how any further meet-and-confer might be fruitful because as to all documents Lowe's position has consistently been little more than "our designations are correct," a conclusion that Plaintiffs' counsel cannot challenge, not having seen the disputed material. As such, the "parties have *properly* conferred or attempted to confer" about the issues presented in this Motion. LCvR 7.1(b) (emphasis added).

[4] Although Lowe's suggests the redacted text in these communications were disseminated only to the six people listed at Defendants' Brief 5, it was in fact shared among *at least 10 people*. (*See* LOWES-WHMDL-0131676-A (adding additional people (those identified in Plaintiffs' Moving Brief at 4 fn.4) to the e-mail chain where the redacted text is included)).

2
Case 5:20-md-02947-KDB-DSC   Document 64   Filed 10/15/21   Page 2 of 7

294 F.3d 141, 147-48 (D.C. Cir. 2002), it claims that all it has to show is that the individuals on the communication had "a need to know that advice, so long as the 'confidentiality' of the advice is maintained" by a limited dissemination of the documents, obviating a need to "justify each determination that a particular employee should have access to the information therein." (Defs.' Br. 6-7). But in *GlaxoSmithKline*, the Court explained:

> when a corporation provides a *confidential document* to certain *specified* employees or contractors *with the admonition not to disseminate further its contents* and the contents of the documents are related generally to the employees' corporate duties, absent evidence to the contrary we may reasonably infer that the information was deemed necessary for the employees' or contractors' work.

*Id.* at 148 (emphases added). That is certainly not the case here. Not only is there not a single privileged document (like a legal memo from counsel), but there is no indication (nor has Lowe's proffered any) that Lowe's instructed the sender of the communication (Thomas Dhen), let alone any of the individuals shown the redacted text, "with the admonition not to disseminate further its contents." Nor despite pointing out that a limited number of individuals were "involved" in business operation change, (Defs.' Br. 7), Lowe's fails to identify the communication the legal advice was sent or received in, nor whom it was sent to or received by. It proposes that Mr. Dhen can provide a declaration that would simply state it came from two Lowe's lawyers. Thus, Lowe's fails in its burden because it essentially asks the Court to assume that the recipients had a need to know, which fails to meet Rule 26(b)(5)(A)'s instruction to provide sufficient information to "enable other parties to assess the claim."

In essence, Lowe's position is that if legal advice had been sought by lawyers and then advice is given, any time those words from the lawyers are repeated in another communication, that subsequent communication is itself privileged. This overbroad argument should be rejected.

### 2. PRIV-57 (**LOWES-WHMDL-0131804**)

Lowe's does not dispute that this communication is among non-legal personnel, *see supra*, fn. 4, and that it pertains to the business implementation process of changing Lowe's Kronos time-keeping system. Rather, it contends that it is entitled to share legal advice with its business personnel for business purposes (because why else would business personnel seek legal advice). But that misses the point: this is a *business* communication; it is not an e-mail from counsel to business personnel containing legal advice. Business personnel are discussing issues involving a business process, and are not seeking legal advice, but legal advice is purportedly inserted in the communication. And Lowe's has refused, again, to identify separate communications where this purported legal advice was directly sought or received, which as noted immediately above, fails to meet Rule 26(b)(5)(A)'s requirement of providing enough information to "enable other parties to assess the claim." If communications do not "provide or request legal advice" then "thoughts by non-lawyer employees" are not privileged. *See Tex. Brine Co., LLC v. Dow Chem. Co.*, No. 15-1102, 2017 U.S. Dist. LEXIS 193118, *10 (E.D. La. Nov. 21, 2017). That is true here.

### 3. Sixteen Other Privilege Entries Withholding ESI on the Same Improper and Vague Basis as Those "Inadvertently Produced"

Plaintiffs also challenge additional ESI claimed to be privileged with the same challenged basis asserted for the ESI above. This includes 13 log entries where Lowe's claims the ESI "[r]eflect[s] legal advice" or "[c]ontain[s] legal advice" but was among non-legal personnel.[5] Additionally, there are 4 log entries where Lowe's claims the ESI "[s]eek[s] legal advice" but the

---

[5] This includes PRIV IDs: 18, 19, 45, 50, 58, 100, 101, 125, 129, 135, 146, 147, 148.

4

communication is among non-legal personnel.[6] As noted at page 1 above, Lowe's re-produced two documents reflecting less redactions and they do not provide any additional useful context.

Most certainly, however, the mere fact that information exchanged among non-lawyers was later shared with counsel does not invoke the privilege. *Shire LLC v. Amneal Pharm.*, Civil Action No. 2:11-cv-03781 (SRC)(CLW), 2014 U.S. Dist. LEXIS 45075, at *8-9 (D.N.J. Apr. 1, 2014) (email sent from a non-attorney representative to another non-attorney who subsequently shared its contents with in-house counsel was not privileged); *Neuder v. Battelle Pacific Northwest Nat. Laboratory*, 194 F.R.D. 289, 295 (D.D.C. 2000) ("documents prepared by non-attorneys and addressed to non-attorneys with copies routed to counsel are generally not privileged since they are not communications made primarily for legal advice").[7]

And even if Lowe's demonstrated (which it does not) the communications reflected advice from counsel, it also must show that the advice reflected in the communications were shared with individuals who had a "need to know." It has failed to do so, thereby failing to support a privilege invocation. *See In re N.Y. Renu with Moistureloc Prod. Liab. Litig.*, MDL 1785, 2008 U.S. Dist. LEXIS 88515, at *4 (D.S.C. May 6, 2008) (citing *GlaxoSmithKline*, 294 F.3d 147-48).[8]

### *An* In-Camera *Review Will Assist the Court in its Determination*

As discussed at Plaintiffs' Moving Brief 10-11, Lowe's privilege logs are not helpful in justifying its redactions or complete withholdings. And concessions of "too aggressive"

---

[6] This includes the following PRIV IDs: 3, 18, 46, 122. PRIV-18 is listed twice because it falls into both categories addressed in this paragraph.

[7] The PRIV IDs here that might fall into this category are, but not limited to: 18, 103, 104, 116, 146, 150, 151.

[8] Of the remaining disputed entries, PRIV IDs 69 and 129 include many non-lawyers, and Lowe's has not explained why the non-lawyers on the e-mail had any "need to know."

5

redactions[9] and improper designations do not inspire confidence in the quality of Lowe's privilege review and withholding process, exacerbating the need for *in-camera* review of such inherently suspect ESI privilege assertions, particularly given Lowe's other shortcomings in its privilege contentions. *See Interbake Foods*, 637 F.3d at 502. Further, Lowe's does not rebut Plaintiffs' arguments about the log field deficiencies. (*See* Pls.' Mov. Br. 11).

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully seek an order compelling production of the ESI listed in this motion. Alternatively, Plaintiffs seek the Court's *in-camera* review of said ESI to determine whether they are entitled to "attorney client privilege" protections.

**Dated: October 15, 2021**          Respectfully Submitted,

s/Amir Alimehri
Seth R. Lesser
Amir Alimehri
**KLAFTER LESSER LLP**
2 International Drive, Suite 250
Rye Brook, New York 10601
T. (914) 934-9200
F. (914) 934-9220
E.     seth@klafterlesser.com
         amir.alimehri@klafterlesser.com

*Counsel for Plaintiffs & the Proposed Classes*

---

[9] Though Lowe's counsel suggests that it never said in its e-mail to Plaintiffs' counsel that one of its redactions was "too aggressive" (which is true), it in fact said so during the parties' August 17 telephonic meet-and-confer, which was memorialized contemporaneously by Plaintiffs' counsel in an e-mail sent immediately after the meet-and-confer. (*See* Defs.' Br. Ex. A).

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2021, I electronically filed the foregoing document on the ECF system, which will send this filing to all counsel of record.

s/Amir Alimehri