# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# MDL DOCKET NO. 5:20-MD-2947-KDB-DSC

| | |
|---|---|
| IN RE: LOWE'S COMPANIES INC. | ) |
| FAIR LABOR STANDARDS ACT | ) |
| (FLSA) AND WAGE AND HOUR | ) |
| LITIGATION | ) |
| | ) |
| _____ | ) |

## MEMORANDUM AND ORDER

**THIS MATTER** is before the Court on Defendant's "Motion to Compel and for Additional Time to Complete Depositions of Opt-In Plaintiffs" (document #50), "Plaintiffs' Motion to Compel ESI …" (document #54), and the parties' briefs and exhibits.

The Court has carefully reviewed the authorities, the parties' arguments and the record.

Plaintiffs seek to compel production of documents identified in forty-five entries on Defendant's attorney client privilege log. The documents are emails among non-lawyers.

In its brief, Defendant withdraws its privilege claim as to nineteen of the privilege log entries. See document #60 at 2 and 5. Defendant credibly asserts that the remaining emails contain advice from counsel which the employees were relaying to other employees in order to implement that advice. Such communications are privileged. Mid-State Auto., Inc. v. Harco Nat'l Ins. Co., No. 2:19-CV-00407, 2020 WL 1488741, at *5 (S.D. W. Va. Mar. 25, 2020); McAirlaids, Inc. v. Kimberly-Clark Corp., No. 7:13-CV-193, 2014 WL 12782814, at *4 (W.D. Va. Sept. 26, 2014); Santrade, Ltd. v. Gen. Elec. Co., 150 F.R.D. 539, 545 (E.D.N.C. 1993). For those reasons, Plaintiffs' Motion to Compel is granted as to the nineteen documents where Defendant has withdrawn its privilege claim and otherwise denied.

Defendant seeks to (1) dismiss Named Plaintiffs Jennifer Belaski (Connecticut) and Kaitlin Forte (South Carolina), (2) compel the depositions of forty Opt-In Plaintiffs whose depositions Defendant has noticed but who have failed to appear or provide alternate dates (and permitting Defendant to take these depositions, as well as those of any necessary Replacement Opt-Ins, after the close of fact discovery if needed); (3) compel thirteen Opt-In Plaintiffs to remedy deficiencies in their document production; and (4) dismiss nineteen Opt-In Plaintiffs whose discovery responses are more than one month overdue.

Plaintiffs Belaski and Forte have been dismissed and substitute class representatives have been named. See Text-Only Order entered October 15, 2021 (adopting Memorandum and Recommendation (document #59)). Accordingly, this portion of Defendant's Motion is denied as moot.

For the reasons stated in Defendant's briefs, the Court finds that Opt-In Plaintiffs must appear for the noticed depositions and serve complete responses to Defendant's written discovery requests. Certain Opt-In Plaintiffs have made additional responses and request more time to complete their responses. See "Plaintiff's Response …" at 3-8 (document #55). In its reply brief, Defendant states it does not object to Plaintiffs' proposed schedule. Document #57 at 3.

The Court warns Plaintiffs and Opt-In Plaintiffs that failure to appear for depositions or respond fully to Defendant's discovery requests as **ORDERED** below may result in the imposition of sanctions, including their **DISMISSAL** from this case.

**NOW, THEREFORE IT IS ORDERED** that:

1. "Plaintiffs' Motion to Compel ESI …" (document #54) is **GRANTED IN PART** and **DENIED IN PART**. Specifically, within ten days of this Order, Defendant shall

produce the documents identified in the nineteen withdrawn privilege log entries. Otherwise, the Motion is **DENIED**.

2. Defendant's "Motion to Compel and for Additional Time to Complete Depositions of Opt-In Plaintiffs" (document #50) is **GRANTED IN PART** and **DENIED IN PART**. Opt-In Plaintiffs shall respond to Defendant's deposition notices and written discovery as follows:

    A. On or before October 31, 2021, all previously selected Opt In Plaintiffs shall appear for deposition. Any Opt In Plaintiffs noticed for deposition as a replacement shall appear on or before December 15, 2021.

    B. Concerning Opt In Plaintiffs whose written discovery responses were initially deficient (Dalton Hildreth, Jason Diabo, Jeffrey Dohrman Elaine Martinez, Brian Rookey, Kenneth Payne, Erin Barrera, Jeffrey Zier, Jose Joiner, Thomas Crow, Andrew Blanton, Bernard Shannon and Sean O'Conner), each shall serve complete discovery responses no later than October 31, 2021.

    C. Concerning the remaining originally selected Opt In Plaintiffs who have not responded to written discovery, each shall make complete responses to Defendant's written discovery requests by October 31, 2021.

    D. Concerning replacement Opt In Plaintiffs, each shall make complete responses to Defendant's written discovery requests by December 15, 2021.

    E. If any Opt In Plaintiff contends that they have fully responded to written discovery requests or do not possess responsive documents or information, they shall so state that fact in a verified discovery response.

    F. Otherwise, Defendant's Motion is **DENIED**.

3. The Clerk is directed to send copies of this Memorandum and Order to the parties' counsel <u>and to the Honorable Kenneth D. Bell</u>.

**SO ORDERED**.

Signed: October 19, 2021

*/s/ David S. Cayer*
David S. Cayer
United States Magistrate Judge