# Exhibit C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**MDL DOCKET NO. 5:20-MD-2947-KDB-DSC**

|  |  |
|---|---|
| **IN RE: LOWE'S COMPANIES, INC.** | ) |
| **FAIR LABOR STANDARDS ACT** | ) |
| **(FLSA) AND WAGE AND HOUR** | ) |
| **LITIGATION** | ) |
|  | ) |
|  | ) |
| **THIS DOCUMENT APPLIES TO:** | ) |
| *All Cases* | ) |
|  | ) |

**DECLARATION OF SETH R. LESSER, ESQ.**

Pursuant to 28 U.S.C. § 1746, I, SETH R. LESSER, hereby declare as follows:

1.      I am a member of the Bar of this Court and am a partner in the law firm of Klafter Lesser LLP ("KL") (formerly Klafter Olsen & Lesser LLP until March 1, 2021). I have personal knowledge of the matters stated in this declaration.

2.      I provide this declaration in support of Plaintiffs' Unopposed Motion to Certify a Collective Action Under Section 216(b) of the FLSA Solely for Settlement Purposes; For Approval of an Opt-in Settlement; For Appointment of Settlement Administrator; And for Approval of Awards of Attorneys' Fees and Costs and Service Awards (hereinafter, "Plaintiffs' Motion").   More specifically, I describe the time invested and expenses incurred by myself, with others in my firm, in the prosecution of this action from February 2020, at which time my firm began its representation of plaintiffs in this case until the time a settlement was reached in December 2021.

3.      I am co-counsel for the Named Plaintiffs and Settlement Class Members in this action and I am personally familiar with, and have personal knowledge of, the files and records of this case.

4.      I received my JD degree, *magna cum laude*, from the Harvard Law School in 1988. I am admitted to the State bars of the District of Columbia, New Jersey, and New York, the United

States Supreme Court, the United States Courts of Appeals for the First, Second, Third, Sixth, Seventh, Eighth, Ninth, Tenth and District of Columbia Circuits, and the following United States District Courts: the District of New Jersey, the Southern District of New York, the Eastern District of New York , the District of Colorado, the Central District of Illinois, the Northern District of New York, the District of Connecticut, the Western District of New York, the Western District of Michigan, the Western District of Tennessee, and the Eastern District of Michigan.  I was admitted *pro hac vice* in this action on April 23, 2020 (ECF Docket No. 193).

5.     Attached as Exhibit 1 hereto is a copy of my CV, but, in short, I have spent the last quarter of a century actively involved in the prosecution of individual, class, collective and mass tort cases on behalf of workers, consumers, investors and business in a wide range of area as of the law, including, as here relevant, employment and wage and hour cases.  In addition, I regularly speak and write on these topics, am a co-editor of a treatise on class action law, and have been interviewed by and quoted in numerous national media.  I have been sole lead or co-lead counsel in dozens of wage and hour cases, including, among others, wage and hour class settlements that obtained recoveries of $42 million (*In re Staples, Inc. Wage & Hour Employment Practices Litig.*, MDL-2025 (D.N.J.)), $34 million (*Nash v. CVS Caremark Corp.*, 1:09-cv-00079 (D.R.I.)), $31.5 million (*Roberts v. The TJX Cos.*, Inc., Civil Action No. 13-cv-13142-ADB (D. Mass.)), $20.9 million (*Craig v. Rite Aid Corp.*, 2013 U.S. Dist. LEXIS 2658 (M.D. Pa.)), $14 million (*Youngblood, et. al. v. Family Dollar Stores, Inc.*, No. 09-cv-3176 (S.D.N.Y.)), $16.5 million (*Thorn v. Bob Evans*, No. 12-cv-768 (S.D. Ohio)); $13.9 million (*Jacob v. Duane-Reade*, No. No. 11-cv-160 (S.D.N.Y.); $10 million (*LaPan v Dick's Sporting Goods*, No. 13-cv-11390 (D. Mass.).  Other aspects of my practice are set forth in the attached CV, which also lists some of my other lead counsel appointments, as well as professional organizational activities, publications, and speaking engagements.

6.     I first became involved in this action in February, 2020, when Mr. Jason Thompson,

with whom I had worked on other wage and hour matters, reached out to me to become involved in then-conditionally collective action before this Court as well as the putative Rule 23 cases that had then been, and were at the time being, filed. The purpose of my firm joining the litigation was to provide strategic and tactical advice, given my and my firm's extensive experience in FLSA and state law wage and hour cases, as well as to handle specific tasks as they developed.

7. Specifically, the work I and my firm undertook included, but was not limited to, (1) discussing strategic and tactical considerations at the time of my firm becoming involved; (2) becoming involved in the mechanisms for filing additional state class cases; (3) handling the filing of, and being the local counsel, the New York State class case, which itself included speaking to the client, drafting the complaint, researching issues of New York State law, finalizing, and filing of the case; (4) substantially taking a lead role in responding to Lowe's motion for MDL centralization under 28 U.S.C. § 1407, including reviewing Lowe's motion, researching applicable precedent, taking a major role in the drafting of the opposition to the motion, and handling the argument before the Panel; (5) upon centralization of the litigation by the MDL Panel, becoming extensively involved in and preparing for the next steps in the case, including the parties' submission on pursuant to the practice and procedure upon transfer, the parties' pretrial order and case management plan, the amendment of the same, and preparing for and appearing at the first MDL pretrial conference on behalf of the Plaintiffs; (6) taking a major role in the drafting of the consolidated and amended complaint, including extensive research into the applicable states' laws and addressing issues of pleading them in the consolidated and amended complaint; (7) taking part in the discussions adjunct upon the filing of Lowe's motion to dismiss and handling the work attendant upon revising the complaint and producing the first amended complaint; (8) playing a leading role in responding to Lowe's motion to dismiss the same, including substantial state-by-state research as to the claims asserted and Lowe's contentions and drafting sections of the

opposition, including the extensive exhibits thereto, and working on revisions of the same and reviewing the final opposition prior to filing; (9) throughout the course of the case, reviewing various of Lowe's policies to determine how they were breached or how such policies were in violation of the relevant labor laws, including revisions of Plaintiffs' strategy and tactics vis-à-vis the same in light of discovery; (10) upon the Court's order on Lowe's motion to dismiss, being actively involved in the drafting of the second amended complaint; (11) being involved in responding to Lowe's propounded discovery, including contacting substantial numbers of opt-ins and preparing discovery responses for those that were responsive as well as searching for, reviewing, and producing ESI; (12) being involved in the drafting of Plaintiffs' discovery, including legal research related to specific issues, and the drafting of the discovery requests themselves; (13) preparing and defending Plaintiffs both for and in deposition; (14) working on various discovery disputes and motion practice, including, among other things, engaging in numerous meet and conferrals with Lowe's counsel to discuss discovery disputes, drafting meet and conferral correspondence to Lowe's counsel, as well as researching and drafting the motion to compel ESI relative to privilege designations and reviewing and revising Plaintiffs' submissions on other discovery disputes; (15) being involved in the Rule 30(b)(6) discovery process, including working on Plaintiffs' depositions outlines, the document review for the depositions, attending the depositions, and preparing for and deposing one of Lowe's 30(b)(6) deponents; (16) researching and drafting of Plaintiffs' motion to substitute putative class representatives; (17) doing extensive work through the course of the case into preparing Plaintiffs' positions preparatory to opposing Lowe's anticipated motion to decertify and supporting Plaintiffs' motion(s) for class certification, including work and consultation with respect to necessary discovery, research into precedents, including such matters as pulling materials from prior cases, and extensive discussions with the other Plaintiffs' counsel regarding the same; (18) working with Plaintiffs' experts, including

4

working with them in the preparation of their initial and rebuttal reports as well as preparing them for their depositions; (19) doing research for and working on the drafting of Plaintiffs' motions (never filed due to the settlement) for final collective certification and for Rule 23 class certification; and (20) being extensively involved in the settlement mediation process, including the choosing of the mediator(s), attending the pre-mediation sessions with the mediator(s), the drafting, revising and finalization of Plaintiffs' mediation statement, attending the mediation sessions and being involved in the consultations and discussions and negotiations following the initial mediation session, as well as all aspects of the decision-making process that led to the proposed settlement.

8.      The total number of hours expended on this litigation by me and my firm in respect to the foregoing work through March, 2022, is 1784.36 hours, as set forth in Exhibit 2, hereto.[1]  As shown, the total lodestar for this work using current billing rates is $958,345.  The billing rates charged by my firm in that Exhibit are those charged by me and my firm to paying clients; in addition, the hourly rates are also the same as the usual and customary hourly rates charged for my and KL's services on a contingent basis in similar complex wage and hour class action litigation and have been accepted and approved by federal district courts in other individual, collective, mass, and class action wage and hour settlements.  All of this time was expended on a contingent basis with the only likelihood of being paid being this fee application.  Time spent on this application is not included.

9.      In terms of expenses, my firm's unreimbursed expenses have totaled $28,822.42, which are categorized in Exhibit 2 hereto.[2]  The largest part of these expenses were discovery costs and Lexis research, which resulted from the comprehensive research my firm spearheaded for the

---

[1] The complete contemporaneous time records of my firm can be provided to the Court for *in camera* review upon request.
[2] In addition to that amount, my firm also paid $107,478.55 to Sommers Schwartz, P.C., to pay for common benefit cost and expense items which I understand Sommer Schwartz, P.C., will include in its firm's fee application and which that firm will reimburse to my firm from what the Court awards.

complaint drafting, opposing the motion to dismiss (which entailed deeply researching 19 state laws), drafting and reviewing discovery motions, and the work on the FLSA collective motion for final certification and the motion for class certification, and document and ESI review using our document system.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 4, 2022
Rye Brook, New York

*/s/ Seth R. Lesser*
Seth R. Lesser

# EXHIBIT 1

**SETH R. LESSER, ESQ.**
**Two International Drive, Suite 350**
**Rye Brook, New York 10573**
**914-934-9200**
**seth@klafterlesser.com**

Seth Lesser is a partner in Klafter Lesser LLP, and is admitted in New York, New Jersey and District of Columbia, where he practices in the areas of wage and hour litigation, consumer advocacy, mass torts, and corporate governance, primarily on behalf of injured individuals, defrauded consumers, employees and businesses. He is admitted to the bars of those three jurisdictions, as well as two dozen federal courts (*see* below).

Mr. Lesser is a graduate of Princeton University, A.B., *summa cum laude* (1983); Oxford University, D.Phil. in Modern History, recipient of a Marshall Scholarship (1985); and Harvard Law School, J.D., *magna cum laude* (1988), where he was an editor of the HARVARD JOURNAL OF INTERNATIONAL LAW and of the HARVARD ENVIRONMENTAL LAW REVIEW. In addition, he was the Princeton University Varsity Heavyweight coxswain in 1982 & 1983 and the coxswain of the victorious Oxford Blue Boat in the Oxford-Cambridge Boat Race in 1984 & 1985.

## SUMMARY OF PROFESSIONAL ACTIVITIES

Since 1995, Mr. Lesser has primarily represented plaintiffs in individual, class, collective, and mass tort cases. He regularly speaks and writes on these topics, and is a co-author of a treatise on class action law.

He has been the lead plaintiffs' counsel in dozens of successful individual, class, collective, and mass tort actions in the areas of consumer law, employment, privacy, securities, and mass tort litigation. The cases in which he has personally been a lead counsel have returned nearly a billion dollars to his clients and the cases in which he has been co-counsel several times that amount. In addition to many class actions where he was lead plaintiffs' counsel but which cases were not Federal Multidistrict Litigation proceedings, the MDLs where he was court-appointed lead counsel have including, among others, MDL-1346 (*In re Amazon-Alexa*); MDL-1352 (*In re Doubleclick*); MDL-1708 (*In re Guidant Implantable Heart Devices*); MDL-1739 (*In re Grand Theft Auto Video Game Consumer Litigation*); MDL-1903 (*In re Pepsico, Inc. Bottled Water Sales Practices*); and MDL-2025 (*In re Staples, Inc. Wage & Hour Employment Practices Litig.*). He has also served on numerous MDL Executive/Steering Committees, including the Executive Committee in MDL-1845 (ConAgra Peanut Butter Products Liability Litigation), and serving as Law & Briefing Co-Chair of the Government Actions Committee in MDL-1657 (Vioxx Products Liability Litigation). Among other things, he was the lead New York class counsel in the Fen/Phen diet drug litigation, in that case obtained the first certification under New York law for a medical monitoring class, and was the New York class counsel in the MDL settlement with American Home Products. In one case, a federal court judge, addressing Mr. Lesser in approving a settlement, stated, "the court already held that class counsel was adequate in the context of class certification. But more than just adequate, class counsel's performance in this case has been exemplary." *Wilson v. Gloucester County*, 06-cv-1368 (JEI/AMD) (D.N.J.) (final approval obtained March 18, 2010).

He has successfully taken cases to trial. In 2009, he won a verdict one of the first Fair Labor Standards misclassification collective cases taken to a jury, resulting in a judgment of $5 million on behalf of 342 collective action plaintiffs, *Stillman v. Staples, Inc.*, No. 07-cv-849 (D.N.J.), a result which led to the $42 million nationwide settlement of MDL-2025. As to wage and hour cases, has also obtained settlement recoveries of, among others, $34 million (*Nash v. CVS Caremark Corp.*, 1:09-cv-00079 (D.R.I.)), $31.5 million (*Roberts v. The TJX Cos.*, Inc., Civil Action No. 13-cv-13142-ADB (D. Mass.)), $20.9 million (*Craig v. Rite Aid Corp.*, 2013 U.S. Dist. LEXIS 2658, at *38 (M.D. Pa.)), $14 million (*Youngblood, et. al. v. Family Dollar Stores, Inc.*, No. 09-cv-3176 (S.D.N.Y.)), $16.5 million (*Thorn v. Bob Evans*, No. 12-cv-768 (S.D. Ohio)); $13.9 million (*Jacob v. Duane*-Reade, No. No. 11-cv-160 (S.D.N.Y.); $10 million (*LaPan v Dick's Sporting Goods*, No. 13-cv-11390 (D. Mass.). The settlement in the *Nash v. CVS Caremark Corp.* case was termed by District Judge McConnell "magnificent" at the final approval hearing. Order Granting Final Approval, *Nash v. CVS Caremark Corp.*, No. 1:09-cv-00079 (D.R.I. Apr. 9, 2012), while the final approval decision in *Craig v. Rite Aid Corp.* (where Mr. Lesser was lead counsel), stated that "To say that Class Counsel vigorously prosecuted this action would be a gross understatement." *Craig*, 2013 U.S. Dist. LEXIS 2658, at *31.

Mr. Lesser was the National Association of Consumer Advocates' Attorney of the Year in 2005 and was Co-Chair of the Board of Directors of that organization from 2008 through 2013. From 1998 through 2001, he served as the representative of the American Council on Consumer Interests to the United Nations. At present, he is on the Second Circuit Courts Committee of the Federal Bar Council, is active in the Members Consultative Groups of the American Law Institute's Restatement of the Law Third, Restitution and Unjust Enrichment project. In 2017, he joined the Board of Public Justice and was recently chosen to join its Executive Committee. He also been on the *Amicus* Committee of the American Association for Justice and was the Co-Chair of the Food-Borne Illness Litigation Group of the American Association for Justice. He is a member of, *inter alia*, the American Law Institute; the American Bar Association; the Second Circuit Federal Bar Council; the Bar Association of the City of New York; the National Association of Consumer Advocates; the American Association for Justice; and the National Employment Lawyers Association.

Other professional organizational appointments have included being the Chair of American Bar Association's Business Law Section's Environmental Litigation Subcommittee (1995-2002); the Co-Chair of the ABA's Business Law Section's Annual Review of Litigation (1995-1998); a member of the New York City Bar Association's Committees on Consumer Affairs (1995-1998) and Federal Courts (1998-2001); a member of the Federal Bar Council's Second Circuit Courts Committee (2006 to date); and Co-Chair of the American Association for Justice's Food-borne Illness Litigation Group (2007-2010). He also was the Chair of the National Association of Securities and Consumer Attorneys' Consumer Committee from 2003 to 2005. He was asked to draft revisions to New York State's class action law (2002-2003; Report, 2003), as well as having been involved in the drafting of numerous recommendations, testimony, reports, and other materials for various professional organizations. His election to the American Law Institute was in 2008 and he actively participated in the Members Consultative Group to the ALI's 2009 adoption of the Principles of the Law of Aggregate Litigation. In addition, Mr. Lesser has served on the Editorial Advisory Board of the *Class Action Law Monitor*.

Mr. Lesser has been repeatedly chosen as a Superlawyer®, both as a Superlawyer® in the New York Metropolitan Area in the area of class actions and also as one of the 25 best lawyers in Westchester County, N.Y.

**PUBLICATIONS (sample).** Among others, Mr. Lesser's publications include:

The Second Circuit Federal Bar Council, *Courthouses of the Second Circuit* (2015) (Contributor)

"An Attorney's Reaction to Professor Kolodinsky's Observations," 44(3) The Journal of Consumer Affairs (Fall 2010)

*Consumer Class Actions*, Fifth through Seventh Editions (2002-to date) (Contributor & Ed.), published by the National Consumer Law Center

"Time price differentials in the rent-to-own industry: implications with empowering vulnerable consumers," 29(2) International Journal of Consumer Studies, 119-24 (March 2005) (co-author)

Annual Review of New York's Consumer Protection Statute, New York Law Journal (annual review articles, 1997-2005)

New Jersey's Consumer Fraud Law, New Jersey Law Journal (review article, 2003)

"Internet Privacy Litigation and the Current Normative Rules of Internet Privacy Protection," *Considering Consumer Privacy*, Center for Democracy & Technology (March 2003; P. Bruening, ed.)

"Privacy Law in the Internet Era," Internet Law & Business, September 2002

"The Second Circuit Cuts Back on Diversity Jurisdiction," New York Law Journal (April 16, 1997)

"New Pleading Requirements for Consumer Fraud Suits," New York Law Journal (October 25, 1996)

**SPEAKING ENGAGEMENTS (sample).** Among a number of others, Mr. Lesser's engagements as a featured speaker have included:

Steering Committee and Speaker, Co-Cambridge Forum on Plaintiffs' Class Actions (May 2019 and May 2020)

National Consumer Law Center: Speaker at Annual Symposium on Class Actions (Various locations, 2000-2021) and on other topics relating to consumer law

Stafford, Employment Contracts After Epic SCOTUS Decision (Webinar, August 7, 2019)

National Employment Lawyers' Association, Annual Convention (July 2018)

Lawline, Introduction to the Fair Labor Standards Act (Webinar, September 18, 2017)

Lawline, SCOTUS Review: Tyson v. Bouaphakeo (Webinar, September 19, 2016)

National Employment Lawyers' Association, Wage & Hour Conference (Washington, D.C. May 2015)

National Association of Consumer Advocates:  Speaker at various conferences on topics relating to consumer finances, class actions and complex litigation (Various locations, 1999-2015)

National Employment Lawyers' Association, Fall Conference (Washington, D.C. Oct. 2011)

Rand Institute for Public Justice:  Conference on Alternative Litigation Finance (Alexandria, Virginia 2010)

New Jersey Association for Justice:  Meadowlands Seminar – The New Jersey Consumer Fraud Act (Secaucus, New Jersey, 2009)

Practicing Law Institute:  Speaker at multiple conferences, including Consumer Financial Services Litigation (New York, 2000-2003, 2009) and the First through Fourth Institutes on Privacy Law (New York & San Francisco, 2000-2004)

American Council on Consumer Interests:  Rent-A-Own – Consumer Issues (Orlando, Florida, August 2008)

American Association for Justice:  The Status of Daubert Today (Philadelphia, July 2008)

Federal Bar Council Fall Retreat:  Rule 23 in The Second Circuit (Lenox, Massachusetts, October 2007)

American Bar Association:  Speaker at numerous conferences and teleconferences, including "Class Actions and Consumers," (ABA Connection Teleconference, June 20, 2007); Fourth National Institutes on Class Actions (October 2005); "Class Action Practice After The Fairness Act of 2005" (Teleconference, March 17, 2005); Internet Privacy Issues (Teleconference Seminar, Sept. 19-20, 2001) (also featured in article on same topic in ABA Journal, September 2001); Business Law Section's Annual Review of Litigation (Various locations, 1995-1998) (co-chair)

Mealy's Publications, Mealey's Drug & Medical Device Litigation Conference (San Diego, May 2007)

Mealy's Publications, Representing Toxic Tort Victims (Philadelphia, Pennsylvania, 2003)

Computers, Freedom & Privacy ("CFP") Conference, Speaker at 12th Annual Conference (San Francisco 2002)

Mealy's Publications, Rezulin Conference, Speaker (Alexandria Virginia, 2000)

Reinsurance Association of America, Speaker on Year 2000 litigation issues (New York, 1999)


**BAR ADMISSIONS**

Mr. Lesser is admitted to the following Bars:  State of New Jersey (1988); U.S. District Court, District of New Jersey (1988); State of New York (1989); U.S. District Court, Eastern District of New York (1989); U.S. District Court, Southern District of New York (1989); District of Columbia (1990); U.S. Court of Appeals, District of Columbia Circuit (1994); U.S. Court of Appeals, Ninth Circuit

(1997); U.S. Court of Appeals, Tenth Circuit (1997); U.S. Supreme Court (1998); U.S. Court of Appeals, Second Circuit (1998); U.S. District Court, District of Colorado (2000); U.S. Court of Appeals, Sixth Circuit (2001); U.S. Court of Appeals, First Circuit (2002); U.S. Court of Appeals, Third Circuit (2003); U.S. District Court, Central District of Illinois (2004); U.S. Court of Appeals, Seventh Circuit (2004); U.S. Court of Appeals, Eleventh Circuit (2005); U.S. District Court, Northern District of New York (2006); U.S. District Court, District of Connecticut (2006); U.S. District Court, Western District of New York (2010); U.S. District Court, Western District of Michigan (2010); U.S. District Court, Western District of Tennessee (2015); U.S. District Court, Eastern District of Michigan (2017); U.S. Court of Appeals, Eighth Circuit (2019).

## PERSONAL INFORMATION

Seth Lesser is married and has four daughters. He is a Past President of the Hillholme Association in Chappaqua, New York and is a member of the Zoning Board of Appeals for the Village of Saltaire, New York.  He is a member of the Committee for the Oxford-Cambridge Boat Race Dinner in New York City, and he actively continues to be a coxswain, coxing for, among others, the Lake Union Crew, the Greenwich Crew, and the Thames Rowing Club (London) at such races as the Head of the Charles.

April 2022

# EXHIBIT 2

# KLAFTER LESSER LLP

## Danford et al v. Lowe's

### TIME AND LODESTAR

| Attorney or Staff | Position | Billable Hours | Hourly Rate | Lodestar |
|---|---|---:|---:|---:|
| Jeffrey A. Klafter | Partner | 2.70 | 990 | 2,673 |
| Seth R. Lesser | Partner | 238.69 | 965 | 230,336 |
| Fran L. Rudich | Partner | 144.05 | 895 | 128,925 |
| Amir Alimehri | Associate | 539.50 | 535 | 288,633 |
| Cyrus Kornfeld | Associate | 379.56 | 400 | 151,824 |
| Myra Monteagudo | Paralegal | 308.79 | 325 | 100,357 |
| Nancy Velasquez | Paralegal | 171.07 | 325 | 55,598 |
| **Total** | | **1784.36** | | **958,345** |

### EXPENSES

| Category | Amount |
|---|---:|
| Court Fees | 550.00 |
| Telephone | 42.21 |
| FedEx/Postage | 1,916.23 |
| Empire Discovery | 9,208.35 |
| Lexis | 14,089.58 |
| Pacer | 980.30 |
| Veritext (transcripts) | 2,035.75 |
| **Total** | **28,822.42** |