# Exhibit E

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:20-MD-2947-KDB-DSC

IN RE: LOWE'S COMPANIES, INC.,
FAIR LABOR STANDARDS ACT (FLSA)
AND WAGE AND HOUR LITIGATION

## DECLARATION OF JAMES J. MILLS

James J. Mills hereby makes the following declaration:

1. I graduated from UNC law school, with honors, in 2002, and I have been a licensed attorney since 2002. I am admitted to practice law in the states of North Carolina (2007) and Georgia (2002), and am a member in good standing with both state bar organizations.

2. I have been a partner with my current firm, Burns, Day & Presnell, P.A., since 2010.

3. My legal practice has always been focused on litigation matters, and I continue to have a full time litigation practice.

4. I was first contacted by Harry Houtman, a Lowe's employee, in December 2018. Mr. Houtman relayed a number of concerns that seemed to center around wage and hour disputes.

5. Although I have been involved in some wage and hour disputes in the past, I understood from talking with Mr. Houtman that his issues did not appear to be specifically isolated to his work at Lowe's, but instead seemed to be more widespread and impacted other Lowe's employees as well.

1

6. I then contacted lawyers at Sommers Schwartz with whom I had a previous professional relationship, since I knew they had specific expertise in class action FLSA and wage and hour disputes.

7. I continued to do research on the potential claims, as did the attorneys at Sommers Schwartz. Ultimately, a decision was made to file suit in the Western District of North Carolina, and I was asked to serve as local counsel, and I agreed to do so.

8. Since that time, I have continued to serve as local counsel. My duties have included, but have not been limited to:

   a. The drafting and filing of motions and pleadings;

   b. Research;

   c. Consultations with class members and prospective class members;

   d. Attendance at hearings;

   e. Participation in multiple mediations;

   f. Participation in discovery matters; and

   g. Consultations with fellow partners at my firm, as well as consultations with co-counsel at various firms, including Sommers Schwartz.

9. I perform most of my work on a contingency fee basis. However, I have several hourly files for businesses and individuals, and my standard hourly rate is $400.00. I have personal knowledge about hourly rates of other, similarly-experienced attorneys in the State of North Carolina, and based upon that knowledge, I believe the $400.00 hourly rate to be reasonable for any attorney with similar experience, skill and experience. If anything, I believe that hourly rate to be on the low end for similarly-experienced attorneys in my area.

10. I have made efforts to keep track of all of my time in this matter since I became involved. My time sheets reflect that I have spent 173.30 hours on this file. My law partners have also tracked their time, and their times sheets show a total of 2.8 hours spent on the file, combined. (The partners who worked on the file were Daniel Higgins and Julia Kirkpatrick. Mr. Higgins has been licensed since 1981; Mrs. Kirkpatrick has been licensed since 2000. They are senior to me, and therefore, their hourly rates, if anything, should exceed my own, but I have billed all attorney time at the same $400/hour rate). Additionally, my paralegal Elena Guim assisted extensively with written discovery efforts and kept track of her time, and her time sheets show 24.30 hours spent on the file, and her time, when billed, is billed at $150.00/hour.

11. I believe that, if anything, the time reflected on our time sheets is understated. The reason being, I do not typically have to track my time with such accuracy because it is not usually required in my contingency-fee work. There are times when I would forget to note an entry of work performed on this matter, and in those instances, if I could not state with absolute confidence the amount of time I had on the file, I would intentionally understate the time entries (or exclude them altogether). Therefore, I say with confidence that the entries reflected on my time sheets for this matter are not overstated or overcalculated.

12. My firm has incurred unreimbursed costs in the amount of $618.06 in this matter. The bulk of these fees relate to travel costs associated with my attending various hearings in Charlotte, North Carolina (my office is in Raleigh, North Carolina).[1] My firm has been

---

[1] The cost breakdowns are as follows: Mileage reimbursement on 9-24-19 for a hearing in Charlotte ($197.20); PACER research fees ($7.20); Mileage reimbursement on 1-16-20 for a hearing in Charlotte (192.05); a meal while traveling for 1-16-20 hearing ($14.00); an UBER ride reimbursement on 1-16-20 for the hearing ($8.50); and lodging and meal associated with the 1-16-20 hearing ($199.11).

3

reimbursed for other expenses advanced, and therefore, I suspect that those costs will be reflected in other declarations and I have not included them here.

13. Ultimately, the time entries for my partners, my paralegal and myself amount to $74,085.00. As stated above, my firm has incurred unreimbursed costs of $618.06. Accordingly, the total fees and expenses reflected in my firm's time sheets and invoices is $74,703.06.

_____
James J. Mills
Burns Day & Presnell, P.A.
2626 Glenwood Avenue, Suite 560
Raleigh, NC 27608
919.235.3824 (phone)
jmills@bdppa.com


Sworn to and subscribed before me this the 28th day of April 2022 by James J. Mills.

_____
Notary Public

My commission expires: 7/27/25

KATHERINE R. SUGGS
NOTARY PUBLIC
JOHNSTON COUNTY, N.C.