# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# MDL DOCKET NO. 5:20-MD-2947-KDB-DSC

| | |
|---|---|
| IN RE: LOWE'S COMPANIES, INC. FAIR LABOR STANDARDS ACT (FLSA) AND WAGE AND HOUR LITIGATION | JOINT STIPULATION AND NOTICE RE MINOR REVISIONS TO SETTLEMENT AGREEMENT |
| THIS DOCUMENT APPLIES TO: *All Cases* | |

The Named Plaintiffs and Defendants Lowe's Companies, Inc. and Lowe's Home Centers, LLC (collectively, "Lowe's") (together, the "Parties"), jointly and respectfully submit the following in advance of the Court's September 14, 2022 hearing:

On May 20, 2022, Plaintiffs filed an Unopposed Motion for Approval of Collective Action Settlement, together with a copy of the executed Settlement Agreement. ECF No. 90-3. As noted in the Agreement (at 5 n.2), the assignment of individuals to position-based subcategories of Opt-Ins and the allocation of overall funds among those subcategories was based on employment data through **May 1, 2021**. The settlement payments, however, are based on employment from October 2, 2016 through **March 1, 2022**. *Id.* at Section 2.4(iii). With the benefit of supplemental data covering the period through March 1, 2022 (which will be used by the Settlement Administrator to make final allocations), the Parties have agreed to the following minor adjustments to the Settlement Agreement:

**Smartphone Opt-In Net Settlement Fund**. This subcategory provides for a flat $75 payment to Opt-Ins who did not hold either (a) a Service and Support Manager/Department Supervisor ("SSM/DS") or (b) a Loss Prevention Manager ("LPM") position during the relevant time period of October 2, 2016 through Mach 1, 2022. The Settlement Agreement lists **791** Opt-

Ins in this category. Updated data shows that **seven** of these Opt-Ins[1] had Department Supervisor positions between May 1, 2021 and March 1, 2022, and thus are properly assigned to the SSM/DS category. A further analysis also shows that a different **seven** Opt-Ins[2] completed all relevant hourly manager service prior to the start date for payments (October 2, 2016, or three years before the Court's conditional certification order). Six of these individuals are not eligible for any payments under the Settlement Agreement, and one (Thomas Fyfe) will receive a Named Plaintiff Incentive Payment. Consistent with the removal of these **14** individuals previously assigned to this Fund, its total will be reduced by $1,050 (corresponding to $75/individual for 14 individuals), and that amount will be added to the SSM/DS Net Settlement Fund. There are now **777** Opt-Ins in the Smartphone category sharing a fund of **$58,275.00**.

**SSM/DS Opt-In Net Settlement Fund**. This fund will be allocated on a workweek basis to those individuals holding SSM/DS positions during the relevant time period. As stated above, updated data shows that **7** individuals (listed in Note 1) should be moved from the Smartphone Opt-In Net Settlement Fund to this category, and that a total of $1,050 should also be moved from that Fund to this Fund. There are now **1,409** Opt-Ins in this category sharing a fund of **$1,133,695.77**.

**LPM Net Settlement Fund**. There are no changes to the LPM Net Settlement Fund, either in total amount allocated (**$739,829.23**) or the identity of the **218** recipients.[3]

---

[1] Flores, Jimmy; Graves, Tangy; Krebaum, Jacob; Lavigne, Darryl; Lefor, Lori; Moore, William Bryce; Rushing, Tammy Lynn.

[2] Fyfe, Thomas; Hergenrother, Jason; Hocking, Andrew William; Maxwell, Sa'd; Mazurik, Russell; Thorpe, George; Wittwood, Megan M.

[3] Because 21 individuals held *both* SSM/DS *and* LPM positions, they appear in the totals and lists for both corresponding Funds. In total, there are 2,390 individuals covered by the Agreement: 1,409 SSM/DS (21 of whom are also in the LP group); 218 LP (21 of whom are also in the SSM/DS group); 777 in the Smartphone Only group; and 7 in none of the position-based groups.

In light of the above, the Parties stipulate and agree to modify Paragraph 2.4(a)(iii) of the Settlement Agreement as shown in redline in the attached Exhibit 1, and to modify the "Hourly Manager Position Category" entries in Exhibit A to the Settlement Agreement by (a) changing the entry for the seven Opt-Ins listed in Note 1, *supra*, from "Smartphone Only" to "SSM/DS," and (b) changing the entries for the seven Opt-Ins listed in Note 2, *supra*, to "N/A."

Dated: September 13, 2022

Respectfully submitted,

/s/ Kevin J. Stoops
Kevin J. Stoops
Jason J. Thompson
SOMMERS SCHWARTZ, P.C.
One Towne Square, 17th Floor
Southfield, Michigan 48076
Phone: (248) 355-0300
KStoops@sommerspc.com
JThompson@sommerspc.com

James J. Mills
BURNS, DAY, & PRESNELL, P.A.
2626 Glenwood Avenue, Suite 560
Raleigh, North Carolina 27608
Phone: (919) 782-1441
jmills@bdppa.com

*Attorneys for Plaintiffs*

/s/ Jason C. Schwartz
Jason C. Schwartz
Molly T. Senger
David A. Schnitzer
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
jschwartz@gibsondunn.com
msenger@gibsondunn.com
dschnitzer@gibsondunn.com

Karl G. Nelson
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Ave., Ste. 2100
Dallas, TX 75201
Telephone: (214) 698-3100
Facsimile: (214) 571-2900
knelson@gibsondunn.com

Adam K. Doerr (Bar Number: 37807)
ROBINSON, BRADSHAW & HINSON, P.A.
101 N. Tryon St., Ste. 1900
Charlotte, North Carolina 28246
Telephone: (704) 377-2536
Facsimile: (704) 378-4000
adoerr@robinsonbradshaw.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that on September 13, 2022, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

/s/ Jason C. Schwartz

# EXHIBIT 1

*Paragraph 2.4(a)(iii) of the Settlement Agreement is revised as follows:*

iii. One Million Nine Hundred Thirty-One Thousand Eight Hundred Dollars and Zero Cents ($1,931,800.00) to the 2,390 FLSA Opt-Ins (as listed in Exhibit A) to be distributed as follows:

    1. One Million One Hundred Thirty-~~Two~~ Three Thousand Six Hundred ~~Forty~~Ninety-Five Dollars and Seventy-Seven Cents ($~~1,132,645.77~~ $1,133,695.77) to be paid to the ~~1,402~~1,409 FLSA Opt-Ins who held Service and Support Manager or Department Supervisor positions[3] (hereinafter "SSM/DSs") during the relevant time period (as indicated in Exhibit A). This amount shall be known as the SSM/DS Net Settlement Fund.

        a. Individual Settlement Amounts will be paid to each of the SSM/DSs from the SSM/DS Net Settlement Amount and shall be paid pursuant to the settlement formula set forth herein. The Settlement Administrator will calculate the total amount that each of the SSM/DSs will receive. The Settlement Administrator will divide the SSM/DS Net Settlement Fund by the total number of work weeks the SSM/DSs were employed in SSM/DS positions between October 2, 2016 and March 1, 2022 ("SSM/DS Work Week Amount"). The Settlement Administrator will multiply the SSM/DS Work Week Amount by the total number of work weeks that each SSM/DS was employed between October 2, 2016 and March 1, 2022 to calculate each SSM/DS's Individual Settlement Amount.

    2. Seven Hundred Thirty-Nine Thousand Eight Hundred Twenty-Nine Dollars and Twenty-Three Cents ($739,829.23) to be paid to the 218 FLSA Opt-Ins who held Loss Prevention Manager positions[4] during the relevant time period (hereinafter "LPMs") (as indicated in Exhibit A). This amount shall be known as the LPM Net Settlement Fund.

        a. Individual Settlement Amounts will be paid to each of the LPMs from the LPM Net Settlement Amount and shall be paid pursuant to the settlement formula set forth herein. The Settlement Administrator will calculate the total amount that each of the LPMs will receive. The Settlement Administrator will divide the LPM Net Settlement Fund by the total number of work weeks the LPMs were employed in LPM positions between October 2, 2016 and March 1, 2022 ("LPM Work Week Amount"). The Settlement Administrator will multiply the LPM Pay Period Amount by the total number of work weeks that each LPM was employed between October 2, 2016 and March 1, 2022 to calculate each LPM's Individual Settlement Amount.

    3. Fifty ~~Nine~~ Eight Thousand ~~Three~~ Two Hundred ~~Twenty~~Seventy-Five Dollars and Zero Cents ($~~59,325.00~~58,275) to be paid to the ~~791~~ 777 FLSA

Opt-Ins who did not hold either SSM/DS or LPM positions between October 2, 2016 and March 1, 2022 and are only entitled to smartphone communication damages (hereinafter "Smartphone Opt-Ins") (as indicated in Exhibit A). This amount shall be known as the Smartphone Opt-In Net Settlement Fund. Each Smartphone Opt-In shall be paid Seventy-Five Dollars and Zero Cents ($75.00) from the Smartphone Opt-In Net Settlement Fund.

*Footnotes:*

[3] Consisting of the following job titles: Back-End Department Supervisor; Front-End Department Supervisor; Night Ops Department Supervisor; Sales Floor Department Supervisor; Service Manager; Support Manager; ~~and~~ Temporary Service Manager; and Tool Rental Department Supervisor.

[4] Consisting of the following job titles: Asset Protection & Safety Manager; Department Manager Loss Prevention & Safety; and Loss Prevention and Safety Manager.

# # #