IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
MDL DOCKET NO. 5:20-MD-2947-KDB-DSC

IN RE: LOWE'S COMPANIES, INC. )
FAIR LABOR STANDARDS ACT )
(FLSA) AND WAGE AND HOUR )
LITIGATION )
)
THIS DOCUMENT APPLIES TO: )
*All Cases* )
_____ )

**FINAL ORDER GRANTING COLLECTIVE ACTION SETTLEMENT
AND JUDGMENT AND ORDER OF DISMISSAL**

Before the Court are Plaintiffs' Unopposed Motion for Approval of Collective Action Settlement (Doc. No. 90) and the final proposed Settlement Agreement (Doc. No. 93). The Court has carefully reviewed the Motion and supporting documents and based on that review and the record in this matter the Court hereby ORDERS and ADJUDGES that the Motion is GRANTED and the collective action settlement (as memorialized in the Parties' Settlement Agreement) is APPROVED.

1. FLSA settlements must be judicially approved for fairness. *See Kirkpatrick v. Cardinal Innovations Healthcare Solutions*, 352 F. Supp. 3d 499, 502 (M.D.N.C. 2018); *Duprey v. The Scotts Company LLC*, 30 F. Supp. 3d 404, 407-08 (D. Md. 2014); *Patel v. Barot*, 15 F. Supp. 3d 648, 653-54 (E.D. Va. 2014). However, when a collective FLSA action is settled only on behalf of opt-in plaintiffs who already have joined the action, Federal Rule of Civil Procedure 23's class action notice protocols do not apply, and the settlement can be reviewed in a single step, as the Court does here. *See Haskett v. Uber Technologies, Inc.*, 780 Fed. Appx. 25, 27-28 (4th Cir. 2019); *Beasley v. Custom Communications, Inc.*, 2017 U.S. Dist. LEXIS 219975, *4 n. 2 (E.D.N.C. Oct. 24, 2017).

2. Collective FLSA settlements should be approved if the Court determines that: (1) FLSA issues are "actually in dispute; (2) the proposed settlement to those issues is fair and reasonable in light of relevant factors from Rule 23; and (3) the proposed attorneys' fees are reasonable, if included in the agreement." *Thaxton v. Bojangles' Restaurants, Inc.*, 2020 U.S. Dist. LEXIS 225834, *5 (W.D.N.C. Mar. 4, 2020) (citing *Duprey*, 30 F. Supp. 3d at 408). Here, all of these requirements are satisfied. The settlement is therefore approved, and the Claims Administrator shall make all payments to the Named Plaintiffs, the incentive award recipients, the opt-in Plaintiffs, and Plaintiffs' Counsel, as described herein.

3. Consistent with the Agreement (at Exhibit A) and the accompanying brief, the specified individuals are, for settlement purposes only, deemed to have filed valid opt-in forms before the applicable deadline and not to have been dismissed.

4. The Court approves the settlement and orders that it be implemented according to the Settlement Agreement's terms and conditions as directed herein.

5. The Court finds that the total settlement amount, as well as the proposed allocations and distributions listed in the Settlement Agreement, are fair and reasonable.

6. The Court approves incentive awards as follows (as said Named Plaintiffs and opt-in Plaintiffs are identified in Exhibit A to the Settlement Agreement):

- $46,000 to be distributed equally ($2,000 each) to the 23 Named Plaintiffs.

- 66,550 to be distributed equally ($875 each) to the 76 opt-in Plaintiffs (other than Named Plaintiffs) who were deposed and participated in written discovery and have not been dismissed from the Action.

- $29,850 to be distributed equally ($150.00 each) to the 199 opt-in Plaintiffs who participated in written discovery but did not sit for a deposition and have not been dismissed from the Action.

7. The Court approves settlement administration costs in the amount of $25,850 to Rust Consulting.

8. The Court approves attorneys' fees to Plaintiffs' Counsel in the amount of $4,359,253.88.

9. The Court approves reimbursement of the reasonable and necessary litigation expenses incurred by Plaintiffs' Counsel in the amount of $992,754.30.

10. There has been no determination by any Court as to the merits of the claims and defenses asserted by the Parties other than as reflected in the Court's earlier orders in this action. Indeed, all Parties continue to assert their belief in the merits of their respective positions.

11. The relevant officials have been afforded 90 days' notice under 28 U.S.C § 1715 prior to the entry of this order.

12. Without affecting the finality of this Final Order and Judgment, this Court retains exclusive jurisdiction over the consummation, performance, administration, effectuation, and enforcement of this Final Order and Judgment as may be necessary or appropriate for the construction and implementation of the terms of the Settlement Agreement.

13. With respect to the individual claims of the Named Plaintiffs and opt-in Plaintiffs, this action is hereby dismissed in its entirety with prejudice, and without attorneys' fees or costs to any party except as provided in this Final Order and Judgment and in the Settlement Agreement.

14. With respect to the putative state law class claims asserted by the Named Plaintiffs on behalf of the putative class members for the states they represent, those claims are dismissed without prejudice.

15. This Final Order and Judgment is "final" within the meaning of the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure.

16. The parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Final Order and Judgment.

17. The Clerk is directed to notify the Judicial Panel on Multidistrict Litigation of the resolution of Multidistrict Litigation (MDL) No. 2947.

SO ORDERED AND ADJUDGED.

Kenneth D. Bell
United States District Judge

Signed: September 14, 2022